

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 30, 2008

**By Facsimile**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: **United States v. Aafia Siddiqui**
    **08 Cr. 826 (RMB)**

Dear Judge Berman:

       The Government respectfully submits this letter in response to the defendant's request, by letter dated September 16, 2008, for an order compelling production by the Bureau of Prisons ("BOP") of various "logs," "videotapes," and "transcripts" relating to the defendant's detention. The Government opposes the request. In short, the requested materials are not likely discoverable in this criminal case, and to the extent there is any entitlement to them outside of the discovery process, the defense have not complied with established procedure for obtaining the materials from the BOP.

       Specifically, the defense seeks production of:

> any and all logs kept on Ms. Siddiqui, any and all tapes, videotapes
> and/or transcripts pertaining to Ms. Siddiqui including but not
> limited to tapes and transcripts of recorded telephone
> conversations, all videotapes and/or transcripts of any interventions
> and/or confrontations with Ms. Siddiqui, and any other materials
> pertaining to Ms. Siddiqui's mental and physical illnesses.

(Letter to the Court from Elizabeth M. Fink, Esq. dated September 16, 2008, at 3-4.) The defense have told the Court that these materials are needed "for psychiatrists" (9/23/08 Tr. at 30) and told the Government that the materials are necessary to assist in the psychiatric evaluation of the defendant. The requested materials are sought by the defense separate and apart from records of BOP's medical and psychiatric treatment of the defendant, which BOP has provided to the defense on a rolling basis, and which the defense, in turn, have provided to the Court and to the Government.

Honorable Richard M. Berman
September 30, 2008
Page 2

The Government is aware of its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and otherwise, and to the extent that any of the requested materials fall within those obligations, the Government will produce them to the defense in due course. Given the nature of the materials requested, however, it is doubtful that any of them will be discoverable. Indeed, defense counsel has agreed that the requested materials are unlikely to be covered by discovery rules. To the extent the defense seeks these materials to aid in the psychiatric evaluation of the defendant, which the Court has ordered, the Government believes that the psychiatrist(s) assigned to perform that function should determine what materials are relevant to the inquiry. The Government would support any request made by the evaluating psychiatrist(s) for the requested materials, or any other materials they deem relevant to the evaluation of the defendant.

The defense may, of course, seek the requested materials by subpoena under Rule 17 of the Federal Rules of Criminal Procedure. To comply with that rule, a defendant must show, at minimum, relevancy, admissibility, and specificity of the requested records. *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also id.* at 699-700 (noting that the moving party must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'") (footnote omitted). We understand that BOP has responded to an informal request by the defense for the materials in question by insisting on such a court-ordered subpoena and by indicating that BOP would move to quash such a subpoena, other than for recorded telephone calls of the defendant. To our knowledge, the defense has not sought such a subpoena.

Accordingly, the defense's request for BOP materials should be denied.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
David Raskin
Christopher L. LaVigne
Assistant United States Attorney
(212) 637-2635/2325

[Handwritten endorsement: "Defense counsel may reply by 10/6/08."]

SO ORDERED:
Date: 10/1/08
Richard M. Berman, U.S.D.J.

cc: Elizabeth M. [illegible], Esq. (by facsimile)