

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 23, 2009

**By Hand**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>United States v. Aafia Siddiqui</u>
       08 Cr. 826 (RMB)

Dear Judge Berman:

  The Government respectfully writes to request permission to conduct a deposition of Dr. Powers on June 26, 2009, in lieu of her appearing to testify at the July 6 competency hearing in the above-captioned matter. Defense counsel has consented to this request. A proposed Order is enclosed for Your Honor's consideration.

  On or about May 11, 2009, Dr. Powers – the forensic psychiatrist who evaluated the defendant at the Federal Medical Center in Carswell, Texas – submitted an expert report to the Court. The report concluded that the defendant is competent to stand trial. Defense counsel has requested the opportunity to cross-examine Dr. Powers. Last week, the parties learned that, for medical reasons, Dr. Powers will be unavailable to testify from June 29 until July 20, 2009. As the Court suggested at the April 28, 2009 conference, the parties have agreed to take a videotaped deposition (consisting of cross and redirect examination) of Dr. Powers, on June 26, 2009. *Cf.* Fed. R. Crim. Pro. 15 (noting that parties may "by agreement take and use a deposition with the court's consent").

  The parties understand that the Court is unavailable to preside over the deposition on June 26, and have therefore made arrangements to take the deposition at the Metropolitan Detention Center ("MDC"). At the deposition, the Government, defense counsel, Dr. Powers, and a videographer and/or stenographer will be present. MDC staff will transport the defendant to the location at which the deposition will be held.

  In the event the defendant refuses to attend this deposition, defense counsel has agreed to proceed with the deposition in the defendant's absence. In addition, defense counsel has agreed to waive any objections that may be raised under the Confrontation Clause regarding the

taking of the deposition or its subsequent admissibility. Notably, although the defendant does have a statutory right to "confront" witnesses at competency hearings, *see* 18 U.S.C. § 4247(e), it is well settled that "defense counsel may waive a defendant's Sixth Amendment right to confrontation where the decision is one of trial tactics or strategy that might be considered sound," *United States* v. *Plitman*, 194 F.3d 59, 64 (2d Cir. 1999); *cf. United States* v. *Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (upholding allowance of testimony of unavailable witness by closed circuit television from a remote location); *United States* v. *Salim*, 855 F.2d 944, 950 (2d Cir. 1988) (affirming admissibility of videotaped foreign deposition where foreign government did not allow defendant to be present); *United States* v. *Baker*, 45 F.3d 837 (4th Cir. 1995) (holding that postconviction competency hearings may be conducted by videoconferencing).

Given that the Court will not be presiding over the deposition, the parties will meet and confer regarding any objections to any portions of the deposition. The parties will address any such objections to the Court prior to the July 6, 2009 hearing, and will be prepared for oral argument (if necessary) at that time. Subject to rulings on any objections raised during the deposition, the parties request that the videotape and/or transcript of the deposition be admitted as evidence at the competency hearing.

Accordingly, the parties request that the Court sign the enclosed proposed Order.

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney

By: _____
David Raskin
Christopher L. LaVigne
Assistant U.S. Attorneys
(212) 637-2635/2325

cc: Dawn M. Cardi, Esq.