# DAWN M. CARDI
## & ASSOCIATES

Associate
Chad L. Edgar

Of Counsel
Robert B. Anesi

July 3, 2009

**BY ECF & U.S. MAIL**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

                 Re:     <u>United States v. Aafia Siddiqui</u>, 08 Cr. 826 (RMB)

Dear Judge Berman:

       We represent defendant Aafia Siddiqui (hereafter "Dr. Siddiqui") in the above-captioned proceeding. We write to raise two concerns in advance of the competency hearing scheduled for July 6, 2009 at 9:00 a.m. First, we respectfully request that the Court reconsider the limitations that it has placed on the cross and redirect examinations of the witnesses. We respectfully submit that 45 minutes of cross examination and 15 minutes of redirect examination for each witness cannot do justice to the complexities of the factual disputes regarding the competency of Dr. Siddiqui. Second, we respectfully request that the Court review <u>in camera</u> certain documents that the government previously represented as relevant to the competency hearing but now will not disclose because it is outside the obligations of Rule 16 of the Federal Rules of Criminal Procedure, duplicative of information already provided and the government does not have authorization to disclose it.

       With respect to the limitations that the Court has placed on the cross and redirect examinations of the witnesses at the upcoming competency hearing, we understand that district courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination."[1] United States v. Figueroa, 548 F.3d 222, 229 (2d Cir. 2008) (quoting <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986)).

---

[1] While we understand that it is not settled in the Second Circuit that the Confrontation Clause is applicable to competency hearings, other Circuits have so held. See <u>Lewis v. Zon</u>, 573 F. Supp. 2d 804, 819 n.12 (S.D.N.Y. 2008). In any event, 18 U.S.C. § 4247(d) does provide a confrontation clause provision that appears to be as co-extensive as the Confrontation Clause proper in that a defendant is to be "afforded an opportunity ... to confront and cross-examine witnesses who appear at the hearing."

Two Park Avenue, 19th Floor • New York, NY 10016 • 212.481.7770 TELEPHONE • 212.684.3008 FACSIMILE • 917.543.9993 MOBILE • info@cardilaw.com • www.cardilaw.com

Those "reasonable limits" however are to be tethered to the district court's perception that a cross-examination threatens to become harassing, prejudicial, confusing, repetitive or only marginally relevant. See id. We respectfully submit that a district court risks exercising discretion unreasonably by setting what appears to be arbitrary time limits to cross and redirect examinations at the outset without exploring whether the areas that the parties intend to explore trigger any of the concerns mentioned above.

Further, we would note that the three expert reports that will be examined at the competency hearing are dense, complicated and lengthy. The government reports added together comprise over 80 single-spaced pages. In addition, the collateral sources that are cited by each of the reports and appears to be central to the finding of malingering by the government's experts amount to thousands of documents. We respectfully submit that the wealth of information that the experts reviewed and find relevant to their findings, the technical terms that they invoke to explain their reports, and the diametrically opposed opinions that are propounded cannot be explored and subjected to a rigorous cross-examination in the allotted 45 minutes. Thus, we would request that the Court provide each of the parties with more latitude in pursuing their cross and redirect examinations than 45 and 15 minutes respectively can provide.

With respect to the second issue concerning discovery, we seek the Court's in camera review of certain documents that the government is unwilling to disclose to us at this time. By way of background, we would note that the government has encouraged us to obtain security clearance in order that we may review classified information should it be relevant to the proceeding. As of June 23, 2009, we have received provisional clearance to review classified documents. At or around this time, we pressed the government to allow us to review any documents that may be relevant to the competency hearing – including but not limited to any documents that may contain information regarding the whereabouts of Dr. Siddiqui during the so-called missing years between 2003 and 2008. As late as Wednesday, the government stated that it would seek to provide us with classified information to review in advance of the hearing if it could be obtained and it was preparing a letter for us on this issue. We never received a letter from the government. As of yesterday evening, the government stated that it would not be providing any such information to us (which information the government has not described with any particularity other than to state that it concerns our client) for the following reasons: (1) because it viewed the information as beyond the scope of obligations outlined in Rule 16 of the Federal Rules of Criminal Procedure; (2) that the information was duplicative of information contained in documents already disclosed; and (3) the government did not have authorization to disclose the information.

Given the history of this exchange, being led to believe that we would be able to review certain classified information before the competency hearing and learning on the eve of the hearing that such a review was no longer possible, and the fact that it appears to be relevant information for the purposes of the hearing as it is duplicative of documents that the government has already disclosed (in the ordinary course, the government does not provide information that it deems irrelevant), we seek the assistance

of the Court's inherent power to review <u>in camera</u> the classified and/or sensitive information at issue. Should it in fact be relevant information for the purposes of the competency hearing, we respectfully request that we be allowed time to review it and have the opportunity to seek its admission (or that of a mutually agreed upon substitute) as per the Classified Information Procedures Act.

We thank the Court in advance for its consideration of these matters.

Respectfully submitted,

Dawn M. Cardi
*Attorney for Defendant Aafia Siddiqui*
212.481.7770 (tel.)
212.684.3008 (fax)

cc: David Raskin (by fax)
Christopher LaVigne
Assistant United States Attorneys