UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Government,

         -against-

AAFIA SIDDIQUI,

                    Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/09

**ORDER**

08 CR. 826 (RMB)

       Upon the application of Defense counsel, dated July 2, 2009, that "Dr. Siddiqui not be required to attend the hearing currently scheduled for July 6, 2009 at 9:00 a.m. to inquire into her competency to stand trial," the Government's response, dated July 2, 2009 ("[Dr. Siddiqui's] presence will be of assistance to her counsel in defending her and to the Court in assessing her competency") and upon the prior proceedings and the record in this matter, the Court directs the following:

       1- The appearance of Dr. Siddiqui (in person or, as suggested by defense counsel, by teleconference if the Court determines that is feasible) at the hearing on July 6, 2009 at 9:00 a.m. is important to the Court's determination of competence (see, e.g. United States v. Nagy, No. 96 Cr. 601, 1998 WL 341940, at *7 (S.D.N.Y. June 26, 1998) ("In determining the competency of a defendant to stand trial, the court may take into account a number of factors, including medical evidence, medical and psychological opinion, and observation of the defendant at the competency hearing.") and the Court's analysis and resolution of the various and conflicting opinions as to her competence. Compare, e.g., Gregory B. Saathoff, M.D., Forensic Psychiatric Evaluation dated March 15, 2009 ("[I]t is my professional judgment that [Dr.] Siddiqui is competent to stand trial and does not suffer from any mental illness that would preclude her from assisting her attorneys, should she desire to do so" and "she has most likely fabricated reported psychiatric symptoms to give credibility to her claims that she suffers from a mental disorder.") with L. Thomas Kucharski, Ph.D., Forensic Psychological Evaluation dated June 20, 2009 ("It is therefore my opinion that Dr. Siddiqui is currently not competent to stand trial."; "[I]t is my opinion that Dr. Siddiqui currently presents with a mental illness best characterized as a Delusional Disorder of the Paranoid Type."). See also 18 U.S.C. § 4247(d) and Fed. R. Crim. P. 43(a).

       2- Defense counsel and the medical/psychiatric and other officials at the Bureau of Prisons ("BOP") facility where Dr. Siddiqui is being housed are each requested to use their best efforts to advise Dr. Siddiqui (and her family) of the following prior to the hearing:

       a- The Court believes Dr. Siddiqui's attendance will be helpful and requires her appearance at the July 6, 2009 hearing which is intended to elicit evidence about her competence to stand trial in this case. The hearing is not for the purpose of determining her guilt or innocence of the crimes with which she has been charged which relate to allegations that she assaulted United States government officials in Afghanistan on or about July 18, 2008.

       b- Dr. Siddiqui is presumed to be innocent of those charges. That presumption cannot change unless and until such time as a jury determines that she is guilty and no jury trial is scheduled to occur before October 19, 2009. The July 6, 2009 hearing is not a trial on the merits of this case.

       c- The Court would prefer that Dr. Siddiqui voluntarily appear at the hearing in accordance with BOP regulations. The Court has no reason to believe that Dr. Siddiqui will not be cooperative.

       d- Should Dr. Siddiqui refuse to appear, BOP and/or the United States Marshals Service are hereby authorized to use reasonable force necessary to ensure her safe appearance in Court (or at a teleconference should the Court determine teleconferencing is feasible and adequate).

Dated: New York, New York
       July 3, 2009

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**

cc:  Consulate General of Pakistan (by facsimile)
     Warden Cameron Lindsay (by facsimile)