**MEMO ENDORSED**

Charles D. Swift, Attorney at Law
Swift & McDonald P.S.
2003 Western Ave., Suite 330
Seattle, Washington 98121
Phone: (206) 441 3377
Fax: (206) 448 2252
Email: cswift@prolegaldefense.com

AUG 12 2009

August 11, 2009

Honorable Richard M. Berman, District Judge
Daniel Patrick Moynihan
United States Court House,
500 Pearl St.
New York, NY 1007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-12-09

Dear Judge Berman:

I am aware of the Court efforts to strike a balance between the efficient administration of justice and Dr Siddiqui's rights to counsel. In conjunction with my notice of appearance filed in this case, I write to the Court on behalf of Ms. Moreno, Ms. Sharp and myself to propose a course of action that we hope the Court will agree facilitates these goals.

Following this Court's determination that the defendant Dr. Aafia Siddiqui was competent to stand trial, the Government of Pakistan elected to exercise its rights under Section (c) of Article 36 of the Vienna Convention for Consular Relations to retain counsel on Dr. Siddiqui's behalf.[1] This determination was made in consultation with the Dr. Siddiqui's family and with the understanding that Dr. Siddiqui adamantly refused the assistance of and did not want to be represented by her Appointed Counsel Attorney Dawn Cardi. On Monday, August 10th, 2009, Pakistan entered into agreements with attorneys Linda Moreno and Charles Swift to represent Dr. Siddiqui. Pakistan also completed negotiations with Ms. Elaine Sharp.[2] In entering into these agreements the understanding was that Ms. Moreno would act as the lead counsel, and that Mr. Swift and Ms. Sharp would act as associate counsel. In each of the above referenced agreements, counsel made clear that their duty of loyalty lay with Dr. Siddiqui and that they would zealously represent her regardless of Pakistan's interests.

This morning Ms. Sharp spoke with Dr. Siddiqui by telephone. During this phone conversation, Ms. Sharp disclosed that Pakistan had provided funds for a defense team to

---

[1] Section (c) of Article 36 provides that "consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action."

[2] Ms. Elaine Sharp has also negotiated the terms of a fee agreement with the government of Pakistan but as of the writing, has not finalized it. Ms. Sharp expects to finalize it within the next day.

represent Dr. Siddiqui and sought her permission to enter into the case on her behalf. <u>Dr. Siddiqui initially focused on and reaffirmed that she did not want to be represented by appointed counsel.</u>  When questioned regarding her willingness to be represented by counsel retained by Pakistan on her behalf, Dr. Siddiqui, did not expressly oppose the representation, however she did not affirmatively assent to it either.  Unable to secure a decision, Ms. Sharp ended the phone call.  Aware of the Court's schedule in this case and Article 36's language permitting Pakistan to arrange for legal representation absent express opposition, Ms. Moreno and Mr. Swift have filed Notice of Appearance in the case and Motions for Admission pro hac vice without delay .  Ms. Sharp likewise intends to file such notice and motion as soon as practicable.

In seeking admission at this time Attorneys' Moreno Sharp and Swift propose the following course of action:

1) That Ms. Cardi remain on the case and not be released by the Court until and such time as Dr. Siddiqui affirmatively elects representation by undersigned counsel;
2) That Ms. Moreno, Ms. Sharp and Mr. Swift be authorized access to all discovery;
3) That upon transmission of proof of required security clearance to the Court Security officer, that Ms. Moreno and Mr. Swift be permitted to access to classified discovery, if such discovery is or has been provided;[3]; and
4) That in keeping with the Court's motion calendar, all counsel file motions jointly unless counsel's ethical or professional obligations require separate filings.

Under signed Attorneys have consulted with Attorney Cardi and she does not object to this course of action.  Attorney Moreno Sharp and Swift are available for a conference with the Court on August 12, 2009.  Ms. Cardi will be in Washington, D.C. but is available by telephone. A copy of this letter was served on opposing counsel.

Respectfully submitted,

*Charles Swift* (signature)

> ■ Please also determine if
> the Gov't has any comment
> or input as to these issues.
> Any Gov't response to be
> submitted by 8/19/09.
>
> SO ORDERED:
> Date: 8/12/09   *Richard A. Berman* (signature)
> Richard M. Berman, U.S.D.J.

[3] Mr. Swift and Ms. Moreno possess current TS-SCI clearances at the secret level.