

**MEMO ENDORSED**
P.4

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 14, 2009

RECEIVED
AUG 14 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/09

**By Hand**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: <u>United States v. Aafia Siddiqui</u>
> 08 Cr. 826 (RMB)

Dear Judge Berman:

  The Government respectfully responds to this Court's August 12, 2009 Order regarding the August 11, 2009 letter of Charles D. Swift, Esq. (the "Swift Letter"), submitted on behalf of Swift, Linda Moreno, Esq., and Elaine Sharp, Esq. (collectively "Proposed Counsel").

  In the Swift Letter, Mr. Swift requests that both Proposed Counsel and Dawn Cardi, Esq. ("CJA Counsel") jointly represent the defendant, until the defendant elects to be represented by Proposed Counsel. As set forth below, the Government believes that CJA Counsel should remain sole counsel of record, unless and until the defendant affirmatively consents to having another attorney represent her. Accordingly, the Government respectfully proposes that a conference be held, during which the Court would question the defendant regarding how she wants to proceed with respect to her representation.

  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Thus, a defendant who cannot afford counsel remains entitled to representation by competent counsel. *See Gideon* v. *Wainwright*, 372 U.S. 335 (1963); *see also* 18 U.S.C. § 3006A(a) (noting that representation shall be provided for any "financially eligible person" who meets other criteria). In addition, "[i]f at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of representation, . . . as the interests of justice may dictate." 18 U.S.C. § 3006A(c).

  Where a defendant does not require the appointment of counsel, the defendant is entitled "to choose who will represent him." *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *see also id.* at 146 (noting that the Sixth Amendment right to counsel of choice includes that "a particular guarantee of fairness be provided – to wit, that the accused be defended by the

counsel he believes to be the best"). Thus, "the Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered* v. *United States*, 491 U.S. 617, 624-25 (1989).

Few cases have addressed the issue of whether a defendant who initially qualified for representation under the Criminal Justice Act ("CJA") can also be represented by counsel who is retained by a third party. At least one court has found that this is permissible where the defendant had no control over or access to the proceeds that were being used to pay for his defense. *See United States* v. *Zelenka*, 112 F. Supp. 2d 708 (M.D. Tenn. 1999) (holding that defendant could proceed with CJA counsel and counsel retained by third parties where the defendant did not have access to the moneys used to retain counsel).[1]

Other courts, however, have rejected the reasoning of *Zelenka* and have not allowed representation by both appointed and retained counsel. *See, e.g., United States* v. *Bennett*, No. 3:07-CR-81, 2008 WL 356529, at *4 (E.D. Tenn. Jan. 30, 2008) ("[T]his Court finds when Defendant's family retained counsel on his behalf and Defendant has not refused such counsel and has expressed satisfaction with counsel, he is not eligible for appointment of counsel from the CJA panel."); *United States* v. *Mumphrey*, No. 1:08cr00024-11, 2008 WL 2596583, at *1 (W.D. Va. June 25, 2008) (declining to allow retained counsel to work on case with CJA counsel).

As the Court is aware, the defendant has been represented in this matter by CJA appointed counsel since her arraignment on August 5, 2008. According to the Swift Letter, the Government of Pakistan recently entered into agreements with Charles D. Swift, Esq. and Linda Moreno, Esq. to represent the defendant, and also has been negotiating with Elaine Sharp, Esq. (Swift Letter at 1.) As a result, Proposed Counsel suggest that CJA Counsel remain on the case until the defendant affirmatively elects to be represented by Proposed Counsel; that Proposed Counsel be provided access to all discovery; and that all counsel file motions jointly, unless professional obligations require separate filings. (Swift Letter at 2.)

Applying the above principles, the Government does not believe that the defendant should, without further inquiry, be represented both by CJA Counsel and Proposed Counsel. Rather, the Government believes that the best course is to hold a conference to determine whether the defendant wants to be represented by CJA Counsel or Proposed Counsel.

Since the defendant already is represented by CJA Counsel, and since there has been no formal application – by the defendant or by counsel – to terminate that relationship, it

---

[1]     It is unclear from the Swift Letter what level of control – if any – the defendant has over the funds that have been used to pay for her defense.

would be inappropriate simply to relieve CJA Counsel prior to hearing from the defendant herself. *Cf. United States* v. *Dangdee*, 608 F.2d 807, 809 (9th Cir. 1979) (noting that CJA appointment may be terminated only if "the court finds that the person is financially able to obtain counsel"). Similarly, since the defendant has not "chosen" or consented to be represented by Proposed Counsel (Swift Letter at 2), it is premature to allow them to serve as the defendant's counsel of record. The Court has not had the opportunity to deduce from the defendant whether she wants Proposed Counsel to represent her. As a result, the Government does not believe that discovery should be provided to Proposed Counsel (for which a Protective Order is in place), or that they should be permitted to file motions on the defendant's behalf until the defendant's wishes are clarified.[2]

Accordingly, before any attorney is added to (or removed from) the case, the Court should question the defendant concerning how she wants to proceed. This will determine whether the defendant no longer wants to be represented by CJA Counsel and whether the defendant consents to representation by Proposed Counsel.

At such a conference, the Court also will have the opportunity to inform the defendant of her right to conflict-free representation. *See United States* v. *Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002) (noting that this includes "the right to representation by conflict-free counsel"). The Government does not have reason to believe that Proposed Counsel have conflicts with other cases. Out of an abundance of caution, however, the Government believes that the Court at least should inform the defendant that Proposed Counsel have been retained by the Government of Pakistan (a third party), which could give rise to a potential conflict of interest. *See United States* v. *Perez*, 325 F.3d 115, 119 (2d Cir. 2003) ("An attorney has a potential conflict of interest if the interests of the defendant may place the attorney under inconsistent duties at some time in the future.") (internal quotations omitted).

---

[2]     The Government notes that Charles D. Swift, Esq. has already been provided access to discovery by CJA Counsel. The Government has conferred with CJA Counsel who has confirmed that Mr. Swift is aware of the scope of the Protective Order and that he intends to abide by it. In the event Proposed Counsel are assigned to the case, the Government will submit an additional Protective Order (adding Proposed Counsel) for Your Honor's signature.

Honorable Richard M. Berman
August 14, 2009
Page 4

Conclusion

For all of the foregoing reasons, the Government respectfully requests that the Court schedule a conference to conduct an inquiry of the defendant regarding whether she should be represented by CJA Counsel or Proposed Counsel in the instant matter. Prior to such a conference, and until the defendant opts otherwise, the Government believes that CJA Counsel should remain on the case and that Proposed Counsel should not be added.

Respectfully submitted,

PREET S. BHARARA
United States Attorney

By: _____

Christopher L. LaVigne
Eric B. Bruce
Assistant United States Attorneys
(212) 637-2325/2219

cc:    Dawn Cardi, Esq. (by facsimile)
       Linda Moreno, Esq. (by facsimile)
       Elaine Sharp, Esq. (by facsimile)
       Charles D. Swift, Esq. (by facsimile)

A conference may well be helpful unless prior thereto Ms. Siddiqui elects (as, for example, by a letter or affidavit) to continue with Ms. Cardi or to be represented by Mr. Swift et al. Counsel to meet + confer with respect to a conference date + also to confer

**SO ORDERED:**
Date: 8-17-09

Richard M. Berman, U.S.D.J.

with Christine Murray. For now, Ms. Cardi remains counsel of record.