UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : Protective Order |
| -v.- | : 08 Cr. 826 (RMB) |
| AAFIA SIDDIQUI, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - x

WHEREAS, the defendant ˅in this and every other criminal case has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pre-trial discovery and the Court seeks to ensure the fullest enjoyment of such rights;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS, the volume of discovery materials that the Government has provided to date to the defendant, and that the Government intends to provide to the defendant, is large and contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security;

WHEREAS, the defendant presently is represented in this case by Dawn Cardi, Esq. ("defense counsel of record");

WHEREAS, the Court entered a Protective Order on March 12, 2009 regarding the handling of discovery materials by defense counsel of record;

WHEREAS, on or about August 11, 2009, Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq. ("proposed counsel") moved to join defense counsel of record in representing the defendant;

WHEREAS, the defendant has not <ins>to the Court's knowledge</ins> affirmatively consented to having proposed counsel represent her, and a conference has been scheduled on September 2, 2009, to discuss this issue;

THEREFORE, upon the application of the United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Christopher L. LaVigne and Eric B. Bruce;

IT IS HEREBY ORDERED, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, that discovery materials produced to defense counsel of record shall not be disseminated by defense counsel of record to any individual or entity, other than: (i) the defendant whom defense counsel of record represents <ins>subject to BOP regulations</ins>; (ii) members of the defense team for defense counsel of record (paralegals, investigators, translators, and secretarial staff); (iii) <ins>any</ins> experts retained to assist in the preparation of the defense by defense counsel of record; and (iv) proposed counsel. Before receiving discovery materials, each individual to whom disclosure of discovery materials is made pursuant to the above provision shall be provided a copy of the Protective Order by defense counsel of record and shall be advised by defense counsel of record that he or she must comply

2

with the terms of this Protective Order;

IT IS FURTHER ORDERED that discovery materials received pursuant to this Protective Order by the defendant, defense counsel of record, proposed counsel, or the individuals described in the immediately preceding paragraph ("Recipients") may not be shown to, read to, or summarized for, any person or entity other than the Recipients - with the sole exception that a particular witness or potential witness may be shown (but not given) particular items of discovery produced pursuant to this Protective Order, if defense counsel of record determines that it is necessary to show those particular items of discovery to the particular witness or potential witness for the sole purpose of preparing the defense of this case;

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare her defense to the charges in the Indictment;

IT IS FURTHER ORDERED that none of the discovery materials produced by the Government to the defense shall be disseminated to, shown to, or discussed with, the media;

IT IS FURTHER ORDERED that, subject to any additional protective orders imposed by the Court, nothing in this Protective Order prohibits the media from obtaining copies of discovery materials that become public exhibits at a conference, hearing, trial, or other proceeding, and nothing in this

Protective Order prohibits the parties from discussing same with the media;

IT IS FURTHER ORDERED that nothing in this Protective Order in any way releases counsel for the Government, defense counsel of record, proposed counsel, or any of the Recipients, from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Southern District of New York;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude the Government from seeking a further protective order as to particular discovery materials (including discovery materials that become public exhibits) pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure or Section 3 of the Classified Information Procedures Act, Title 18, United States Code, Appendix III;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude defense counsel of record from entering into an agreement with the Government, or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Protective Order.

IT IS FURTHER ORDERED that in the event the Court does not allow proposed counsel to represent the defendant, proposed counsel will immediately return any and all discovery materials to the Government or to defense counsel of record.

Dated:   New York, New York
         August 25, 2009

SO ORDERED:

*Richard M. Berman*

HONORABLE RICHARD M. BERMAN
United States District Judge

The Court further retains the discretion to reconsider upon (notice to the parties) the terms of this protective order.