UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                           08 Cr. 826 (RMB)

     - against -                                          **MEMORANDUM OF LAW**

AAFIA SIDDIQUI,

                              Defendant.

------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT AAFIA SIDDIQUI
IN SUPPORT OF HER MOTION
TO CONDUCT A DEPOSITION OF ABDUL QADEER**

      This Memorandum Of Law is respectfully submitted on behalf of Aafia Siddiqui ("Dr. Siddiqui") in support of her motion to take the deposition of Abdul Qadeer in Ghazni, Afghanistan pursuant to Rule 15 of the Federal Rules of Criminal Procedure as set forth below.

**I.    UNDER RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, THE DEFENSE SHOULD BE ALLOWED TO DEPOSE ABDUL QADEER TO PRESERVE HIS TESTIMONY, AS IN ALL LIKELIHOOD HE IS UNAVAILABLE FOR TRIAL AND HE HAS EXCULPATORY EVIDENCE MATERIAL TO THE CASE.**

<u>**Statement of Facts**</u>

      In this case, the defense seeks to depose Abdul Qadeer, a Counter Intelligence Officer associated with the Afghanistan government and stationed in Ghazni, Afghanistan. He was an eyewitness to the shooting incident on July 18, 2008. Defense has reviewed a 43 minute interview of Mr. Qadeer by a British journalist following the

incident. Mr. Qadeer's account of what happened differs in significant ways from the accounts we have received from the government in the course of discovery. As opposed to the government's account that Dr. Siddiqui jumped out from behind a curtain in the room where United States military personnel were at ease sitting around a table waiting to interrogate her, grabbed a rifle that was next to one United States military officer and pointed the weapon at another United States military officer, he states that he did not see Dr. Siddiqui come out from behind the curtain nor did he see her seize a weapon. This account that Mr. Qadeer provides is highly exculpatory in nature and directly contradicts the account given by the government in its charging papers and reports included in discovery provided to the defense. As his account would cast overwhelming doubt on the government's allegations as to what occurred at the alleged shooting, his testimony is indisputably material to Dr. Siddiqui's defense.

**Argument**

Under Rule 15 (a)(1) of the Federal Rules of Criminal Procedure, a party may seek the pretrial deposition of a prospective witness in order to preserve testimony for trial. An order seeking the deposition of a witness in a criminal proceeding is within the discretion of the district court and should to be granted only in 'exceptional situations'. The moving party has the burden of demonstrating the following: (1) he or she may be unable or unwilling to appear; (2) he or she is expected to provide testimony that is material; (3) and injustice may result if the motion is denied. United States v. Whiting, 308 F.2d 537, 541 (2nd Cir. N.Y. 1962). Exceptional circumstances generally exist if the testimony is material and the witness is unavailable. United States v. Uzair Paracha, 2006 U.S. Dist. LEXIS 1 (S.D.N.Y. Jan. 3, 2006). An unavailable witness is one who

may be unwilling or prevented from testifying at trial and is not subject to the subpoena power of the court. The power generally invoked to compel the presence of a witness at trial pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure does not extend to foreign nationals outside the United States. See United States v. Zabaneh, 837 F.2d 1249, 1259-60 (5th Cir. 1988).

Depositions are not to be used for discovery but for the preservation of testimony. See United States v. Steele, 685 F.2d 793, 809 (3rd Cir. 1982). Rule 15 contemplates that the parties seek the depositions only of their own witnesses, United States v. Rich, 580 F.2d 929, 934 (9th Cir 1978), although for a defendant, it is enough to show that the testimony is material to his defense. United States v. Bronston, 321 F. Supp. 1269, 1272 (S.D.N.Y. 1971).

It is remotely possible that Mr. Qadeer would be available to come to trial in less than eight weeks in New York City. However, as mentioned in United States v. Zababeh, cited above, Mr. Qadeer is not subject to the subpoena power of this Court. In addition, there is no guarantee that a visa and travel plans could be procured for an Afghani national who resides in a war zone in order to travel to the US on such short notice. There is no indication that Mr. Qadeer has a passport or that he would be eligible to obtain entry into the United States. We have no indication at this time that he would be willing at all to even come to the United States even if the necessary papers could be procured. For all intents and purposes, he is unavailable due to his inability to be subject to the Court's subpoena power and defense counsel's lack of knowledge as to both his willingness to come to the United States and his eligibility to travel here even if he were

willing to do so.[1] In addition, Mr. Qadeer seems to be paralyzed in at least one, if not both of his legs, making his ability to stand and move about extremely onerous.

The Government's position is that, despite these facts, unavailability must be conclusively established prior to a deposition. In so arguing, the government puts the cart before the horse. The purpose of a deposition is to preserve the testimony of a witness, should they be unavailable at trial. While the defense would have to show at trial that the witness is unavailable in order to enter the deposition, they need not show unavailability conclusively to obtain the deposition. Indeed, were the defense to do everything in its powers to get the witness to attend trial, only to find, for one of the many reasons listed above, that the witness was actually unavailable and then seek a continuance shortly before trial to take his deposition, the Government would almost certainly oppose it on the grounds that it was not timely. What the defense seeks is to take a deposition of a witness who in all likelihood is going to be unavailable for trial, and preserve his testimony, rather than seeking a continuance at a later date, and necessitating a second trip to Afghanistan. Travel to Ghazni, Afghanistan presents no significant obstacles to the Government or the defense. Attorneys for the government have previously traveled to Ghazni, Afghanistan in preparation for trial and have offered to assist defense counsel should they wish to travel there. What defense counsel proposes is simply joint travel to Ghazni, Afghanistan to allow defense counsel equal access to the crime scene and to depose an exculpatory witness coincidently with the trip.

---

[1] On information and belief, defense counsel understands that the only sure method of contacting Abdul Qadeer is to travel to Ghazni, Afghanistan, and to meet with him in person.

4

## CONCLUSION

For the reasons stated above, defense counsel on behalf of Dr. Siddiqui seek the deposition of Abdul Qadeer in Ghazni, Afghanistan pursuant to Rule 15 of the Federal Rules of Criminal Procedure at a time mutually convenient to the parties.

Dated: New York, New York
September 14, 2009

By: _____/s/_____
Dawn M. Cardi
Chad L. Edgar
DAWN M. CARDI & ASSOCIATES
Two Park Avenue, 19th Floor
New York, New York 10016
212.481.7770 (tel.)
212.684.3008 (fax)
*Attorneys for Aafia Siddiqui*


_____/s/_____
Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
813.247.4500 (tel.)
813.386.6211 (fax)
*Attorney for Aafia Siddiqui*


_____/s/_____
Charles D. Swift
2003 – Western Ave., Suite 330
Seattle, Washington 98121
206.441-3377 (tel.)
212.448-2252 (fax)
*Attorney for Aafia Siddiqui*


_____/s/_____
Elaine Whitfield Sharp
196 Atlantic Avenue
Marblehead, MA 01945
781.639.1862 (tel.)
781.639.1771 (fax)
*Attorney for Aafia Siddiqui*