USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/09

October 5, 2009



**By Hand**

The Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

**MEMO ENDORSED**

p. 6

Re: *United States vs. Aafia Siddiqui*
08 Cr. 826 (RMB)

Dear Judge Berman:

We represent defendant Aafia Siddiqui (hereafter Dr. Siddiqui) in the above-captioned proceeding. We write at the request of the Court to provide guidance as to whether Dr. Siddiqui may waive her right to be present at pre-trial conferences and the eventual trial. Further, the Court requested guidance as to whether Dr. Siddiqui may participate in pre-trial conferences and the trial through video-conference technology. As the discussion below will make clear, it is our position that Dr. Siddiqui is not required to attend pretrial conferences where procedural, administrative or questions of law are at issue. With respect to pre-trial hearings or trial where testimony is taken from witnesses, Dr. Siddiqui may waive her right to be present. As for attending conferences and trials by videoconferencing, we do not address this issue in great detail because we have found little guidance from case law and initial discussions with staff attorneys at the Metropolitan Detention Center have focused on the fact that in order for her to make use of the technology, Dr. Siddiqui would be subject to the same strip searches she undergoes when she is transported to court.

A. Dr. Siddiqui's Presence at Conferences Where Procedural, Administrative or Questions of Law Are At Issue.

It is well settled law that defendants are not required to attend pretrial conferences in criminal proceedings where either procedural or administrative issues or questions of law are discussed by counsel. The necessity of a criminal defendant's presence at such conferences is governed by both the Due Process Clause and Rule 43 of the Federal Rules of Criminal Procedure. See United States v. Jones, 381 F.3d 114, 121 (2d Cir. 2004). With respect to the Due Process Clause, a defendant is required at a conference only where "a fair and just hearing would be thwarted by his absence, and to that extent only." Id. (quoting Snyder v. Massachusetts, 291 U.S. 97, 108) (1934)). According to Rule 43, a defendant is required only at the initial appearance, initial arraignment, every stage of the trial, sentencing but not at a proceeding "involv[ing] only a conference or hearing on a question of law." Rule 43(a) & (b)(3) of the Federal Rules of Criminal Procedure. The Second Circuit has invoked a fact/law dichotomy to identify those

proceedings at which a defendant's presence is required: if a hearing involves taking testimony, then the defendant has a right or is required to be present; if a hearing involves only questions of law, then the defendant has no right and is not required to be present. See Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000). Put more simply, according to Clark, Dr. Siddiqui's presence would not required for those conferences where counsel engaged solely in oral argument related to motions. Her presence would be required, however, at evidentiary hearings, unless she provided a knowing and voluntary waiver. See United States v. Dalli, 424 F.2d 45, 48 (2d Cir. 1970) ("Although a defendant has a right to be present at a suppression hearing where testimony is to be taken ... this right is not absolute and may be relinquished by acts or statements of the defendant which constitute a voluntary waiver") (citing a string of cases).

In light of the plain language of Rule 43 and the case law outlined above, we believe Dr. Siddiqui's presence is not required at the next court conference or further conferences, provided they are limited to issues of procedure and questions of law.[1]

B. Dr. Siddiqui's Presence at Trial.

Rule 43 generally requires that a defendant be present at "every trial stage, including jury impanelment the return of the verdict; and sentencing." Rule 43(a)(2)and (3). Paragraph (c) of Rule 43, however, permits a defendant "who was initially present at trial" to be "voluntarily absent after the trial has begun." Rule 43(c). The Supreme Court, Crosby v. United States, 506 U.S. 255 (1993), found that 43(c)'s language precluded a trial in absentia where the defendant fled prior to the start of trial. See id. at 261-62 (holding that "the defendant's initial presence serves to assure that any waiver is indeed knowing.").

Crosby, however, does not necessarily mandate that if defendant Dr. Siddiqui desires to waive her right to be present at trial that she must do so in the presence of the jury during or after venire. The circumstances present in Dr. Siddiqui's case are closely analogous to Cuoco v. United States, 208 F.3d 27 (2d Cir. 2000). In Cuoco, prior to the jury venire the defendant informed the trial court that he did not desire to be present. After warning the defendant of the prospective negative consequences of his absence from trial, the court granted his request, and thereafter the trial proceeded in his absence. The Court of Appeals found that in such circumstances, a violation Rule 43 was unlikely.[2] The Cuoco Court offered two rationales for its finding. First, it found that the

---

[1] Even though we believe that Dr. Siddiqui's attendance is not required at pretrial conferences where only procedural, administrative and questions of law are addressed, we would request that the Court continue its practice of urging Dr. Siddiqui to attend all court appearances on the record and we will provide transcripts of all conferences to her.

