

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2009

**By Hand**

The Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

        Re:    **United States v. Aafia Siddiqui**
                  **08 Cr. 826 (RMB)**

Dear Judge Berman:

      The Government respectfully submits this letter in response to the Court's October 20, 2009 Order (the "Order"), which directed the Government and the defense attorneys (the "Defense Team") to submit proposed allocutions of the defendant to resolve issues surrounding her representation.

      The Government has attached (as Exhibit A) a proposed allocution regarding the defendant's choice of counsel, and writes to explain the legal basis for the proposed allocution. As set forth in this proposed allocution, the Court should first confirm whether the defendant wishes to proceed with those members of the Defense Team -- Linda Moreno, Esq. and Elaine Sharp, Esq. -- as to which the defendant has not objected. If the defendant does not wish to proceed with these lawyers, the Court should determine whether the defendant has retained new counsel. If the defendant does not wish to proceed with Ms. Moreno and Ms. Sharp, and has not retained new counsel, then the Court should inquire into the defendant's dissatisfaction with the Defense Team to determine whether new counsel should be appointed. Finally, in the event the defendant clearly and unequivocally expresses (at the conference) a desire to represent herself, the Government has attached (as Exhibit B) a proposed allocution relating to this request.[1]

---

[1] Given that the purpose of the conference will be to resolve issues regarding the defendant's representation, the defendant's presence is indispensable, and the Government believes that the defendant should be required to appear in Court.

The Honorable Richard M. Berman
October 27, 2009
Page 2

## Proposed Inquiry

In an October 4, 2009 letter (attached to the Order), the defendant writes that she "ha[s] relieved Ms. Dawn Cardi and Mr. Charles Swift from representing me." The defendant further notes that "they should not be doing anything related to me" and that if they have gone overseas, "then all such actions are null and void." Based on this letter, and based on similar sentiments expressed by the defendant during past court appearances, the Court should elicit from the defendant how she wants to proceed regarding her representation.

As an initial matter, it appears from the defendant's most recent letter that she has chosen by implication to have two members of the Defense Team represent her – Linda Moreno, Esq. and Elaine Sharp, Esq. If this is the case, then the Government believes that the other members of the Defense Team should no longer remain counsel of record, and the defendant should proceed with Ms. Moreno and Ms. Sharp as her lawyers.

If the defendant has retained new counsel, or has otherwise arranged for new legal representation, then such counsel should be permitted to represent the defendant, absent extenuating circumstances. *See, e.g., United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (holding that where a defendant does not require the appointment of counsel, the defendant is entitled "to choose who will represent him"); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989).

If the Court's inquiry reveals that the defendant has not retained new counsel (and does not want any member of the Defense Team to represent her) then the Court should explore the defendant's dissatisfaction with the Defense Team. This will enable the Court to determine whether new counsel should be appointed to represent the defendant. In *McKee v. Harris*, for example, the Second Circuit stated:

> [W]hen, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter. If the reasons are made known to the court, the court may rule without more. If no reasons are stated, the court then has a duty to inquire into the basis for the client's objection to counsel and should withhold a ruling until the reasons are made known.

649 F.2d 927, 934 (2d Cir. 1981) (internal quotations omitted); *see also id.* at 933 ("[W]here a defendant voices a 'seemingly substantial complaint about counsel,' the court should inquire into the reasons for dissatisfaction.") (internal quotation omitted).

In determining whether new counsel should be appointed, appellate courts consider the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense; and the extent to which the defendant's conduct contributed to the communication breakdown. *See United States*

The Honorable Richard M. Berman
October 27, 2009
Page 3

v. *John Doe No. 1*, 272 F.3d 116, 123 (2d Cir. 2001). Courts pay particular attention to the degree of communication between the defendant and counsel, and whether the defendant was the source of any lack of communication. *See, e.g., United States* v. *Carreto*, No. 06-2295-cr, ___ F.3d ___, 2009 WL 3200754, at * 5 (2d Cir. Oct. 10, 2008) (holding that there was adequate inquiry where court asked about the frequency and length of meetings between counsel and defendant and determined there was not a total lack of communication); *John Doe No. 1*, 272 F.3d at 123-25 (affirming refusal to appoint new counsel where the defendant and counsel were able to communicate and that the defendant was the source of conflict); *United States* v. *Simeonov*, 252 F.3d 238, 241-42 (2d Cir. 2001).[2]

### Conclusion

For the foregoing reasons, the Government believes that the Court should pose the questions enclosed as Exhibit A – or variations thereof – to the defendant at the upcoming conference. Obtaining answers to these questions will shed light on how the defendant wants to proceed. In addition, this will (if necessary) satisfy the Court's inquiry obligation regarding the defendant's complaints about the Defense Team and assist the Court in determining whether new counsel needs to be appointed.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Christopher L. LaVigne
Eric B. Bruce
Assistant United States Attorneys
(212) 637-2325/2219

cc: The Defense Team (by facsimile)

---

[2] To date, the defendant has never indicated that she wishes to proceed *pro se* and has not invoked her right to self-representation. *See Williams* v. *Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994) ("The right to self-representation does not attach until it is asserted 'clearly and unequivocally.'") Should the defendant clearly and unequivocally assert her right to self-representation during the conference, the Government believes that the defendant should be advised of her rights under *Faretta* v. *United States*, 422 U.S. 806, 819 (1975). The Government's suggested allocution on this issue is attached as Exhibit B. *See, e.g., United States* v. *Fore*, 169 F.3d 104 (2d Cir. 1999) (outlining areas of inquiry); *United States* v. *Schmidt*, 105 F.3d 82, 88 (2d Cir. 1997) (same). The Government will address at the conference any other issues relating to self-representation that may arise.