*United States* v. *Aafia Siddiqui*
08 Cr. 826 (RMB)
Proposed *Faretta* Allocution (if necessary)[1]

<u>General Advice to the Defendant</u>

You have the right to counsel; that is, you have a right to have a lawyer represent you in these proceedings and at your trial. You may waive your right to counsel and represent yourself, but only if you meet certain requirements. If you want to represent yourself, your request must be (1) clear and unequivocal, and not for purposes of delay or manipulation; (2) knowing, intelligent, and voluntary; and (3) timely.[2]

First, if you want to represent yourself, you must say so clearly and unequivocally.[3] If you do not make it clear that you want to represent yourself, then you will be represented by a lawyer. There is, in other words, a presumption that you will be represented by a lawyer; the only way to overcome that presumption is if you express your contrary desire clearly.

Second, your request for self-representation must be knowing, intelligent, and voluntary. In other words, before you decide what you want to do, you must understand the consequences of your decision. I want you to know what is at stake here. Although you need not be a lawyer, or have the skill and experience of a lawyer, in order to decide to represent yourself, you must be aware of the dangers and disadvantages of proceeding without one.

I will now try to explain to you the difficulties and dangers of self-representation. If I say something that you do not understand, please let me know, and I will try to explain it again. It is important that you understand the choice you are going to be making.

You are facing very serious charges of attempted murder, assault, and related crimes. I will explain the details of this charge and the penalties it carries in a moment; for now it is enough to know that the charges carry a maximum penalty of life imprisonment.

As you will see, the trial proceedings in this case will be procedurally complex. Defending against these charges will require legal work, and require familiarity with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Defending against these charges may require, for example, filing legal motions; examining potential jurors to ensure that they will be fair and impartial in deciding your case; making objections during the course of the

---

[1]     As explained in the Government's letter, the Government has provided this proposed allocution in the event the defendant clearly and unequivocally expresses (at the conference) her intent to proceed *pro se*.

[2]     *Faretta* v. *California*, 422 U.S. 806 (1975); *Williams* v. *Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994).

[3]     *Williams* v. *Bartlett*, 44 F.3d at 99.

trial, such as an objection to hearsay or other inadmissible types of evidence; cross-examining witnesses called by the government to test their perception or memory of events, their motives or possible bias, and the truthfulness of their testimony; calling witnesses for the defense and eliciting from them evidence that is favorable to your case; moving tangible objects such as documents into evidence, which can be a technical process under the rules of evidence that govern in this Court; writing legally precise jury instructions that correctly state the law as it applies to the facts of your case, and that allow the jury to consider possible legal defenses to the charges that the government is bringing against you; and making an opening statement and closing argument to the jury that summarizes the evidence and argues, under the applicable law, for an acquittal.

All these things are usually better done by a lawyer – especially a lawyer specializing in criminal defense – than a lay person, because the lawyer is specially trained to do them and has special knowledge of, and experience with, the substantive and procedural rules of law and of this Court. Obviously, there will be serious consequences if your defense is mishandled here.

It is almost always a good idea for a defendant in a criminal case to have a lawyer. Nevertheless, you have a right to continue with your lawyer or to proceed *pro se*, so long as you make it in a competent, knowing, intelligent, and voluntary fashion, with a proper understanding of what is at stake. I am only trying to ensure that you make an informed decision.

Third, and finally, timeliness:[4] If you make your choice today, it will be timely, because it likely will not require us to reschedule the trial. But I warn you, for the future, that you do not have a right to manipulate this Court. You should think hard before making a decision today, because it will have ongoing significance for you. If you choose today to have a lawyer, and then later ask to represent yourself, and if I conclude that you are acting in bad faith and trying to delay the trial, I may deny your request. This is an important moment in the case, and we are holding this hearing because you have an important decision to make.

If you decide to represent yourself, I may appoint what is called "standby" counsel to assist you. You will still largely control the presentation of your case, but you will have a lawyer to explain to you the details of courtroom protocol and the rules of evidence and procedure. If appointed, the standby lawyer will be there to help you prior to trial, to investigate the facts and the law, identify possible defenses, and suggest appropriate motions to file. During the trial, he will be there to provide help in introducing evidence, and objecting to testimony, and will be available to take over if I find that for some reason you have lost your right to self-representation. Standby counsel is there to assist, but will not be permitted to interfere with your control of the case, with a few exceptions.

You do not have a right to reject the standby lawyer, and as I say, I may appoint one for

---

[4]        *Williams* v. *Bartlett*, 44 F.3d at 99.

2

you if you decide to proceed *pro se*.[5] So, if you represent yourself, you may have standby counsel.

