USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

AAFIA SIDDIQUI,

Defendant(s).
------------------------------------------------------------X

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

08 CR 826 (RMB)

Following the hearing held on November 3, 2009, including an ex parte (sealed) proceeding with Aafia Siddiqui ("Defendant" or "Dr. Siddiqui") and her defense team which was agreed to by both sides,[1] and based upon the written and oral submissions of counsel and the record herein, the Court finds as follows:

1- Defendant has consistently maintained her innocence in this case and is, of course, presumed to be innocent. See Transcript of proceedings held on September 2, 2009 at 4:24-25; at 5:1-1 ("Dr. Siddiqui is deemed to be innocent of all the charges at this time and this presumption of innocence does not change unless and until there is a determination by a jury after trial.")

2- Defendant is represented by an able team of lawyers, including Criminal Justice Act ("CJA") counsel Dawn Cardi (and Ms. Cardi's associate, Chad Edgar), and Charles Swift, Linda Moreno and Elaine Sharp who have been retained by the Government of Pakistan pursuant to Article 36 of the Vienna Convention.

---

[1] The Government and the Defense agreed that a sealed proceeding was necessary due to the nature of the issues which included attorney client privileged conversations.

3- At a conference held on September 2, 2009, it was determined that Ms. Cardi would be lead defense counsel and attorneys Swift, Moreno and Sharp would play a supporting role. See Transcript of proceedings held on September 2, 2009 at 6:1-13 (Court: "My inclination was that you would all be the team and Ms. Cardi - - or it doesn't have to be but she could be, would be the lead counsel in a sense to coordinate with the Court and that would be a coordinated role and you would all work out what your individual and specific roles are with respect to trial, openings, closings, motions etc. So, I just might turn to you, Ms. Cardi, and ask if you have spoken with your colleagues and whether you see that as a viable way to proceed as well and whether they do as well." Ms. Cardi: "Your Honor, it is a viable way to proceed. And I think it is probably, will provide Dr. Siddiqui with her strongest defense.")

4- During a conference held on September 23, 2009 at the request of the Government, the Court determined that there was no potential conflict of interest attending the legal services provided by attorneys Swift, Moreno and Sharp to the Defendant. In making this determination, the Court relied upon the representations of defense counsel as well as an in camera review of the written retainer agreements between these three attorneys and the Government of Pakistan.[2]

---

[2]By letter dated August 20, 2009, attorneys Linda Moreno, Elaine Sharp and Charles Swift advised the Court as follows: "We have been retained to represent Dr. Siddiqui by the Government of Pakistan under the auspices of the Islamic Republic of Pakistan, through its Embassy in Washington, D.C. Our representation, both contractually and professionally, commits us to Ms. Siddiqui's defense until the completion of the case in the district court. The agreement is exclusively for the benefit of Dr. Siddiqui and presents no ethical conflicts to our representation. There are no contingencies and no conditions that would terminate such representation. Finally, although the family of Dr. Siddiqui participated in our selection and our agreement to represent Dr. Siddiqui is exclusively for her benefit, neither the family of Dr. Siddiqui nor Dr. Siddiqui herself exercise any control over the funds paid under the agreement." Defense letter dated August 20, 2009 at 1.

On September 11, 2009, counsel stated: "We can assure the Court that our duty of loyalty to Dr. Siddiqui is intact and we will advocate on her behalf until the end of the proceedings

See, e.g., Letters dated August 11, 2009 from Charles Swift (on behalf of himself, Ms. Moreno and Ms. Sharp) and August 20, 2009 from Ms. Moreno (on behalf of herself, Ms. Sharp and Mr. Swift); see also Transcript of proceedings held on September 23, 2009. See also United States v. Levy, 25 F.3d 146, 153-54 (2d Cir. 1994) and United States v. Kliti, 156 F.3d 150, 153 (2d Cir. 1998) and United States v. Zelenka, 112 F. Supp. 2d 708 (M.D. Tenn. 1999).

5- Dawn Cardi is Defendant's second appointed CJA counsel. Ms. Cardi replaced Ms. Elizabeth Fink, who was originally assigned to Defendant by Magistrate Judge Ronald L. Ellis on or about August 5, 2008, after Ms. Fink advised the Court on or about February 23, 2009 that she was not able to continue her representation of Defendant.

6- By Order dated July 29, 2009, the Court found the Defendant competent to stand trial following an extensive hearing held on July 6, 2009, pursuant to the standard set forth in United States v. Dusky, 362 U.S. 402 (1960). See Transcript of Competency Hearing held on July 6, 2009 ("July 6, 2009 Hr'g Tr.") and Order dated July 29, 2009 at 36 ("[T]he Court concludes that the Defendant is competent to stand trial pursuant to 18 U.S.C. § 4241."). The issue of Defendant's competency had been raised earlier by Dr. Siddiqui's defense counsel and by Government counsel. At the July 6, 2009 hearing, two psychiatrists called by the Government opined that Dr. Siddiqui was competent and that she was "malingering." (July 6, 2009 Hr'g Tr. at 95:10, 154:25.) A psychologist called by the defense testified that Dr. Siddiqui suffered from "a delusional disorder" and was not competent. (July 6, 2009 Hr'g Tr. at 26:6-8 and Order dated

---

against her." Defense letter dated September 11, 2009, 2009 at 12.

