

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/09
```

**ELAINE WHITFIELD SHARP**
**WHITFIELD SHARP & SHARP**
Attorneys and Counselors at Law
196 Atlantic Avenue
Marblehead, MA 01945

RECEIVED
NOV 18 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Elaine Whitfield Sharp, Esq.
elainesharp@sharplaw.biz

**MEMO ENDORSED**

Tel: 781-639-1862
Fax: 781-639.1771

November 18, 2009

*Via Facsimile:* 212.805.6717

The Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

> As the Court & counsel will be discussing pending motions to dismiss (and no alternatives or technologies are in place, ETC), Dr. Siddiqui's appearance is needed.
>
> SO ORDERED:
> Date: 11/18/09   Richard M. Berman

Re: *United States vs. Aafia Siddiqui*  Richard M. Berman, U.S.D.J.
    08 Cr. 826 (RMB)

Dear Judge Berman:

With Attorneys Dawn Cardi, Chad Edgar, Linda Moreno and Charles Swift, I write about the question of whether Aafia Siddiqui (Dr. Siddiqui) in the above-captioned proceeding must attend the hearing on November 19, 2009. While the hearing on November 19 is one that we believe falls under F.R.Crim.P. 43(b)(3), I write this to the Court out of an abundance of caution.[1]

With my co-counsel, I crafted a written waiver for Dr. Siddiqui that we believe addresses all of the Constitutional concerns, i.e., that Dr. Siddiqui's waiver to not physically be present in the court room at further pretrial hearings or trial proceedings must be knowing, intelligent and voluntary. Having done so, on Monday, November 17, 2009, I visited Dr. Siddiqui at MDC-Brooklyn. I presented her with a written waiver of her

---

[1] F.R.Crim.P 43(b)(3) states: "When [Defendant's presence] not required. A defendant need not be present under any of the following circumstances: (3) *Conference or Hearing on a Legal Question*: The proceeding involves only a conference or hearing on a question of law."

Request that Dr. Siddiqui be Excused from      1
Attending November 19, 2009 Hearing

Constitutional right to attend trial and explained the ramifications of waiving the right. In a careful and deliberate manner, I read the waiver to her twice in a one and a half hour period.

After my visit, I placed the written waiver into the mailbox at MDC-Brooklyn, having explained to Dr. Siddiqui that upon receipt of this by MDC staff, she should sign it and return it to me. While I do not expect to receive the signed waiver before the oral argument on Thursday, November 19, 2009, it is safe to presume, based upon Dr. Siddiqui's consistent and persistent statements that she does not want physically, in-person to attend pretrial and trial proceedings in the court this case. Portions of the November 3, 2009 hearing transcript in this case help to substantiate this point and, I submit, for any immediate concerns regarding the November 19, 2009 hearing, provide sufficient basis for not requiring Dr. Siddiqui to attend:

**Hearing Transcript:, 11-03-09, p 83:**

| | |
|---|---|
| MR. LaVIGNE: | And on the -- your Honor, in our October 9th letter, we addressed this issue of video conferencing and we spent a fair amount of time laying out what the standards are. And I understand the Court is still going to - |
| THE COURT: | Do you want to go into that more at this time? That is something, if you want to do we can. |
| MR. LaVIGNE: | I don't -- unfortunately; I don't have the letter here in front of me, Judge. I think at a minimum Ms. Siddiqui needs to be appraised or advised of her rights, under the confrontation clause, to sit in person and actually face a witness. And if Ms. Siddiqui is going to be observing these proceedings from a cell, even by videoconference, that's a right she's giving up. Ms. Siddiqui -- |
| THE DEFENDANT: | <u>I'm giving it up.</u> |
| MR. LaVIGNE: | <u>Ms. Siddiqui has a right to be present at all stages of the criminal proceeding,</u> at all stages of trial -- |
| THE DEFEDANT: | <u>I'm speaking it loud enough.</u> |
| THE COURT: | She knows that, and I -- |
| THE DEFENDANT: | <u>I'm giving up</u> -- any other rights you want me to give up I'm giving up those too. |
| THE COURT: | That's fine. |
| THE DEFENDANT: | But let's see still if the thing works or not. (Emphasis added.) |

* * * * *

**Hearing Transcript, 11-03-09, p 84:**

THE COURT: Did you have any other I have no – I have no objection to you raising...

MR. LaVIGNE: Your Honor, I think what probably makes the most sense is, we can also address this in the letter we submit after we get a chance to look at this transcript and see if any other findings are necessary, But I think the main thing is Ms. Siddiqui is aware of waiving her confrontation rights and under Rule 43, her right to appear. We can address –

THE COURT: There is no doubt in my mind that I've said, and Ms. Siddiqui understands, that she has the absolute right to · be present in court at every proceeding that we have; and indeed, one step further, I said I thought it would be preferable for her to be here.

