RECEIVED
DEC 10 2009
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**To Be Filed Under Seal**

**By Hand**

December 9, 2009

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09

Re: United States v. Aafia Siddiqui, 08 Cr.

Dear Judge Berman:

> Counsel's application that the Court reconsider its (routine) decision to docket materials relied upon in its competency ruling is respectfully denied. See Cartier v. Aaron Faber (396 F.Supp.2d 536)(SDNY 2005). Going forward, it would be helpful if counsel actually reviewed the material in question
>
> SO ORDERED:
> Date: 12/10/09   Richard M. Berman
> Richard M. Berman, U.S.D.J.
>
> Below draw up strained (+hyperbolic) conclusions about its impact.

We write on behalf of Aafia Siddiqui ("Dr. Siddiqui") with respect to an order of the Court dated December 8, 2009 that appeared on PACER today. The summary of the order notes that the "attached" documents would be filed on the public docket as they were referenced in the Court's order dated July 29, 2009 ("Competency Order") regarding Dr. Siddiqui's competency. We note that neither the Court's order dated December 8, 2009 ("December 8th Order") nor the "attached" documents were accessible via PACER. Thus, we are left guessing as to which documents referenced in the Competency Order the Court intends to file on the public docket. Whatever those documents may be, if any are those identified in the letter that we submitted on behalf of Dr. Siddiqui on December 1, 2009, we urge the Court to reconsider.

The Court is undoubtedly aware of the renewed attention that the press is beginning to pay to the criminal proceeding against Dr. Siddiqui in light of the Department of Justice's decision to commence criminal proceedings against certain Guantanamo detainees in the United States District Court for the Southern District of New York. Yesterday and today, two major media outlets linked one of the Guantanamo detainees with our client. We greatly fear that this link between our client and the Guantanamo detainees will be repeated frequently by media outlets as we approach trial. By dint of repetition, a potential jury pool will associate our client with persons who are accused of terrorism. By a one-step process of association a jury pool will be viewing our client in light of an unindicted charge of terrorism rather than the more straightforward case of attempted murder and assault that it has always been. Placing the documents that were introduced at the competency hearing onto the public docket will only exacerbate the media attention that is already focusing on our client and will certainly engulf her, especially so should the Court publicly docket the FBI reports (the so-called 302s) that contain inculpatory statements and references to certain Guantanamo detainees that the government obtained improperly while our client was recovering from a gunshot wound and strapped down to her hospital bed by soft restraints. The government has conceded the point by repeatedly representing to the Court that it will not introduce these statements at trial in its case-in-chief.

Honorable Richard M. Berman
December 9, 2009
p. 2

      We urge the Court to reconsider its decision to place the documents introduced for the limited purposes of the competency hearing on the public docket at this time – on the eve of trial and at a moment when Dr. Siddiqui's case is the focus of renewed media attention. We view the public's access to these documents as the death knell for any chance of a fair trial in this or any other United States District Court in the New York City area. Alternatively, should the Court view as necessary the public docketing of any documents introduced at the competency hearing and upon which the competency decision was based, then we urge the Court to file such documents on the public docket **after** the completion of the trial. In so doing, the public would be able to see that justice was done in this case without jeopardizing Dr. Siddiqui's absolute and Constitutionally protected right to a fair trial.

Respectfully submitted,

_____
Dawn M. Cardi
Chad L. Edgar
DAWN M. CARDI & ASSOCIATES
Two Park Avenue, 19th Floor
New York, New York 10016
212.481.7770 (tel.)
212.684.3008 (fax)
*Attorneys for Aafia Siddiqui*

_____/s/_____
Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
813.247.4500 (tel.)
813.386.6211 (fax)
*Attorney for Aafia Siddiqui*

Honorable Richard M. Berman
December 9, 2009
p. 3

          /s/
         Charles Swift, Esq.
         SWIFT & MCDONALD, P.S.
         2003 Western Avenue, #330
         Seattle, WA 98121
         206.441.3377 (tel.)
         206.448.2252 (fax)
         *Attorney for Aafia Siddiqui*

          /s/
         Elaine Whitfield Sharp, Esq.
         196 Atlantic Avenue
         Marblehead, MA 01945
         781.639.1862 (tel.)
         781.639.1771 (fax)
         *Attorney for Aafia Siddiqui*

cc:  Christopher LaVigne (by hand)
    Assistant United States Attorney