UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

                                      08 Cr. 826 (RMB)

      - against -

AAFIA SIDDIQUI,

                    Defendant.

----------------------------------------------------------X

## DEFENDANT AAFIA SIDDIQUI'S 404(b) MOTION *IN LIMINE*

DAWN M. CARDI & ASSOCIATES
  Dawn M. Cardi, Esq.
  Chad L. Edgar, Esq.
Two Park Avenue, 19th Floor
New York, New York 10025
Tel.: 212.481.7770
Fax: 212.684.3008
*Attorneys for Aafia Siddiqui*

Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
Tel. (813) 247-4500
Fax (813) 386-6211
*Attorney for Aafia Siddiqui*

SWIFT & MCDONALD, P.S.
  Charles Swift
2003 Western Avenue, #330
Seattle, WA 98121
Tel. (206) 441-3377
Fax (206) 448-2252
*Attorney for Aafia Siddiqui*

Elaine Whitfield Sharp, Esq.
196 Atlantic Avenue
Marblehead, MA 01945
Tel. (781) 639-1862
Fax (781) 639-1771
*Attorney for Aafia Siddiqui*

# TABLE OF CONTENTS

Table of Contents ................................................................i

Introduction ....................................................................3

Relevant Legal Standards ........................................................4

      A. The Applicable Legal Standards Relevant
        To Rules 401, 402, and 403, Fed. R. Evid. ..........................................4

      B. The Legal Standards Relevant to Rule 404(b), Fed.R.Evid. ......................5

Argument ........................................................................8

POINT I

      THE EVIDENCE THE GOVERNMENT CLAIMS IS
      DIRECTLY RELEVANT TO THE CHARGES TO
      PROVE INTENT IS NOT ADMISSIBLE FOR ANY PURPOSE .................8

      A. The Government's Claim of Admissibility of the Proffered Evidence to
        Prove Intent Is Conclusory and Fails to Specify a Basis for Its Claim ..........8

      B. The Proffered Evidence Is Not Relevant to Prove
        Intent and Is Wholly Irrelevant to the Charges ......................................8

      C. The Proffered Evidence Is More Prejudicial than Probative
        Pursuant to Fed.R.Evid. 403, and Therefore Must Be Excluded .................9

POINT II

      THE PROFFERED "BACKGROUND" EVIDENCE
      IS NOT ADMISSIBLE FOR ANY PURPOSE ......................................10

      A. The Government Has Failed to Specify a Basis for
        Admissibility of the Proffered "Background" Evidence ..........................10

      B. The Government's Proposed "Background" Evidence Is Not Relevant ........11

      C. The Proposed "Background" Evidence Is More Prejudicial Than
        Probative Pursuant to Fed.R.Evid. 403, and Therefore Must Be Excluded ....13

POINT III

THE PROFFERED RULE 404(B) EVIDENCE
IS NOT ADMISSIBLE FOR ANY PURPOSE ......................................14

A. The Government Has Failed to Specify a Basis for
Admissibility of Proffered Rule 404(b) Evidence ...............................14

B. The Proposed Rule 404(b) Evidence Is Not Relevant ............................16

C. The Proposed Rule 404(b) Evidence Is More Prejudicial Than
Probative Pursuant to Fed.R.Evid. 403, and Therefore Must Be Excluded ....17

POINT IV

THE PRISON PHONE CALLS ARE
NOT ADMISSIBLE FOR ANY PURPOSE ..........................................18

A. The Government Has Not Specified The Portions of Dr. Siddqui's
Phone Calls it Seeks to Admit Nor the Grounds for Admissibility .............18

B. Any Expression of Anti-U.S. Sentiment Contained in Dr. Siddqui's Phone
Calls Is Inadmissible as Irrelevant to the Charges and Unduly Prejudicial .....19

C. Dr. Siddqui's Phone Calls Are Also Not Admissible
As "Background" Evidence .......................................................20

Conclusion ................................................................................20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,      :

     - V-                  :          08 Cr. 826 (RMB)

AAFIA SIDDIQUI,          :

          Defendant.

-------------------------------------------------------X

## DEFENDANT AAFIA SIDDIQUI'S 404(b) MOTION *IN LIMINE*

Defendant Aafia Siddiqui, through her undersigned counsel, respectfully moves the Court

*in limine* for an Order excluding the following proffered evidence set forth in the government's

November 30, 2009, letter to defense counsel, from introduction at trial, pursuant to Rules 401,

402, 403, 404(b), Fed. R. Evid., and the First Amendment to the Constitution:

1.      Evidence in the government's case-in-chief concerning "certain of the materials

recovered from the defendant by the Afghan National Police ("ANP") on or about July 17, 2008.

