UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

08 Cr. 826 (RMB)

- against -

AAFIA SIDDIQUI,

Defendant.

--------------------------------------------------------X

### DEFENDANT AAFIA SIDDIQUI'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT WAS ALLEGEDLY IN HER POSSESSION AT THE TIME OF HER ARREST IN AFGHANISTAN

Defendant Aafia Siddiqui (hereafter "Dr. Siddiqui" or "Defendant"), through undersigned counsel, files this Motion *in Limine* to Exclude Evidence, seeking an order from this Court to preclude the admission of any documents that were allegedly found in her possession at the time of her arrest in Ghazni, Afghanistan, unless the government establishes the required foundation for their admission by having a witness who seized these alleged documents testify.

It is our understanding that the government seeks to introduce as evidence at trial certain documents that Dr. Siddiqui allegedly possessed when she was arrested by Afghan authorities on July 17, 2008. We also understand that the government may seek to introduce as evidence certain chemical substances that were allegedly in her possession at that time. The government may also seek to introduce documents that were allegedly found on a so-called thumb drive that she allegedly possessed at the time of her arrest.

The government has indicated to us the general contours of the alleged chain of custody of these items from the moment they were allegedly seized from Dr. Siddiqui by Afghan police authorities to their transfer to U.S. military personnel who, in turn, transferred them to agents of the Federal Bureau of Investigation.  From discussions with the government, we understand that they have been told by Afghan government officials that Afghan witnesses to events relevant to this proceeding will not be allowed to testify at trial.  This prohibition includes the Afghan police authorities who seized the items that Dr. Siddiqui allegedly had in her possession on the evening that she was arrested in July of 2008.  Thus, under the current state of affairs, the government lacks a person with first-hand knowledge who can testify that the materials that the government seeks to introduce were in fact taken from Dr. Siddiqui's person on the evening of July 17, 2008. Lacking a person with such first-hand knowledge, the government cannot introduce these materials into evidence as their only means would be by hearsay – by which we mean either a report generated by the Afghan police who allegedly seized the items at issue or a witness from the U.S. military who would relate that Afghan police told him, while transferring items into his custody, that they were in the possession of Dr. Siddiqui.

It is well-established law that a witness may not testify as to a matter unless it can be established that the witness has personal knowledge of the matter.  *See* Rule 602, Fed. R. Evid. Here, that means that the only competent person or persons who can testify to the fact that Dr. Siddiqui had items on her person that were seized on the night of July 17, 2008 were the persons who effected that seizure or were witnesses to it.  As it is our understanding that only Afghan witnesses have first-hand knowledge of that seizure and the government cannot secure any Afghan witnesses for trial, the government should be precluded from introducing into evidence any items that were seized from Dr. Siddiqui.

We anticipate that the government may try to introduce the materials by either of two means.  First, they may try to introduce a report or affidavit in which a member of the Afghan police states that he allegedly seized or allegedly saw the seizure of the items at the time of Dr. Siddiqui's arrest.  Second, they may try to introduce testimony from a member of the U.S. military who will state that he was told by a representative of the Afghan police that the items being transferred to him were seized from Dr. Siddiqui in the evening of July 17, 2008.  Either attempt to introduce the items would be a clear violation of the Confrontation Clause.

As the Supreme Court has made abundantly clear, an out-of-court statement by a witness – whether in the form of a report or an affidavit or repeated by another witness in the more classical form of hearsay – against a defendant for the truth of the matter therein is inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination.  *See Crawford v. United States*, 541 U.S. 36, 54 (2004).  For the purposes of *Crawford*, a statement that an Afghan police official made in the form of a report or affidavit regarding items that he allegedly seized from a possible terrorist suspect must be viewed as a "testimonial statement" as it was "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."  *Id.* at 52.  An Afghan official would reasonably assume that the report or affidavit that he was generating was in the context of an investigation that could lead to some sort of trial. Alternatively, an Afghan official would also reasonably assume that any statements he made to a United States military representative about items that he had allegedly seized from a suspected terrorist who was viewed as possibly engaged in hostile activity against both Afghans and U.S. soldiers were in the context of an investigation that may lead to some sort of trial.  Under either scenario and in light of the fact that these statements would be offered as evidence against Dr.

Siddiqui, the only way that they would be admissible under *Crawford* would be if the Afghan witness testified at trial.

Thus, we respectfully request that the Court preclude the admission into evidence of the items that were allegedly seized from Dr. Siddiqui on the evening of July 17, 2008 absent a witness with first-hand knowledge of the seizure of those items.

Dated:   New York, New York
        December 14, 2009

                              Respectfully submitted,


                              By: _____/s/_____
                              Dawn M. Cardi
                              Chad L. Edgar
                              DAWN M. CARDI & ASSOCIATES
                              Two Park Avenue, 19th Floor
                              New York, New York 10016
                              212.481.7770 (tel.)
                              212.684.3008 (fax)
                              *Attorneys for Aafia Siddiqui*



                              _____/s/_____
                              Linda Moreno, Esq.
                              P.O. Box 10987
                              Tampa, FL 33697
                              813.247.4500 (tel.)
                              813.386.6211 (fax)
                              *Attorney for Aafia Siddiqui*

_____/s/_____
CHARLES D. SWIFT
2003 – Western Ave., Suite 330
Seattle, Washington 98121
206.441-3377 (tel.)
212.448-2252 (fax)
cswift@prolegaldefense.com (email)
*Attorney for Aafia Siddiqui*


_____/s/_____
Elaine Whitfield Sharp
196 Atlantic Avenue
Marblehead, MA 01945
781.639.1862 (tel.)
781.639.1771 (fax)
*Attorney for Aafia Siddiqui*