UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                                                                                      08 Cr. 826 (RMB)

     - against -

AAFIA SIDDIQUI,

                              Defendant.

------------------------------------------------------------X


**DEFENDANT AAFIA SIDDIQUI'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND OPINIONS
REGARDING HER ALLEGED AFFILIATION WITH
AL QAEDA OR ANY OTHER TERRORIST ORGANIZATIONS**

     Defendant Aafia Siddiqui (hereafter "Dr. Siddiqui" or "Defendant"), through undersigned counsel, files this Motion *in Limine* to Exclude Evidence, seeking an order from this Court excluding from every aspect of the trial – i.e., jury voir dire, opening and closing argument to jury, questions posed to witnesses, testimony from witnesses, and the evidence as a whole – each of the matters listed below on the grounds that the presentation of any of these matters to the jury would violate the precepts of Rule 402 or Rule 403 of the Federal Rules of Evidence ("Irrelevant Evidence Inadmissible" and "Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time" respectively).

     The following terms and phrases are what Defendant moves to exclude the government from using in the conduct of the trial at this time:

     (1)     Any suggestion that Dr. Siddiqui is a terrorist;

(2) Any mention of Dr. Siddiqui's alleged affiliation with Al Qaeda or any other specific terrorist organization;

(3) Any mention of Dr. Siddiqui's alleged affiliation with a so-called "radical Islamic fundamentalist movement"

(4) Any mention of Dr. Siddiqui's alleged affiliation with "jihad," "violent jihad," "mujahideen," and "mujahideen warriors;"

(5) Any mention of Dr. Siddiqui's alleged affiliation with Taliban;

(6) Any mention of the name Usama Bin Laden.

Defendant submits that for any juror in the United States, the mention of terrorist, Al Qaeda, radical Islam, jihad, mujahideen, Taliban and Usama bin Laden will evoke a strong reaction. Not only do Americans view themselves as at war with the aforementioned (via the wars in Iraq and Afghanistan), many view the present time as one where the west and the east are engaged in a historical conflict and radical Islam and its supporters are bent on the destruction of the United States. In the face of such animus assumed to be directed at them, Americans are likely to view any mention of radical Islam with a strong, visceral reaction of antipathy.

Further, it is fair to generalize that for those who live in the New York City area – the situ of the jury pool from which jurors for this proceeding will be chosen – an especially strong and visceral response can be anticipated at the mention of members and organizations of radical Islam because of the destruction of the World Trade Center and the prevalent belief that it was caused by those who believed in radical Islamic tenets and were associated with the organizations that espouse these tenets such as Al Qaeda.

Thus, with respect to this criminal proceeding, any mention of the above-referenced terms or phrases will evoke an incendiary response from the members of the jury. The only way

that mention of any of these terms or phrases could be possibly justified would be if radical Islam were relevant to any charges in the indictment. And, of course, they are not.

By the government's own account, this case is a simple matter of attempted homicide and not material support of or participation in terrorist activity. Allegations that Dr. Siddiqui was associated with terrorists have no relevance whatsoever. What is at issue in this case is whether Dr. Siddiqui picked up an M-4 rifle, pointed it at a United States soldier and fired it when she was about to be interrogated at an ANP compound in Ghazni City, Aghanistan. Pointing an M-4 rifle at a soldier and discharging it is enough circumstantial evidence to imply that she intended grave harm, perhaps death, to this soldier, assuming that she, in fact, obtained the rifle. Any evidence that strays from this central issue as to whether Dr. Siddiqui obtained the rifle is not relevant and should not be admitted as per Rule 402 of the Federal Rules of Evidence.

We understand that the government may seek to introduce evidence that Dr. Siddiqui's alleged belief in radical Islam and her alleged affiliation with terrorist organizations informed by radical Islamic beliefs is relevant to the homicide and assault charges because such evidence supports the proposition that she, like a stereotypical jihadist out of central casting, seeks to kill Americans wherever she finds them. We view such generalized stereotyping as weak evidence in terms of relevance and unquestionably inflammatory; therefore, this Court must find that the relevance of such evidence is substantially outweighed by the danger of unfair prejudice. See Rule 403, Fed R. Evid.

We respectfully submit that the Court's exclusion of any evidence or argument that Dr. Siddiqui is affiliated with radical Islam or its militant and terrorist organizations finds support in the repeated exclusion of allegations that defendants are affiliated with street gangs by district courts.

In the context of allegations of gang affiliations, repeatedly, district courts have been instructed carefully to assess such allegations in order to prevent the government from manipulating the visceral antipathies of jurors in order to cloud their rational judgment and obtain convictions by emotion rather than careful deliberation of the facts.  See, e.g., United States ex. rel. Clemons v. Walls, 202 F. Supp. 2d 767, 775-76 (N.D. Il. 2002) (collecting cases for the proposition that evidence of gang affiliation should be carefully assessed because it evokes "deep, bitter and widespread prejudice" that may cause defendants to be found "guilty by association").

Radical Islamic tenets and organizations, like street gangs, evoke "deep, bitter and widespread prejudice" in most Americans, especially New Yorkers many of whom were "touched" by the events associated with the destruction of the World Trade Center.  Should Dr. Siddiqui be associated by dint of repetition by the government with radical Islamic tenets and associated terrorist organizations, either by argument or the introduction of weakly relevant evidence, the likelihood that she will be found "guilty by association" is nearly certain.  Weighed against this near certain and substantial prejudice is the relevance of any such evidence, which is weak at best.  The government's case boils down to whether Dr. Siddiqui grabbed an assault rifle, pointed it at a soldier and fired.  Under this theory of the case, whether Dr. Siddiqui is a radical Islamist or a member of a terrorist organization is beside the point.  Such evidence is either irrelevant or weakly relevant and the danger of unfair prejudice substantial and therefore, the evidence (and any argument or mere mention of such alleged evidence in the course of the

trial) should be excluded pursuant to either Rules 402 or 403 of the Federal Rules of Evidence.

Dated: New York, New York
December 14, 2009

                                        Respectfully submitted,

                                        By: _____
                                        Dawn M. Cardi
                                        Chad L. Edgar
                                        DAWN M. CARDI & ASSOCIATES
                                        Two Park Avenue, 19th Floor
                                        New York, New York 10016
                                        212.481.7770 (tel.)
                                        212.684.3008 (fax)
                                        *Attorneys for Aafia Siddiqui*


                                        _____/s/_____
                                        Linda Moreno, Esq.
                                        P.O. Box 10987
                                        Tampa, FL 33697
                                        813.247.4500 (tel.)
                                        813.386.6211 (fax)
                                        *Attorney for Aafia Siddiqui*


                                        _____/s/_____
                                        CHARLES D. SWIFT
                                        2003 – Western Ave., Suite 330
                                        Seattle, Washington 98121
                                        206.441-3377 (tel.)
                                        212.448-2252 (fax)
                                        *Attorney for Aafia Siddiqui*

                                              _____/s/_____
                                              Elaine Whitfield Sharp
                                              196 Atlantic Avenue
                                              Marblehead, MA 01945
                                              781.639.1862 (tel.)
                                              781.639.1771 (fax)
                                              *Attorney for Aafia Siddiqui*