[2] Cuoco v. United States was before the Court of Appeals on a habeas claim of ineffective assistance of appellate counsel for failure to raise a claim of error in proceeding in absentia where the defendant had voluntarily absented himself prior to trial in light of the Supreme Court's ruling in Crosby. Accordingly, the Second Circuit

Supreme Court expressly "backtracked" from the holding that waiver of presence of trial could not be made prior to the start of trial in circumstances other than those identified in Rule 43(b). See Cuoco, 208 F.3d at 31. Noting that the trial court had expressly warned the defendant of the consequences of his decision, the court found that the facts were distinguishable and the policy of ensuring a knowing and thus voluntary waiver was satisfied. See Cuoco, 208 F.3d at 30-31. The Court also noted that "existing precedent left this court free to determine that trial had begun for the purpose of Rule 43..." (t)hus, finding that trial already had begun when Cuoco decided to leave the courtroom. This finding allowed the court to find a knowing an voluntary waiver, a policy that underwrites Rule 43. Cuoco, 208 F.3d at 31. Most importantly, though, is the underlying premise of Cuoco that an "in custody" defendant like an "out of custody" defendant can refuse to attend her trial on the merits and thereby pursuant to Rule 43(c) voluntarily waive her presence at trial.

With Cuoco as a backdrop, we respectfully submit that Dr. Siddiqui may waive her right to be present at trial if she is warned of the consequences of her decision either by the Court or by counsel. As an initial matter, prior to trial or should one become necessary, at an evidentiary hearing, we propose to have counsel reiterate what it has already begun in recent visits with Dr. Siddiqui – a careful and exhaustive explanation of the consequences of the decision not to appear at trial.[3] Alternatively, of course, the Court may choose to warn Dr. Siddiqui of the consequences of her choice not to appear at trial, though we note our client's repeatedly stated abhorrence of the strip search that attends each of her appearances.

After obtaining Dr. Siddiqui's knowing and voluntary waiver of her right to be present at trial, this Court must still decide whether it is in the public interest for the trial to proceed. See Polizzi v. United States, 926 F.2d 1311, 1319 (2d Cir. 1991) ("If the court properly found the right waived, the inquiry turns to an analysis of whether the court abused its discretion in concluding that there was on balance a controlling public interest to continue the trial in [defendant's] absence").[4]

---

examined the likelihood that the Rule 43 argument on appeal would have resulted in a reversal. See Cuoco, 208 F.3d at 30.

[3] The Second Circuit has held that while a waiver of the right to be present at trial is best preserved by being memorialized on the record by statements made by the defendant, such is not a constitutional requirement. See Polizzi v. United States, 926 F.2d 1311, 1322 (2d Cir. 1991). In Polizzi, waiver was sufficient where it was tendered by the defendant's attorney off the record. See id. at 1319.

[4] We note that the Court has expressed interest in determining whether Dr. Siddiqui could participate in the proceedings by video link. We certainly believe that in the event that we are unable to persuade Dr. Siddiqui to attend the proceedings that video participation would serve both the public's interest in proceeding with trial and Dr. Siddiqui's interest in minimizing her mental harm attendant to the strip searches that are a requirement every time she comes to court. The Metropolitan Detention Center does have video capabilities, however, to use these capabilities it is necessary to move Dr. Siddiqui to a

Dr. Siddiqui has repeatedly stated her unwillingness to attend trial because of the strip searches and because the strip-search policy associated with court appearances cannot be altered to accommodate her, the Court is faced with a trial that will be endlessly deferred. Such an endlessly deferred trial would be unfair to both Dr. Siddiqui, who would be indefinitely detained in prison without having been found guilty by a jury, and the government in that the passage of time may render evidence stale and cause witnesses either to become unavailable or suffer from lapses in memory. From the perspective of either the defendant or the government, there is a public interest in proceeding to trial forthwith.

We hope the above discussion addresses the Court's concerns about Dr. Siddiqui's participation at future pretrial conferences and trial.

Respectfully submitted,

_____
Dawn M. Cardi
Chad L. Edgar
DAWN M. CARDI & ASSOCIATES
Two Park Avenue, 19th Floor
New York, New York 10016
212.481.7770 (tel.)
212.684.3008 (fax)
*Attorneys for Aafia Siddiqui*

_____/s/_____
Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
813.247.4500 (tel.)
813.386.6211 (fax)

---

different area within that facility, which necessitates the same strip search procedure as when Dr. Siddiqui is brought to court. The defense is currently exploring whether it can install at the defendant's expense videoconferencing capabilities in the area of the Metropolitan Detention Center where Dr. Siddiqui is held, thereby, permitting her to observe the proceedings without being subject to a strip search.

*Attorney for Aafia Siddiqui*


_____/s/_____
Charles Swift, Esq.
SWIFT & MCDONALD, P.S.
2003 Western Avenue, #330
Seattle, WA 98121
206.441.3377 (tel.)
206.448.2252 (fax)
*Attorney for Aafia Siddiqui*



_____/s/_____
Elaine Whitfield Sharp, Esq.
196 Atlantic Avenue
Marblehead, MA 01945
781.639.1862 (tel.)
781.639.1771 (fax)
*Attorney for Aafia Siddiqui*


cc: Christopher LaVigne (by hand)
     Assistant United States Attorney

> The Court would like the Gov't + defense
> vigorously to explore with BoP the video
> conferencing option (described in the last
> footnote of the last sentence to this b[rie]fs). A
> consensual resolution would be preferable;
> otherwise we will need to resolve whether
> failure to offer a non-strip search video

SO ORDERED:
Date: 10/6/09       Richard M. Berman
                    Richard M. Berman, U.S.D.J.

> option (including where the defense has
> agreed to cover the cost) may violate one's
> right to participate at trial + to confront
> one's accusers, etc.