Even with standby counsel, however, you will still largely control the presentation of your case to the jury. For example, you will have a right to control the organization and content of your own defense, to make motions, to argue points of law, to participate in voir dire, to question most witnesses, and to address the Court and the jury at appropriate points in the trial. Standby counsel may not interfere with your control of the case or your appearance of control before the jury. He may express disagreement with your decisions, but must do so outside the jury's presence. You ultimately retain final authority over the case. Of course, you will have to do all of these things within the limits set by the rules of courtroom procedure, evidence, and decorum.[6]

This is not to say, however, that standby counsel is prohibited from acting at all in front of the jury. He may assist you in overcoming routine procedural or evidentiary obstacles, such as introducing evidence or objecting to testimony, and may help to ensure your compliance with basic rules of courtroom protocol and procedure.[7]

If you do not waive your right to counsel and you are represented by a lawyer, then the lawyer will conduct your defense: you will not be permitted to examine witnesses, offer evidence, address me or the jury directly, participate in conferences here at the bench, or perform any of the attorney's "core functions" in the courtroom. You will, of course, be permitted to remain in the courtroom during your trial – provided as always that you maintain proper decorum. But if you are represented by a lawyer, you will not function as an advocate in your trial. Your only public speaking role would arise if you decided to testify, in which case you would answer the specific questions posed by your lawyer and by the attorneys for the Government.

To sum up, then, you have a right to be represented by a lawyer, and you have a right to represent yourself. If you are represented by a lawyer, then it is the lawyer, and not you, who will conduct the defense. Conversely, if you represent yourself, you will be able to perform the lawyer's core functions; but you will not necessarily be allowed to direct special appearances by counsel when it is convenient for you. Standby counsel may be available to help you overcome routine procedural or evidentiary obstacles, and matters of courtroom protocol, again without undermining your actual control over the presentation of your defense.

You do not, however, have a right to "hybrid" representation, where you and a lawyer act

---

[5]    *See McKaskle* v. *Wiggins*, 465 U.S. 168, 182-88 (1984).

[6]    *Id.* at 183-84

[7]    *McKaskle*, 465 U.S. at 183.

as co-counsel in the conduct of your defense.[8]  If you elect to place standby counsel before the jury in an active role, or if you do not object when that happens, you could lose your right to represent yourself.  At a minimum, if you do that, any further participation by the lawyer will be presumed to be with your permission, and you will not be able to complain about it later.[9]

If you represent yourself, I am not going to treat you any differently than any other defendant,[10] and the court of appeals is not going to treat your case any differently.[11]  In other words, if you make the decision to represent yourself and you make mistakes during the trial, you are not going to be able to come back and complain about those mistakes to the court of appeals, if you are convicted.  You will have accepted responsibility for your mistakes, and they will not be a basis for you to appeal your conviction.

There are some other things you should know.  If you do choose to represent yourself, you must understand that it does not give you license to abuse the dignity of the courtroom, or a license to violate the relevant rules of procedural and substantive law.  You must always abide by courtroom protocol and maintain proper decorum, and you may not improperly disrupt the proceedings.  You must, for example, follow the rules of evidence. You must obey my rulings even if you disagree with them, knowing that you have preserved your objection for review by the appellate court.  If you deliberately engage in serious and obstructionist misconduct, I will terminate your self-representation.  If I am forced to do so, then standby counsel will take over the defense for you.[12]

If you have any questions, I will be happy to answer them at this time.  In a moment, I will ask you questions so that I can learn a little more about your background, education, job experience, and familiarity with the American legal system, in order to determine whether your decision today is made knowingly, intelligently, and voluntarily.  I will also inquire about any recent or regular use of alcohol, narcotics, or prescription medications to assure myself that your judgment today is not clouded.  I will then hear your decision and make my own determination and findings about whether you have knowingly, intelligently, voluntarily, and unequivocally waived your right to counsel.

---

[8]    *Id.*

[9]    *Id.*

[10]    *McKaskle*, 465 U.S. at 183-84.

[11]    *See Faretta*, 422 U.S. at 834 n.46.

[12]    *Id.*

4

Questions to the Defendant

1.    Are you aware that you have a Sixth Amendment right to counsel?

2.    Are you aware that you also have a Sixth Amendment right to represent yourself?

3.    While you have the right to represent yourself, the Court must decide for itself whether your waiver of your right to counsel is knowing, intelligent, and voluntary.  Do you understand this?

4.    Did you study law in the United States or any other country?

5.    What is your educational level?

6.    Have you ever represented yourself in any legal proceeding?  If yes, elicit details.

7.    Do you understand the nature and purpose of this proceeding?

8.    Are you feeling well enough to proceed with this proceeding?  Have you recently taken any medications or drugs or alcohol?