July 29, 2009 at 12.)[3]

7- The July 29, 2009 Order also stated: "In making its assessment of the Defendant's competency, this Court has relied upon the forensic evaluations conducted, the testimony and demeanor of witnesses at the competency Hearing, the depositions, the medical records of the Defendant as well as the exhibits in evidence, and the Court's observations of Dr. Siddiqui in the courtroom." (Order dated July 29, 2009 at 33.) The Court also noted that "Witnesses for the Government and Defense agree that the presence of some mental illness is not the standard for determining competence to stand trial." (Order dated July 29, 2009 at 17 fn8.) The Court also determined that "this is most certainly a situation where the Defendant's political beliefs and perspectives blur the line between mental health issues and political advocacy." (Order dated July 29, 2009 at 25.) See also United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986).

8- This is a relatively complex case for the following reasons, among others: (i) some, if not all, members of the defense team have been required to obtain special security clearance pursuant to the Classified Information Procedures Act, 18 U.S.C. app. 3 § 1 et seq. ("CIPA"); (ii) mental health issues referred to above may be implicated; (iii) considerable discovery has been turned over to and reviewed by the defense; and (iv) as noted by the defense, trial preparation is far along and involves reviewing the alleged crime scene, interviewing foreign witnesses, securing testimony via pretrial depositions, and hiring several experts. See Letter dated August 17, 2009 from Dawn Cardi at 5.

9- Trial of the case is scheduled for January 19, 2010. The trial date was adjourned from

---

[3]See July 6, 2009 Hr'g Tr. at 22:16-18 (Question: "Dr. Kucharski, you have concluded that the [D]efendant is not competent to stand trial, is that correct?" Answer: "Yes.") Other defense witnesses also testified that Dr. Siddiqui was not competent.

October 19, 2009 and, thereafter, from November 2, 2009. The Court expects to rule on pretrial motions shortly. Thus, we are on the "eve of trial."

10- The Court is working with counsel and with the U.S. Bureau of Prisons to minimize consistent with safety requirements the use of strip searches of the Defendant – which Dr. Siddiqui resists arguing they are offensive to her faith.[4] The use of video conferencing technology is an option being considered.

11- On September 2, 2009 and October 4, 2009, Dr. Siddiqui wrote to the Court complaining about one or more of her attorneys. She stated: "I would like to relieve Ms. Dawn Cardi and all my other 'counsel' from representing me" (Letter dated September 2, 2009 from Aafia Siddiqui.); and she also stated: "I have relieved Ms. Dawn Cardi and Mr. Charles Swift from representing me. They should not be doing anything related to me. If they have sent anyone overseas or have gone themselves, then all such actions are null and void and should be immediately cancelled. This is for your information. Several others are similarly informed." (Letter dated October 4, 2009 from Aafia Siddiqui.)[5]

12- On October 20, 2009, the Court in a memo endorsement responded to Dr. Siddiqui's October 4, 2009 letter as follows: "We will take up the issue of representation/counsel raised in the attached letter at the next court conference on Nov 3, 2009 at 2:00 pm. In advance of that

---

[4]Dr. Siddiqui has consistently refused voluntarily to participate in body searches requested by the Bureau of Prisons.

[5]At the outset of this case, the Court advised Defendant that she was free to retain counsel. See Order dated October 15, 2008 ("Defendant . . may hire other counsel of her choice."); see also United States v. Schmidt, 105 F.3d 82, 89 (2d Cir. 1997) (internal citation omitted) ("On the eve of trial, just as during trial, a defendant can only substitute new counsel when unusual circumstances are found to exist, such as a complete breakdown of communication or an irreconcilable conflict.").

conference, the Court will need 1- Dr Siddiqui's proposal for who will represent her (if not current counsel) on the trial schedule currently in place (Jan 19, 2010 trial); and 2- suggested allocutions(s) from both sides to resolve the counsel issue. Both items 1- and 2- are to be submitted (served and filed) by Oct 27 at noon."

13- With respect to the issue of Dr. Siddiqui's legal representation, the Court has also received and reviewed, among other things, letters dated August 11, 2009, August 17, 2009, August 20, 2009, September 11, 2009 and October 27, 2009 from defense counsel and dated August 14, 2009, September 1, 2009, September 9, 2009, September 11, 2009 and October 27, 2009 from the Government. Both sides submitted helpful proposed allocutions of the Defendant to resolve issues surrounding her legal representation.