MR. LaVIGNE: Okay.

THE COURT: And even in face of that, she has said, at least for now that she does not want to. But I haven't accepted that as the final position on it because we don't have as of yet the technology in place, et cetera, et cetera, and there are some open issues. I also made, it very clear, and I think she knows, that she has the absolute right at every proceeding to look me in the eye, to look you in the eye, to look, the jurors in the eye, to confront all the witnesses against her. And she said that she would prefer not to come to court again because of the strip-searching.

* * * * *

**Hearing Transcript, 11-03-09, p 85:**

THE COURT: I also told her that she had the right to be here every proceeding and to pass notes to her counsel, to confer with her counsel on the spot as to how the proceeding is going. I think she understands that too.

And at the risk of being contradicted, I'll ask Dr. Siddiqui right now: Did you understand all that?

THE DEFENDANT: <u>Yes, and I'm giving them up</u>. But the strip search is not the only reason; it's one of the reasons.

THE COURT: Right, I get that.

THE DEFENDANT: I'm giving whatever other rights you have. Let me know, and I'll give them up too.

Request that Dr. Siddiqui be Excused from            3
Attending November 19, 2009 Hearing

| | |
|---|---|
| THE COURT: | I got that. |
| THE DEFENDANT: | Anything else you want to ask me, as me now. I want to speak with you, sir. |
| THE COURT: | Me or him? |
| THE DEFENDANT: | I spoke with you, sir, and you, said you'd look into the motions. |
| THE COURT: | I will, okay. |
| MR. LaVIGNE: | Judge, I'm going to be as brief as possible -- |
| THE COURT: | And, in addition, I think the counsel may talk to Dr. Siddiqui about presenting that in some form of 23 affidavit or whatever. |
| THE DEFENDANT: | They already did. Ms. Cardi had asked me and I told he her I'm willing to do that - (Emphasis added.) |

\* \* \* \* \*

During the November 3, 2009 hearing, as the Court will recall, I suggested that a written waiver, if the Court agrees, would negate the need for Dr. Siddiqui physically to attend in-person another hearing in order to waive her right to be present at future proceedings.

As the Court has seen on at least the last two occasions, Dr. Siddiqui continues to exhibit great emotional distress and anger at the fact that she is strip searched to come to Court. This level of distress, in my opinion, is a bad omen for the future relations between Dr. Siddiqui and me, and for relations between her and any other member of the defense team. If you are in agreement that the above statements by Dr. Siddiqui constitute a valid waiver of Dr. Siddiqui's right to attend the November 19, 2009 hearing and that it does squarely fit within the purview of F. R. Crim. P. 43 (b) (3), then I respectfully ask that the Court not enforce the force order to bring Dr. Siddiqui to court on Thursday.

Finally, with regards to the written waiver I have presented to Dr. Siddiqui, I would propose to notify the Court promptly when I receive this, if I do so, and in two weeks if I do not receive this.

Thank you.

Respectfully Submitted,

_____

Request that Dr. Siddiqui be Excused from          4
Attending November 19, 2009 Hearing

Elaine Whitfield Sharp, Esq.
WHITFIELD SHARP & SHARP
Attorneys and Counselors at Law
196 Atlantic Avenue
Marblehead, MA 01945
Tel: 781.639.1862
Fax: 781.639.1771
Mobile: 617.680.9553
*Attorney for Aafia Siddiqui*

/s/ Dawn Cardi
_____
Dawn M. Cardi, Esq.
Chad L. Edgar, Esq.
Dawn M. Cardi & Associates
Two Park Avenue, 19th Floor
New York, NY 10016
Tel: 212.481.7770
Fax: 212.684.3008
Mobile: 917.575.9159(Ms. Cardi)
*Attorneys for Aafia Siddiqui*

/s/ Linda Moreno
_____
Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
Tel: 813.247.4500
Fax: 813.386.6211
*Attorney for Aafia Siddiqui*

/s/ Charles Swift
_____
Charles Swift. Esq.
SWIFT & MCDONALD, P.S.
2003 Western Avenue, #330
Seattle, WA 98121
206.441.3377 (tel.)
206.448.2252 (fax)
*Attorney for Aafia Siddiqui*

cc.     Aafia Siddiqui, PhD
           *Via* mail (MDC-Brooklyn)

        AUSA Christopher Lavigne
        AUSA Eric Bruce
            *Via Facsimile*: 212.637.0128

Request that Dr. Siddiqui be Excused from           6
Attending November 19, 2009 Hearing