. . . The government considers this evidence to be admissible as direct evidence of crimes

charged, as relevant background evidence, and in the alternative, admissible pursuant to Rule

404(b);"

2.      "[E]vidence of the defendant's actions immediately before, during, and after the

July 18, 2009 shooting, prior to her transfer to Bagram Airbase, including various statements she

made . . . The government considers this evidence to be admissible as direct evidence of crimes

charged;"

3.    Evidence in the government's case-in-chief, "pursuant to Rule 404(b)," concerning "facts relating to the defendant's educational background . . . to show the defendant's knowledge about the subjects addressed in certain of the materials recovered from her, as well as her understanding of the English language;"

4.    Evidence in the government's case-in-chief, "pursuant to Rule 404(b)," consisting of "recorded phone calls of the defendant and excerpts of letters (or other materials) written by the defendant during her incarceration, to show the defendant's ability to communicate in English and her style of handwriting;"

5.    Trial testimony from "certain Afghan witnesses who were present for the defendant's arrest . . . regarding the circumstances surrounding the defendant's arrest, including her resisting arrest; various statements she made . . . and various items recovered from the defendant[,]" considered by the government to be "admissible as direct evidence of the crimes charged, as relevant background evidence, and, in the alternative, admissible pursuant to Rule 404(b);" and

6.    Proposed topics of cross-examination of Afghan witnesses, "includ[ing] but not limited to: (1) the defendant's resisting arrest on July 17, 2008; (2) various statements made while she was in Afghan custody; and (3) her escape attempts from Afghan authorities."

In order to avoid repetition, the proffered evidence will be addressed together in the general categories set forth below unless otherwise noted, or unless any particular category of evidence requires particular discussion.

## Introduction

The government claims that the evidence it seeks to admit is either directly relevant to the charges, "background," or Rule 404(b) evidence. Regarding the former, the government claims that the antecedent events, documents, and materials seized from Dr. Siddiqui at the time of her arrest (as well as files recovered from her computer thumb drive) are directly probative of her intent. The government also opposed a limiting instruction on this issue.

In fact, *none* of the evidence the government seeks to admit should be admitted *for any purpose*. Dr. Siddiqui is charged with attempted murder and assault arising exclusively out of the events in a meeting room at an ANP Compound in Ghazni, Afghanistan, on July 18, 2008. The case does not involve a conspiracy, a plan, or any allegation that Dr. Siddiqui was engaged in a continuing course of criminal conduct at any time either before or after the time of the alleged crimes. As such, all testimony and evidence relevant to the charged offenses must stem solely from this discrete event. Thus, the evidence the government proposes to introduce has no relevance to the charges, and is otherwise inadmissible under the Rules of Evidence. The admission of such evidence would unfairly prejudice the defendants, confuse the issues, waste time, and mislead the jury. Because the government has not yet identified which evidence it intends to introduce at trial, this motion is necessarily stated in general and prospective terms. The defendant reserves the right to supplement this motion as necessary in response to the government's identification of its exhibits and other evidence.

Accordingly, the defendant respectfully requests that the Court preclude the enumerated evidence as requested.

3

## THE RELEVANT LEGAL STANDARDS

**A.**    *The Applicable Legal Standards Relevant to Rules 401, 402, and 403*, Fed. R. Evid.

Rule 401, Fed. R. Evid., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed. R. Evid. Rule 402 requires the exclusion of irrelevant evidence. Rule 402, Fed. R. Evid.

Pursuant to Rule 403, Fed. R. Evid., *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed. R. Evid.

The government should not be allowed to introduce evidence that is irrelevant to the charges and that is also unduly prejudicial to the defendant. The Advisory Committee's notes to Rule 403 define "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." The Supreme Court has stated that unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In determining whether evidence is more prejudicial than probative the Court must be "informed by the availability of alternative means to present similar evidence." *United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006).