9.    I am now going to advise you specifically about the charges against you and the possible penalties for those charges.  The charges against you are contained in the Indictment and relate to an incident that occurred in Ghazni, Afghanistan on July 18, 2008.  Specifically, the charges against you (and the maximum penalties you face) are as follows:

> Count One charges you with attempted murder of United States nationals, in violation of Title 18, United States Code, Section 2332.  Count One carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine of the greatest of $250,000 or, pursuant to Title 18, United States Code, Section 3571, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself as a result of the offense; and a mandatory special assessment of $100.

> Count Two charges you with attempted murder of United States officers and employees, in violation of Title 18, United States Code, Section 1114.  Count Two carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine of the greatest of $250,000 or, pursuant to Title 18, United States Code, Section 3571, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself as a result of the offense; and a mandatory special assessment of $100.

5

Count Three charges you with armed assault of United States officers and employees, in violation of Title 18, United States Code, Section 111. Count Three carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine of the greatest of $250,000 or, pursuant to Title 18, United States Code, Section 3571, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself as a result of the offense; and a mandatory special assessment of $100.

Count Four charges you with using a firearm during the commission of a crime of violence, in violation of Title 18, United States Code, Section 924(c). Count Four carries a maximum term of imprisonment of life imprisonment and potentially a mandatory minimum term of imprisonment of thirty years; a maximum term of supervised release of five years; a maximum fine of the greatest of $250,000 or, pursuant to Title 18, United States Code, Section 3571, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself as a result of the offense; and a mandatory special assessment of $100.

Counts Five through Seven charge you with assault of United States officers and employees, in violation of Title 18, United States Code, Section 111. Each count carries a maximum term of imprisonment of eight years; a maximum term of supervised release of three years; a maximum fine of the greatest of $250,000 or, pursuant to Title 18, United States Code, Section 3571, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself as a result of the offense; and a mandatory special assessment of $100.

10.   Advise defendant of effect of violation of supervised release.

11.    Do you understand all of the charges against you, and the maximum and mandatory minimum penalties for those charges?

12..   Do you understand that your sentence will be, in part, governed by the United States Sentencing Guidelines? Have you discussed the Sentencing Guidelines with an attorney? Advise defendant that, under the current state of the law, the Sentencing Guidelines are advisory and not binding on the Court.

13.   Advise defendant that if she represents herself, she stands by herself. The Court cannot advise the defendant how to try his case.

14.   Do you understand that the government has an obligation to prove your guilt beyond a reasonable doubt?

15. Do you understand that you have no obligation to put on any evidence or defense at all? That is not to say that presentation of a defense supported by evidence is not recommended, but simply that you are not required to make such a presentation to be found not guilty of the charges against you. Do you understand this?

16. Do you understand that the jury will be instructed that your silence cannot be used against you?

17. Do you understand, however, that self-representation may conflict with your Fifth Amendment right to remain silent, because you will have to speak before the jury in the course of representing yourself?

18. Do you understand that these rights may be undermined if you represent yourself because, regardless of how the Court charges the jury, the jury will be exposed to you as a *pro se* defendant, and therefore may draw impressions of you as you conduct yourself in the role of the attorney? Do you understand that?

19. Are you familiar with the Federal Rules of Evidence?

20. Are you familiar with the Federal Rules of Criminal Procedure?

21. Advise defendant that an attorney could better deal with issues relating to discovery, motions, and the conduct of any trial.

22. Advise defendant that an attorney could better deal with plea discussions with the Government.

23. Advise defendant that even if she has stand-by counsel, stand-by counsel cannot address jury, cannot make objections, and cannot question witnesses. Defendant must do these things herself.

24. Advise counsel that an experienced attorney is almost always more qualified to conduct her legal defense than she is.

25. I advised you earlier that if you represented yourself at trial and made mistakes during trial, you would not be able to use those mistakes as a basis for an appeal of your conviction. Do you now waive any claims of ineffective assistance of counsel?

26. In light of the penalties you may suffer if found guilty, in light of all the difficulties of representing yourself, do you still want to represent yourself and give up your right to be represented by counsel?

27. Are you making this waiver voluntarily? Have there been any threats to get you to waive

7

this right?  Any inducement or other promises to get you to waive this right?

28.    I wish to warn you that representing yourself at trial is unwise and that, in the Court's view, you will be far better represented by an experienced criminal defense attorney.  Do you understand that?  Do you still wish to represent yourself?

29.    Do you want additional time to consider this issue?

The Government respectfully requests that, after eliciting the defendant's responses to the questions above, the Court make findings as to the defendant's competence to proceed *pro se*; whether she understands the nature of the proceeding; and whether she understands that she has the right to an attorney at trial.  Based on the defendant's answers during the colloquy, the current record, and the Court's observations, the Court is further respectfully requested to make express findings as to whether the defendant has waived her right to an attorney competently, knowingly, intelligently, voluntarily, and unequivocally.