14- At the outset of the November 3, 2009 hearing, defense counsel made it clear that Dr. Siddiqui had not developed an alternate counsel plan. "In order not to impart attorney-client communications, we would simply note that Dr. Siddiqui neither has a proposal as to who will represent her at trial nor does she intend to replace the members of her current defense team." (Letter dated October 27, 2009 from Dawn Cardi, Chad Edgar, Linda Moreno, Charles Swift and Elaine Sharp.) See also Transcript of proceedings held on September 2, 2009 at 22 (Dr. Siddiqui: "I'm not hiring anybody for this case . . .").

Neither Defendant nor the Court totally foreclosed this issue on November 3, 2009. Dr. Siddiqui stated: "[I]f you give me some time, I could maybe find some other attorneys", to which the Court replied: "I will always entertain any application that you make. But the flip side of that is also true, that there is no plan/option B alternative for other lawyers today. And that was an area of inquiry I think we were discussing that was of concern to me and I think is very

pertinent." Transcript of proceedings held on November 3, 2009 at 90:1-8.

15- Dr. Siddiqui has made it clear that she does not seek to represent herself. Consequently, any issues raised under Faretta v. California, 422 U.S. 806 (1975) are not before the Court.

16- Defense counsel believe that Defendant's disagreements with her defense team members have related to two principal issues. First, they contend she is suffering from diminished mental capacity, and second, they feel her request(s) to have conversations with the Government are not in her best interests.[6] See Letter dated October 27, 2009 from Dawn Cardi, Chad Edgar, Linda Moreno, Charles Swift and Elaine Sharp ("We continue to believe that Dr. Siddiqui's dissatisfaction with present counsel arises from delusional and, in the context of a criminal proceeding, self-destructive beliefs, which no attorney committed to the zealous advocacy of her interests and subject to governing ethical rules could endorse.") Defense counsel refer to Indiana v. Edwards, 128 S.Ct. 2379 (2008).

17- Based upon the record herein, including the parties submissions, and the ex parte proceedings on November 3, 2009, the Court does not believe that the defense is inhibiting or foreclosing any of Dr. Siddiqui's legal options.[7] Nevertheless, defense counsel are requested

---

[6]The Court explored these issues with the defense in the ex parte proceedings on November 3, 2009.

[7]See Transcript of proceedings held on September 23, 2009 at 17:25, 18:1-6 (Ms. Cardi: "I can make the representation that in working with counsel, they absolutely will pursue all options on behalf of Dr. Siddiqui and have assured me that they would not interfere in any way with any of those, presenting and going forward on any of those options, if they are appropriate, or in good conscience were in Dr. Siddiqui's best interests.)"; and at 18:19-22 (Ms. Moreno: "I would also add to that, your Honor, that there is no question that I would ever pursue any strategy or defense or any action for Dr. Siddiqui that would be against her self-interest."). See also In re: Agent Orange Product Liability Litigation, 800 F.2d 14, 17 (2d Cir. 1986); see also Bell v. Haley,

forthwith to meet and confer with Dr. Siddiqui and, thereafter, to ensure and/or confirm that all legal options available to the Defendant have been pursued with the Government. Defense and Government counsel are directed to advise the Court of the outcome by November 17, 2009.

18- Despite Dr. Siddiqui's oral and written "complaints" about counsel, there has been no significant breakdown in communications between Dr. Siddiqui and her counsel. In fact, members of the defense team have met and conferred with Dr. Siddiqui on an increasingly frequent basis. These visits have, in part, been facilitated by the fact that as of September 11, 2009, Dr. Siddiqui is no longer required to undergo a strip search when she has "non contact" attorney visits. See United States v. Simeonov, 252 F.3d 238, 241-242 (2d Cir. 2001).

19- If anything, Dr. Siddiqui has exhibited an occasional inclination not to cooperate with her counsel, while counsel appear to have gone to greater lengths to cooperate with her. See United States v. John Doe #1, 272 F.3d 116, 123 (2d Cir. 2001); see also United States v. Simeonov, 252 F.3d 238, 242 (2d Cir. 2001) ("Under these circumstances, the district court did not abuse its discretion in its decision that the conflict between [Defendant] and his attorney was not so great that it had resulted in total lack of communication preventing an adequate defense.") (internal citation and quotations omitted).[8]

20- Based upon the foregoing, the Court finds that any change in defense counsel is not required or appropriate at this time. See also United States v. John Doe #1, 272 F.3d 116, 125

---

2001 WL 1772140 (M.D.Ala. Dec. 5, 2001).

[8] While Defendant has made several complaints about counsel, the September 2, 2009 and October 4, 2009 letters heightened consideration of the issue. In responding to the letters, the Court has reviewed written submissions from counsel and has inquired directly of the Defendant and defense counsel about the communications and relationship between the Defendant and her attorneys. See Simeonov, 252 F.3d at 241.

(2d Cir. 2001).

21- Brief oral argument (15-20 minutes per side) on the pending motions is scheduled for November 19, 2009 at 2:30 p.m. in Courtroom 21B.

Dated: New York, New York
November 10, 2009

_____
RICHARD M. BERMAN, U.S.D.J.