The Second Circuit's decision last year in *United States v. Al-Moayad* illuminates the ills of admitting evidence that is both irrelevant to the charged offenses and unduly prejudicial to the defendant. In *Al-Moayad*, 545 F. 3d 139 (2d Cir. 2008), the defendants "were convicted of

4

conspiring to provide material support to designated terrorist organizations Hamas and Al-

Qaeda, and attempting to provide material support to Hamas." *Id.*, at 145. Over defense

objection, the government in *Al-Moayad* was permitted to introduce testimony and evidence of

terrorist conduct that was either irrelevant to the specific charges against the defendants, or for

which the probative value was substantially outweighed by the danger of unfair prejudice under

Rule 403, Fed. R. Evid. *Id.*, at 165-66. Because the government was permitted by the District

Court to lace the trial with significant prejudicial evidence, the Second Circuit vacated the

convictions.

Citing *United States v. Elfgeeh*, 515 F.3d 100, 127 (2d Cir. 2008), the Court in *Al-
Moayad* reiterated that "[t]here can be little doubt that in the wake of the events of September 11,

2001, evidence linking a defendant to terrorism in a trial in which he is not charged with

terrorism is likely to cause undue prejudice." *Id.*, at 166. Ultimately, the Court concluded that,

"[g]iven the inflammatory, highly charged, and extensive nature of [the admitted testimony] . . .

there was a significant danger that it caused undue prejudice, and 'lure[d] the fact finder into

declaring guilt on a ground different from proof specific to the offense charged.'" *Id., citing
Awadallah,* 436 F.3d at 133 (*quoting Old Chief,* 519 U.S. at 180).

**B.**     *The Legal Standards Relevant to Rule 404(b),* **Fed.R.Evid.**

Rule 404(b), Fed.R.Evid., also serves to limit the admissibility of proffered evidence.

The recent trend in the Second Circuit, as discussed below, has been to critically weigh and often

exclude prior act evidence sought to be admitted pursuant to this Rule.

Rule 404(b) does not permit the use of "other act" evidence to prove the character of a

person in order to show action in conformity therewith." Rule 404(b), Fed.R.Evid. Such

5

evidence may only be admitted if it is relevant to another permissible purpose. Pursuant to Rule 404(b), "other crimes, wrongs, or acts 'may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *See Hynes v. Coughlin*, 75 F.3d 285, 290 (2d Cir. 1996), *citing* Rule 404(b), Fed.R.Evid; *see also United States v. McCallum,* 584 F.3d 471, 474-75 (2d Cir. October 19, 2009) ("Evidence of prior convictions may be admissible under Federal Rule of Evidence 404(b) to show 'intent, . . . knowledge, identity, or absence of mistake or accident,' but not to show character or propensity"), *citing* Rule 404(b), Fed.R.Evid; *but see* Rule 403, Fed.R.Evid. (even relevant evidence may be excluded on the ground, *inter alia*, that its probative value is substantially outweighed by its potential for unfair prejudice). Specifying a ground for admissibility "enables the trial judge to determine whether the issue sought to be proved by the evidence is really in dispute and, if so, to assess the probative worth of the evidence on this issue against its prejudicial effect." *United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir. 1988), *citing United States v. Danzey*, 594 F.2d 905 (2d Cir. 1979) (additional citations omitted). In reviewing the admissibility of evidence under Rule 404(b), the Second Circuit considers: "whether (1) the prior crimes evidence was 'offered for a proper purpose;' (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *See McCallum*, 584 F.3d at 475, *quoting Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). In determining admissibility, this "Circuit takes an inclusionary approach to the admission of prior crimes evidence, under which such evidence 'is admissible for any purpose other than to show the defendant's criminal propensity." *See id.*,

6

*quoting United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006) (additional citations omitted).

However, the inclusionary approach to the admission of 404(b) evidence "does not invite the government 'to offer, carte blanche, any prior act of the defendant in the same category of crime,'" let alone prior acts in entirely different categories of crime as the government seeks to introduce in Dr. Siddiqui's case.[1] *See id.*, *quoting United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002) (additional citations omitted).  This is especially so when the proffered 404(b) evidence is at best tenuously related to the charged offenses and an improper basis for admission is offered.  In the Second Circuit's recent decision in *United States v. Farmer*, — F.3d —, 2009 WL 3200690, at *12 (2d Cir. October 8, 2009), the Court found it improper for the government to elicit testimony about the defendant's nickname – "Murder" – where: (1) "identity was not at issue in the trial;" (2) the defendant's nickname "had no legitimate relationship to the crimes charged;" and (3) the "nickname was strongly 'suggestive of a criminal disposition' . . . and a propensity to commit particularly heinous crimes, including the very offenses charged in the indictment."  *Id.*, *citing United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995).  The proffered 404(b) evidence sought to be admitted against Dr. Siddiqui is inadmissible on much the same grounds as the evidence in *Farmer*.

---

[1] Dr. Siddiqui is charged with attempted murder and assault charges under 18 U.S.C. §§ 111, 924, 1114, 2332, and 3238, yet prior act evidence that the government seeks to admit alleges facts related to a laundry list of other violations of Title 18 including: §32 (relating to the destruction of aircraft or aircraft facilities);  §175 (relating to biological weapons);  §229 (relating to chemical weapons);  §831 (relating to nuclear materials); paragraph (2) or (3) of §844(f) (relating to arson and bombing of government property risking or causing injury or death); §1366(a) (relating to weapons of mass destruction); and §2339b (relating to providing material support or resources to designated foreign terrorist organizations).

## ARGUMENT

**POINT I**

### THE EVIDENCE THE GOVERNMENT CLAIMS IS DIRECTLY RELEVANT TO THE CHARGES TO PROVE INTENT IS NOT ADMISSIBLE FOR ANY PURPOSE

**A.**  *The Government's Claim of Admissibility of the Proffered Evidence to Prove Intent Is Conclusory and Fails to Specify a Basis for Its Claim*

The government seeks to admit "certain of the materials recovered from the defendant by ANP," evidence of the "defendant's actions immediately before, during, and after the July 18, 2009 shooting . . . including various statements she made," and testimony from "certain Afghan witnesses who were present for the defendant's arrest . . . regarding the circumstances surrounding the defendant's arrest, including her resisting arrest; various statements she made . . . and various items recovered from the defendant," as direct evidence of crimes charged. The government, however, cannot make blanket assertions of admissibility. Rather, the government must provide a specific basis for its claims that a category or item of evidence provides evidence of Dr. Siddiqui's intent. Therefore the government's claims that the proffered evidence is admissible are conclusory and the evidence should not be admitted.

**B.**  *The Proffered Evidence Is Not Relevant to Prove Intent and Is Wholly Irrelevant to the Charges*

The government's claims that the proffered evidence is relevant are also conclusory. Rule 401, Fed. R. Evid., as set forth **ante**, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed. R.

8

Evid.   But, in fact, the evidence the government seeks to admit as directly relevant to the charges to prove intent, is inadmissible under Rule 402, Fed. R. Evid., because Dr. Siddiqui's intent cannot be determined from non-contemporaneous events, documents, and materials.

In this context, it also bears repeating that the charged crime is *not* a continuing offense. Thus, Dr. Siddiqui's intent is not some continuing state of mind, but rather must be fixed at the time of the event itself.   The alleged direct evidence of intent is thus inadmissible as irrelevant under Rules 401 and 402.   Therefore, the proffered evidence of some specific intent (based on prior sentiment) for these charges is irrelevant and unnecessary.

**C.**   ***The Proffered Evidence Is More Prejudicial than Probative Pursuant to Fed.R.Evid. 403, and Therefore Must Be Excluded***

As set forth **ante** at ----, even *relevant* evidence may be excluded on the ground that its probative value is substantially outweighed by its potential for unfair prejudice.   *See* Rule 403, Fed. R. Evid.   Herein, rather than providing genuine evidence of intent, the proffered evidence is merely propensity evidence designed to prejudice Dr. Siddiqui unduly.   The evidence the government seeks to introduce attempts to link Dr. Siddiqui to terrorist acts and anti-U.S. sentiment, and to portray her as a bad person such that the jury will infer that she committed the alleged crimes.   Thus, "[g]iven the inflammatory, highly charged, and extensive nature" of the proposed evidence "there [is] a significant danger that it [will cause] undue prejudice, and 'lure[] the fact finder into declaring guilt on a ground different from proof specific to the offense charged.'" *Al-Moayad*, 545 F.3d at 166, *citing Awadallah*, 436 F.3d at 133 (*quoting Old Chief*, 519 U.S. at 180).   The evidence must therefore be excluded at trial under Rule 403.

9

## POINT II

## THE PROFFERED "BACKGROUND" EVIDENCE
## IS NOT ADMISSIBLE FOR ANY PURPOSE

**A.**   *The Government Has Failed to Specify a Basis for*
*Admissibility of the Proffered "Background" Evidence*

Pursuant to the government's November 30, 2009, letter to defense counsel, the

government seeks to admit a wide array of evidence it considers to be "background."  The

government deems such evidence to include "certain of the materials recovered from the

defendant by ANP," and testimony from "certain Afghan witnesses who were present for the

defendant's arrest . . . regarding the circumstances surrounding the defendant's arrest, including

her resisting arrest; various statements she made . . . and various items recovered from the

defendant."  However, aside from merely stating this evidence is admissible as "background,"

the government provides no basis whatsoever for its admissibility.  *See United States v. Carboni,*

204 F.3d 39, 33 (2d Cir. 2000) (holding that evidence of uncharged criminal activity may be

independently proved outside the constraints and requirements of Rule 404(b), Fed.R.Evid., "if it

arose out of the same transaction or series of transactions as the charged offense, if it is

inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to

complete the story of the crime on trial").

Moreover, "background" evidence is improper in Dr. Siddiqui's case which (1) does not

involve a conspiracy; (2) does not involve a "plan;" and (3) involves a discrete event as opposed

to a continuing offense.  *See, e.g., United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996) ("One

legitimate purpose for presenting evidence of extrinsic acts is to explain how a criminal

10

relationship developed; this sort of proof furnishes admissible background information in a

conspiracy case . . . Such proof may also be used to help the jury understand the basis for the co-

conspirators' relationship of mutual trust"), *citing United States v. Lasanta*, 978 F.2d 1300, 1307-

08 (2d Cir.1992); *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir.1993). As such, the alleged

"background" evidence is inadmissible and must be excluded pursuant to Rules 201, 202, and

203, Fed.R.Evid. As discussed, **supra** at ----, such evidence is also inadmissible as proposed

Rule 404(b) evidence.

**B.**     ***The Government's Proposed "Background" Evidence Is Not Relevant***

The "background" evidence the government proposes to admit is also inadmissible

because it has no "tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the

evidence." Rule 401, Fed. R. Evid. The alleged "background" evidence bears no relation to the

charged offenses and therefore does not provide "background" to the crimes alleged, nor to the

discrete events that took place in the meeting room at the ANP compound on July 18, 2008. As

such, it is irrelevant to these proceedings and should be excluded pursuant to Rule 402,

Fed.R.Evid.

For evidence to be considered relevant, the Second Circuit has held that it "need only

tend to prove the government's case, and evidence that adds context and dimension to the

government's proof of the charges can have this tendency." *See United States v. Williams*, 585

F.3d 703, 707 (2d Cir. 2009) (additional citations omitted). Along these lines, evidence is "often

admissible "'to provide background to the events alleged in the indictment' or 'to enable the jury

to understand the complete story of the crimes charged.'" *See id., quoting United States v. Reifler*, 446 F.3d 65, 91-92 (2d Cir. 2006).

However, merely saying that evidence is relevant as background does not make it so. In the recent Second Circuit case *United States v. Williams,* the government sought to introduce contraband evidence as "relevant as background to the crime" of being a felon in possession of a firearm. *Williams*, 585 F.3d at 707. In support of this contention, the government "assert[ed] merely that the evidence completed the narrative and was 'inextricably intertwined with proof of the charged offense' without any explanation as to why this is so." *Id.* The Court found the background evidence to be inadmissible. The Court stated:

> [w]e disagree that the contraband evidence was relevant as background to the crime. The physical evidence from the apartment was not particularly helpful to explain the crime. The Government's version of the facts was simple and complete: the police responded to a report of a shooting in the building; they approached a group of people outside the building; [the defendant] fled; [the police officer] later apprehended [the defendant]; and an officer found the gun near where [the defendant] had run. The government did not need the contraband to explain why the police were at the building, why [the officer] pursued [the defendant], why [the defendant] was arrested, or why [the defendant] was charged with possessing a firearm. Failing to detail the contents of the apartment would not have left any gaps in the Government's case, nor have left the jury wondering about missing pieces of the story . . . We think the evidence more likely confused the jury than assisted its understanding.

*Id.*, at 707-708 (internal citations omitted).

The government herein, without stating *any* basis for admissibility, also seeks to introduce irrelevant background evidence against Dr. Siddiqui. As in *Williams*, the government does not need "background" evidence concerning the circumstances of Dr. Siddiqui's arrest, items recovered from her, or statements she made, to explain why Dr. Siddiqui was present in the interview room at the ANP compound on July 18, 2008, and why she was charged with the

12

alleged offenses. As in *Williams*, failing to provide "background" details "would not [leave] any gaps in the Government's case, nor [leave] the jury wondering about the missing pieces of the story." *Id.*, at 708. Again, as in *Williams*, "the evidence [will] more likely confuse[] the jury than assist[] in its understanding." *Id.* Clearly, the "background" evidence the government seeks to admit is wholly irrelevant to the charged offenses and wholly unnecessary to the government's case.

**C.**    **The Proposed "Background" Evidence Is More Prejudicial Than Probative Pursuant to Fed.R.Evid. 403, and Therefore Must Be Excluded**

Even if "background" evidence is in some way relevant to this case, its probative value is nonetheless outweighed by the prejudicial value of the evidence sought to be admitted. The "background" evidence which the government seeks to present links Dr. Siddiqui to terrorism-related activities entirely unrelated to the charged offenses. As such, the evidence bears the hallmarks of unfair prejudice.

As one Court in the Eastern District recently stated, "[t]he trial court must be vigilant where there is a 'tendency of the evidence [in question] to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Price*, Slip Copy, 2009 WL 973370, *2 (E.D.N.Y. April 10, 2009), *quoting Figueroa*, 618 F.2d at 943. As stated **ante** at ----, "[t]here can be little doubt that in the wake of the events of September 11, 2001, evidence linking a defendant to terrorism in a trial in which he is not charged with terrorism is likely to cause undue prejudice." *Al-Moayad*, 545 F.3d at 166, *citing Elfgeeh*, 515 F.3d at 127. The government's introduction of "background" evidence linking Dr. Siddiqui to terrorism will undoubtedly "'lure[] the fact finder into declaring guilt on a ground different from proof specific

13

to the offense charged.'" *Id., citing Awadallah*, 436 F.3d at 133 (*quoting Old Chief,* 519 U.S. at 180).

Thus, because this alleged "background" evidence is just "propensity evidence in sheep's clothing," it must be excluded. *See McCallum*, 584 F.3d at 477 ("[o]ur review of the record thus leads us to conclude that the District Court received the convictions as propensity evidence in sheep's clothing and did so with insufficient regard for the unfair prejudice that surely would result from their admission"). Likewise, neither Rule 404(b) nor expert evidence should be admissible to buttress or explain "background" evidence, as that would be far too attenuated a connection to the offense conduct (and the essential elements) to satisfy Rules 401 or 403.

**POINT III**

**THE PROFFERED RULE 404(B) EVIDENCE
IS NOT ADMISSIBLE FOR ANY PURPOSE**

**A.**    *The Government Has Failed to Specify a Basis for
Admissibility of Proffered Rule 404(b) Evidence*

As per the government's November 30, 2009, letter to defense counsel, the government may seek to offer certain evidence in its case-in-chief pursuant to Rule 404(b), Fed.R.Evid.. However, while the government "considers this evidence to be . . . admissible pursuant to Rule 404(b)," it fails to specify a legal basis for admissibility of any of the proffered 404(b) evidence. As such, all 404(b) evidence must be excluded at trial.

As set forth **ante** at -----, Rule 404(b) does not permit the use of "other act" evidence to prove the character of a person in order to show action in conformity therewith." Rule 404(b), Fed.R.Evid.. Such evidence may only be admitted if it is relevant to another permissible

14

purpose. "Under the Rule . . . a court may admit prior-act evidence to show, among other things, 'proof of motive, opportunity, intent or absence of mistake." *Williams*, 585 F. 3d at 708, *quoting* Rule 404(b), Fed.R.Evid.

However, the government must specify under which prong of Rule 404(b) each category or item of evidence is purportedly admissible.  It is well-settled in this Circuit that evidence cannot be admitted "generally" pursuant to Rule 404(b), and "[t]he procedure for determining admissibility depends on the grounds on which the Government offers the evidence." *See Figueroa*, 618 F.2d at 939.

Thus, it follows that for the admissibility of any item of 404(b) evidence to be considered at all, the asserted purpose of the evidence must be at issue in the trial.  For example, "if the evidence is offered to prove that the defendant committed the act charged in the indictment . . . by proving identity or common scheme, the evidence may be offered during the prosecutor's case-in-chief, unless the defendant's admission of the act is not a disputed issue." *Id.*  Similarly, "[p]rior-act evidence may be offered to prove the defendant's knowledge or intent only after the defendant has asserted a state of mind defense, thereby putting knowledge and intent at issue." *See United States v. Ozsusamlar*, 428 F. Supp.2d 161 (S.D.N.Y. 2006) (additional citations omitted).

In the present case the government seeks to introduce 404(b) evidence "willy nilly" – both without grounds and without cause.  Thus, even if the government does specify grounds of admissibility for each item of 404(b) evidence, that evidence may still be inadmissible unless, and until, the defense raises the specified ground as an issue in the trial.

**B.**     ***The Proposed Rule 404(b) Evidence Is Not Relevant***

The evidence the government seeks to introduce in this case is also irrelevant to the

charges and should be excluded as such under Rule 402.  The proposed evidence (whether

characterized as Rule 404(b) evidence, or as "background") threatens to constitute the "tail that

wags the dog" in this case.  As set forth **ante** at ------, and **post** (regarding the impermissibility of

this evidence under Rule 403), the government seeks to transform a simple attempted murder

case into a far more complicated trial that will entail several mini-trials to contest Rule 404(b)

(and/or background) evidence the government seeks to introduce.  For example, the

government's account of Dr. Siddiqui's arrest and detention by Afghan authorities is not the only

account.  If the government is permitted to present such evidence, the defense will be compelled

to rebut the evidence with other witnesses with first-hand knowledge.[2]

Rule 401, Fed. R. Evid. defines "relevant evidence" as "evidence having any tendency to

make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence."  Rule 401, Fed. R. Evid.

Evidence such as the circumstances of the defendant's arrest and detention, her educational

background, and material confiscated from her by the ANP, are not relevant to any ground that

might be at issue in this case, nor can they therefore "make the existence of any fact that is of

consequence to the determination of the action more probable or less probable."  As discussed

---

[2] We would note that defense counsel would have to seek additional pretrial depositions in
Afghanistan, currently a war zone, in order to rebut the government's account of her arrest and
detention by Afghan authorities.  Further defense counsel's requests for overseas depositions
would have to be treated with deference because of the due process concerns that arise where the
testimony of extraterritorial deponents are sought in a criminal proceeding.  *See, e.g., United
States v. Yousef*, 327 F.3d 56, 112-14 (2d Cir. 2003).

further **post**, the admission of these items merely opens the floodgates to an entire body of irrelevant and/ or prejudicial evidence.  The proposed 404(b) evidence must be excluded for these reasons and those set forth below.

**C.**     ***The Proposed Rule 404(b) Evidence Is More Prejudicial Than Probative Pursuant to*** **Fed.R.Evid.** ***403, and Therefore Must Be Excluded***

To the extent that Rule 404(b) (or background evidence) is admissible for any purpose, its relevance is so marginal that Rule 403 balancing analysis weighs heavily in Dr. Siddiqui's favor, and warrants exclusion.  If the Court allows the government to turn Dr. Siddiqui's trial into a far more complex case through the introduction of the alleged 404(b) evidence – inevitably entailing several mini-trials to contest the proposed evidence, and requiring the defense to rebut the government's evidence – the proper issue(s) at trial, namely whether Dr. Siddiqui shot the agents, will be swallowed up by these unnecessary evidentiary issues.

The distraction caused by the admission of this evidence, repeated for many categories of the Rule 404(b) evidence (*e.g.*, the proposed educational background evidence; evidence of materials confiscated from Dr. Siddiqui by the ANP), runs afoul of Rule 403 which states that the evidence should be excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Rule 403, Fed. R. Evid.  In addition, much of the expert testimony will relate to background and/or Rule 404(b) evidence, thereby amplifying the time, energy, and concentration (by the jury) needlessly devoted to essentially collateral matters in the trial (and which are unduly prejudicial, or for which the undue prejudice far outweighs probative value).

17

In the Second Circuit's recent decision in *Williams*, the Court denied admission of proposed 404(b) evidence where it "constituted a relevant piece of circumstantial evidence" but "the evidence offered at trial went far beyond what was necessary for this purpose." 585 F.3d at 708. In finding the admissibility of the evidence to be in error, the Court stated:

> [i]ts admission ignored a 'common sense precaution which should clearly be taken . . . to limit the prosecutor's presentation to such facts . . . as are reasonably necessary to prove the point for which the evidence is admitted, and to exclude unsavory details which go beyond what is necessary to make the point.'*Id.*, *citing* David W. Louisell & Christopher B. Mueller, Federal Evidence §140, at 209 (rev. ed. 1985); *see also United States v. Bradwell*, 388 F.2d 619, 622 (2d Cir. 1968 (discussing the undue prejudice that can result when the "minute peg of relevancy [is] entirely obscured by the dirty linen hung upon it") (citation omitted in original).

Certainly, the government's proposed 404(b) (and "background") evidence – which opens the floodgates to an entire body of irrelevant and/ or prejudicial evidence – is not limited to such facts as are reasonably necessary to prove whatever point the government will assert this evidence is relevant to. As with the background evidence, it must be excluded on Rule 403 grounds, and for all the reasons set forth **ante**.

## POINT IV

### THE PRISON PHONE CALLS ARE
### NOT ADMISSIBLE FOR ANY PURPOSE

**A.**  ***The Government Has Not Specified The Portions of Dr. Siddqui's Phone Calls it Seeks to Admit Nor the Grounds for Admissibility***

The government has not yet revealed just what portions of Dr. Siddiqui's phone calls from the Metropolitan Detention Center in Brooklyn it wishes to introduce. The phone calls in question were all placed long after the events of July 18, 2008, that gave rise to the charged

offenses. As such, it is entirely unclear what the relevance of such calls are (particularly when they do not contain any admissions regarding Dr. Siddiqui's conduct, but instead contain only denials). The government has provided no guidance as to the grounds for the admissibility of these calls.

**B.**      *Any Expression of Anti-U.S. Sentiment Contained in Dr. Siddiqui's Phone Calls Is Inadmissible as Irrelevant to the Charges and Unduly Prejudicial*

Any expression of anti-U.S. sentiment contained in Dr. Siddiqui's phone calls would not be admissible, as it is not the offense charged. Moreover, admitting such sentiment to prove intent regarding a prior act is improper generally (because of its low, if any, probative value, and overwhelming capacity to prejudice Dr. Siddiqui), and would also violate the First Amendment protections afforded political speech.

The First Amendment acts as an extra weight on the Rule 403 balance, adding a concern of constitutional dimension to the possibility that irrelevant or marginal evidence – in First Amendment cases, constitutionally protected political views – will be used against the defendant as an improper basis for conviction. Unquestionably, "the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable[.]" *Texas v. Johnson*, 491 U.S. 397, 398 (1989). Unfortunately, however, evidence of unpopular ideas are among the most likely candidates for creating unfair prejudice when introduced at trial. Thus, the lesson provided by First Amendment cases is that the Court must apply an extra measure of scrutiny before finding that protected speech's probative value is not substantially outweighed by the danger of unfair prejudice.

19

As such, Dr. Siddiqui's phone calls may not be used for the impermissible purpose of luring the jury to find her guilty based on anti-U.S. sentiment protected by the First Amendment, rather than on the charged offenses.

## C.   *Dr. Siddiqui's Phone Calls Are Also Not Admissible as "Background" Evidence*

In addition to the admonitions set forth above, Dr. Siddiqui's phone calls are also not admissible as "background" evidence. The calls occurred well *after* the alleged offenses were committed. They cannot therefore supply Dr. Siddiqui's intent nor any other context for the crimes charged. Should Dr. Siddiqui's phone calls be found admissible on any basis, the Court must perform Rule 403 balancing to ensure that any probative value of the calls "is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed. R. Evid.

## Conclusion

For the reasons set forth above, Defendant Aafia Siddiqui respectfully requests that the Court preclude the proffered evidence from admission at trial pursuant to Rules 401, 402, 403,

404(b), Fed. R. Evid., and the First Amendment to the Constitution.

Dated: New York, New York
       December 14, 2009

Respectfully submitted,


By: _____/s/_____
Dawn M. Cardi
Chad L. Edgar
DAWN M. CARDI & ASSOCIATES
Two Park Avenue, 19th Floor
New York, New York 10016
212.481.7770 (tel.)
212.684.3008 (fax)
*Attorneys for Aafia Siddiqui*


_____/s/_____
Linda Moreno, Esq.
P.O. Box 10987
Tampa, FL 33697
813.247.4500 (tel.)
813.386.6211 (fax)
*Attorney for Aafia Siddiqui*


_____/s/_____
CHARLES D. SWIFT
2003 – Western Ave., Suite 330
Seattle, Washington 98121
206.441-3377 (tel.)
212.448-2252 (fax)
cswift@prolegaldefense.com (email)
*Attorney for Aafia Siddiqui*

21

_____/s/_____
Elaine Whitfield Sharp
196 Atlantic Avenue
Marblehead, MA 01945
781.639.1862 (tel.)
781.639.1771 (fax)
*Attorney for Aafia Siddiqu*

22