UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :

        -v.-          :          08 Cr. 826 (RMB)

AAFIA SIDDIQUI,                     :

                    :

        Defendant.

- - - - - - - - - - - - - - - - - -X

## GOVERNMENT AND DEFENSE COMBINED REQUEST TO CHARGE

                      PREET BHARARA
                      United States Attorney
                      Southern District of New York
                      Attorney for the United States
                      of America

CHRISTOPHER L. LaVIGNE
DAVID M. RODY
JENNA M. DABBS
Assistant United States Attorneys
    - Of Counsel -

# TABLE OF CONTENTS

General Requests . . . . . . . . . . . . . . . . . . . . . . . . 1

Count One: Attempted Murder of United States Nationals
       Statute and Indictment . . . . . . . . . . . . . . . . . 2
       Elements of the Offense . . . . . . . . . . . . . . . . 4
       First Element . . . . . . . . . . . . . . . . . . . . . 6
       Second Element . . . . . . . . . . . . . . . . . . . . 8
       Premeditation . . . . . . . . . . . . . . . . . . . . . 11

Count Two: Attempted Murder of United States Officers and
Employees
       Statute and Indictment . . . . . . . . . . . . . . . . . 13
       Elements of the Offense . . . . . . . . . . . . . . . . 15
       First Element . . . . . . . . . . . . . . . . . . . . . 16
       Second Element . . . . . . . . . . . . . . . . . . . . 18
       Premeditation . . . . . . . . . . . . . . . . . . . . . 23

Count Three: Armed Assault Upon Federal Officers and Employees
       Statute and Indictment . . . . . . . . . . . . . . . . . 24
       Elements of the Offense . . . . . . . . . . . . . . . . 26
       First Element . . . . . . . . . . . . . . . . . . . . . 28
       Second Element . . . . . . . . . . . . . . . . . . . . 29
       Third Element . . . . . . . . . . . . . . . . . . . . . 32
       Fourth Element . . . . . . . . . . . . . . . . . . . . 33
       Fifth Element . . . . . . . . . . . . . . . . . . . . . 35

Count Four: Using and Carrying a Firearm During and In Relation
To a Crime of Violence
       Statute and Indictment . . . . . . . . . . . . . . . . . 36
       Elements of the Offense . . . . . . . . . . . . . . . . 37
       First Element . . . . . . . . . . . . . . . . . . . . . 38
       Second Element . . . . . . . . . . . . . . . . . . . . 40

Count Five: Assault of Officers and Employees of the United
States
       Statute and Indictment . . . . . . . . . . . . . . . . . 43
       Elements . . . . . . . . . . . . . . . . . . . . . . . 45
       First Element . . . . . . . . . . . . . . . . . . . . . 47
       Second Element . . . . . . . . . . . . . . . . . . . . 48
       Third Element . . . . . . . . . . . . . . . . . . . . . 49
       Fourth Element . . . . . . . . . . . . . . . . . . . . 50

Count Six: Assault of Officers and Employees of the United States
       Statute and Indictment . . . . . . . . . . . . . . . . . 51
       Elements of the Offense . . . . . . . . . . . . . . . . 53

Count Seven: Assault of Officers and Employees of the United
States
     Statute and Indictment . . . . . . . . . . . . . . . . . . 54
     Elements of the Offense . . . . . . . . . . . . . . . . . 56

Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

Variance in Dates . . . . . . . . . . . . . . . . . . . . . . . 59

Particular Investigative Techniques Not Required . . . . . . 60

Preparation of Witnesses . . . . . . . . . . . . . . . . . . . 62

Stipulation of Facts . . . . . . . . . . . . . . . . . . . . . 63

Stipulation of Testimony . . . . . . . . . . . . . . . . . . . 64

Judicial Notice . . . . . . . . . . . . . . . . . . . . . . . . 65

Persons Not On Trial . . . . . . . . . . . . . . . . . . . . . 66

Defendant's Right Not to Testify . . . . . . . . . . . . . . . 67

Uncalled Witness Equally Available to Both Sides . . . . . . 68

Punishment Is Not To Be Considered By The Jury . . . . . . . 69

Charts and Summaries . . . . . . . . . . . . . . . . . . . . . 70

Expert Testimony . . . . . . . . . . . . . . . . . . . . . . . 71

Evidence Obtained Pursuant To Search . . . . . . . . . . . . . 72

Sympathy: Oath As Jurors . . . . . . . . . . . . . . . . . . . 73

Law Enforcement Witnesses . . . . . . . . . . . . . . . . . . . 74

Limiting Instruction: Other Act Evidence . . . . . . . . . . 75

Deposition Testimony . . . . . . . . . . . . . . . . . . . . . 77

Impeachment by Prior Inconsistent Statement . . . . . . . . 82

Right to Hear Testimony; Communications With The Court;
Note-Taking . . . . . . . . . . . . . . . . . . . . . . . . . . 86

Verdict Must Be Unanimous . . . . . . . . . . . . . . . . . . . 88

## Request No. 1.

## General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Burden of Proof and Presumption Of Innocence.

e.  Reasonable Doubt.

f.  Jury's Recollection Controls.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

i.  Credibility Of Witnesses.

j.  Inferences.

k.  Rulings on Evidence.

## Count One: Attempted Murder of United States Nationals
### (18 U.S.C. § 2332)

### Statute and Indictment

Count One of the Indictment charges the defendant with attempting to kill United States nationals. Specifically, Count One alleges in relevant part:

> On or about July 18, 2008, in an offense begun and committed outside of the jurisdiction of any particular State or District of the United States, AAFIA SIDDIQUI, the defendant, who was first brought to and arrested in the Southern District of New York, unlawfully, willfully, and knowingly attempted to commit a killing that is a murder, as that term is defined in Title 18, United States Code, Section 1111(a), of a national of the United States, to wit, SIDDIQUI obtained U.S. Army Officer One's M-4 rifle, attempted to fire and fired it at U.S. Army Officer Two and other members of the U.S. Interview Team, and repeatedly stated her intent and desire to kill Americans.

The federal statute that the defendant is charged with violating in Count One is Title 18, United States Code, Section 2332, which provides in relevant part: "[w]hoever outside the United States attempts to kill . . . a national of the United States" is guilty of a crime. In addition, Title 18, United States Code, Section 1111(a) defines murder in relevant part as "the unlawful killing of a human being with malice aforethought."

> Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001), at 6098-6100; 1 Leonard B. Sand et

al., *Modern Federal Jury Instructions*
¶ 19.01, Instr. 19-1 (2009) (hereinafter
"Sand").

Defense Objection:

On page 2, in the Government's recitation of the language of
Count One, the defense made a note — after the clause stating
"SIDDIQUI obtained U.S. Army Officer One's M-4 rifle" — that
reads: "With respect to all counts you must identify the alleged
victim."

**Request No. 3**
**Count One: Attempted Murder of United States Nationals**
**(18 U.S.C. § 2332)**

**Elements of the Offense**

To sustain its burden of proof with respect to the charge of attempted murder of U.S. nationals in Count One of the Indictment, the Government must prove that the defendant intended to kill United States nationals and took a substantial step in an effort to bring about that result. There is no requirement, however, that the attempt be successful or that the defendant actually carried out the crime she was intending and trying to commit.

Rather, to prove the charge of attempting to kill United States nationals, the Government must prove beyond a reasonable doubt the following elements:

First, that on or about July 18, 2008, while outside the United States, the defendant unlawfully, and with malice aforethought, intended to kill United States nationals; and

Second, that on or about July 18, 2008, the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the murder.

> Sand, Instr. 10-1; Adapted from the charge of
> the Honorable Michael B. Mukasey in *United
> States* v. *Rahman*, S5 93 Cr. 181 (MBM), at
> 20512 (S.D.N.Y. 1995), *aff'd*, 189 F.2d 88 (2d
> Cir. 1999), *cert. denied*, 528 U.S. 1094
> (2000); Adapted from the charge of the
> Honorable Leonard B. Sand in *United States* v.

4

*Usama Bin Laden, et al.*, S7 98 Cr. 1023
(S.D.N.Y. 2001), at 6101-02, 72.

## Request No. 4
## Count One: Attempted Murder of United States Nationals
## (18 U.S.C. § 2332)

### First Element

To satisfy the first element of Count One, the Government must prove beyond a reasonable doubt that, while outside the United States, the defendant unlawfully, and with malice aforethought, intended to kill United States nationals.

The question is, then, what does it mean to intend to commit an act "unlawfully," and with "malice aforethought"? I will define those terms for you.

"Unlawfully" means without justification or excuse.

"Malice aforethought" means consciously, with the intent to kill another person. In order to satisfy this element, the Government must prove that the defendant intended to kill United States nationals willfully, with a bad or evil purpose to break the law. However, the Government need not prove spite, malevolence, hatred, or ill will to the victims.

I further instruct you that a United States national includes a citizen of the United States.

> Sand, Instr. 41-6; Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001), at 6101; Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Rahman*, S5 93 Cr. 181 (MBM), at 20512 (S.D.N.Y. 1995), *aff'd*, 189 F.2d 88 (2d Cir. 1999), *cert. denied*, 528 U.S. 1094 (2000).

6

<u>Defense Objection</u>:

In the definition of "malice aforethought," after the clause
reading "with a bad or evil purpose to break the law," the
defense requests that the following language be inserted:

> In this regard, I instruct you that, to
> satisfy this element the government must
> prove that Dr. Siddiqui intended to kill the
> specific person(s) named in the indictment as
> the alleged intended victims, [insert name or
> names].  See *United States v. Padilla*, 771
> F.Supp. 35, 39 (EDNY 1991) (Amon, J.)

## Count One: Attempted Murder of United States Nationals
### (18 U.S.C. § 2332)

### Second Element

To satisfy the second element of Count One, the Government must prove beyond a reasonable doubt that, on or about July 18, 2008, the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the murder.

As I just mentioned, the defendant is charged with an attempted murder. Mere intention to commit a specific crime does not amount to an attempt. To convict a defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that she took some action that was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, without more, is not an attempt. Some preparations, however, when taken together, may amount to an attempt. The question for you to decide is whether the acts of the defendant you are considering clearly indicate a willful intent to commit the crime, and whether those acts are a substantial step in a

course of conduct planned to culminate in the commission of the
crime.

> Sand, ¶ 10.02, Instr. 10-1;[1] Adapted from the
> charge of the Honorable Leonard B. Sand in
> *United States* v. *Usama Bin Laden, et al.*, S7
> 98 Cr. 1023 (S.D.N.Y. 2001), at 6173.

**Defense Objection:**

**The defense requests that the following language be added after
the Government's proposed instruction:**

---

[1] The Government respectfully requests that the Court not
adopt *in haec verba* the model attempt instruction in Sand. As
the authors there point out, although other circuits apparently
approve of the use of examples of conduct that could satisfy the
"substantial step" test, that practice is not favored in the
Second Circuit because of criticism found in *United States* v.
*Ivic*, 700 F.2d 51, 66-68 (2d Cir. 1983). *See* Sand, Instrs. 10-7
to 10-8. In *Ivic*, Judge Friendly essentially feared that the use
of examples would sometimes cause a jury to conclude summarily
that a "substantial step" had been proved upon finding conduct
that mirrored the examples; consequently, he thought, the jury
would have failed to grapple with the "harder task of determining
beyond a reasonable doubt that [the defendant's] conduct had
constituted 'a substantial step in a course of conduct planned to
culminate in his commission of crime.'" *Id.* at 68. Thus,
although the authors of Sand counsel against the use of
substantial step examples in the Second Circuit, the model
instruction goes on to articulate possible examples of "mere
preparation" by suggesting that it "may consist of planning the
offense, or of devising, obtaining or arranging a means for its
commission". Sand, Instr. 10-3. The Government submits that the
pattern instruction may then further confuse matters by advising
that some of those mere preparations nevertheless "may amount to
an attempt." *Id.* *Ivic's* concerns regarding the use of examples
of "substantial steps" should apply equally to examples of "mere
preparation." Examples should either be included or omitted as
to both, and because *Ivic* favors avoiding examples, the
Government submits that the Court should not include them at all
in its charge.

In this case, the Indictment's theory of
prosecution is that the 'substantial step'
taken by Dr. Siddiqui toward the charged goal
of killing United States Nationals was taking
possession of the M-4 and shooting it at
them.  Therefore, to satisfy this element you
must find, at the least and beyond a
reasonable doubt, that she in fact did take
possession of the M-4 and shoot it at U.S.
Nationals.  If you do not find this element
proven beyond a reasonable doubt you must
find Dr. Siddiqui not guilty of Count One.

## Count One: Attempted Murder of United States Nationals
### (18 U.S.C. § 2332)

### Premeditation

As I have already instructed you, if you find that the Government has failed to sustain its burden of proof on any element of any charge, you must find the defendant not guilty of that charge, and should so indicate on the special verdict form that will be provided to you. If, however, you find that the Government has proven beyond a reasonable doubt all the elements of a charge, you must find the defendant guilty of that charge, and should so indicate on the verdict form.

This rule applies to the charge in Count One, as it does to all the other charges in the Indictment. With respect to Count One, however, you must answer an additional question. If and only if you have found the defendant guilty of the crime of attempting to murder United States nationals charged in Count One, you must then consider whether or not the defendant also committed that crime with premeditation.

An act is done with "premeditation" if it is done after deliberation. In order to prove that the defendant acted with premeditation, the Government must prove that the defendant attempted to kill United States nationals only after thinking the matter over, deliberating whether to act before committing the crime. There is no requirement, however, that the Government

11

prove that the defendant deliberated for any particular period of time in order to show premeditation. It is sufficient if you find that, before she acted, the defendant had a period of time — of whatever length — to become fully aware of what she intended to do and to think it over before she acted.

The special verdict form will have a separate space on which to indicate your finding as to whether or not the defendant committed the crime charged in Count One with premeditation. Please remember that you should address the question of premeditation only if you have already found the defendant guilty of the charge in Count One. Please note that your answer to the question is independent of, and will not disturb, your finding as to whether or not the Government has sustained its burden of proving beyond a reasonable doubt the first two elements of Count One, as I have already instructed you.

> Sand, Instr. 41-7; *See United States* v.
> *Mulder*, 273 F.3d 91, 117 (2d Cir. 2001)
> (citing *United States* v. *Brown*, 518 F.2d 821,
> 828 (7th Cir. 1975) and *United States* v.
> *Shaw*, 701 F.2d 367, 393 (5th Cir. 1983));
> *Shaw*, 701 F.2d at 392-93.

**Defense Objection:**

**The defense made a note at the beginning of Request No. 6 stating: "object to this entire instruction and to special verdict form; state reason for request."**

**Request No. 7**
**Count Two: Attempted Murder of United States**
**Officers and Employees**
**(18 U.S.C. § 1114)**

**Statute and Indictment**

Count Two of the Indictment charges the defendant with

attempting to kill United States officers and employees, and

individuals assisting United States officers and employees.

Specifically, Count Two alleges in relevant part:

> On or about July 18, 2008, in an offense
> begun and committed outside of the
> jurisdiction of any particular State or
> District of the United States, AAFIA
> SIDDIQUI, the defendant, who was first
> brought to and arrested in the Southern
> District of New York, unlawfully, willfully,
> and knowingly attempted to commit a killing
> that is a murder, as that term is defined in
> Title 18, United States Code, Section
> 1111(a), of officers and employees of the
> United States and agencies in the executive
> branch of the United States Government while
> such officers and employees were engaged in
> and on account of the performance of official
> duties, and persons assisting such officers
> or employees in the performance of such
> duties and on account of that assistance, to
> wit, SIDDIQUI obtained U.S. Army Officer
> One's M-4 rifle, attempted to fire and fired
> it at U.S. Army Officer Two and other members
> of the U.S. Interview Team, and repeatedly
> stated her intent and desire to kill
> Americans.

The statute that the defendant is charged with violating in this

count is Section 1114 of Title 18 of the United States Code,

which provides that:

> Whoever attempts to kill . . . any officer or
> employee of the United States or of any

13

agency in any branch of the United States
Government (including any member of the
uniformed services) while such officer or
employee is engaged in or on account of the
performance of official duties, or any person
assisting such an officer or employee in the
performance of such duties or on account of
that assistance

is guilty of a crime.

Sand ¶ 41.03, Instr. 41-29; Adapted from the
charge of the Honorable Leonard B. Sand in
*United States* v. *Usama Bin Laden, et al.*, S7
98 Cr. 1023 (S.D.N.Y. 2001), 6170-71; Adapted
from the charge of the Honorable Michael B.
Mukasey in *United States* v. *Rahman*, S5 93 Cr.
181 (MBM), at 20517 (S.D.N.Y. 1995), *aff'd*,
189 F.2d 88 (2d Cir. 1999), *cert. denied*, 528
U.S. 1094 (2000).

<u>Request No. 8</u>
Count Two: Attempted Murder of United States
Officers and Employees
(18 U.S.C. § 1114)

<u>Elements of the Offense</u>

To satisfy its burden of proof as to Count Two, the

Government must prove each of the following elements beyond a

reasonable doubt:

<u>First</u>, that on or about July 18, 2008, the defendant

attempted to kill officers and employees of the United States;

and

<u>Second</u>, that the officers and employees whom the

defendant attempted to kill were engaged in, or were targeted on

account of, the performance of their official duties.

> Sand ¶ 41.03, cmt.; Adapted from the charge
> of the Honorable Michael B. Mukasey in *United
> States v. Rahman*, S5 93 Cr. 181 (MBM), at
> 20517 (S.D.N.Y. 1995), *aff'd*, 189 F.2d 88 (2d
> Cir. 1999), *cert. denied*, 528 U.S. 1094
> (2000); Adapted from the charge of the
> Honorable Leonard B. Sand in *United States* v.
> *Usama Bin Laden, et al.*, S7 98 Cr. 1023
> (S.D.N.Y. 2001), at 6171.

## Request No. 9
## Count Two:  Attempted Murder of United States
Officers and Employees
(18 U.S.C. § 1114)

### First Element

The first element that the Government must prove beyond a reasonable doubt is that on or about July 18, 2008, the defendant unlawfully, and with malice aforethought, attempted to kill officers and employees of the United States.

This element has two sub-elements.  First, that the defendant unlawfully, and with malice aforethought, intended to commit a murder.  Second, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the murder.

I have previously defined for you the terms unlawfully, with malice aforethought, murder, and what constitutes a substantial step towards the commission of a crime.  You should apply those instructions to this element of these counts as well.

> Adapted from the charge of the Honorable Michael
> B. Mukasey in *United States* v. *Rahman*, S5 93 Cr.
> 181 (MBM), at 20512 (S.D.N.Y. 1995), *aff'd* 189
> F.2d 88 (2d Cir. 1999), *cert. denied*, 528 U.S.
> 1094 (2000); Adapted from the charge of the
> Honorable Leonard B. Sand in *United States* v.
> *Usama Bin Laden, et al.*, S7 98 Cr. 1023
> (S.D.N.Y. 2001), at 6171-73.

**Defense Objection:**

**The defense requests that the following language be added after the Government's proposed instruction:**

16

I repeat, however, my previous instruction
that to satisfy this element the government
must prove that Dr. Siddiqui intended to kill
the specific person(s) named in the
indictment as the alleged intended victims,
[insert name or names]. See *United States v.
Padilla*, 771 F.Supp. 35, 39 (EDNY 1991)
(Amon, J.)

**Request No. 10**
**Count Two: Attempted Murder of United States**
**Officers and Employees**
**(18 U.S.C. § 1114)**

**Second Element**

The second element that the Government must prove beyond a reasonable doubt is that the individuals whom the defendant attempted to kill included federal officers or employees who were engaged in, or who were targeted on account of, the performance of their official duties.

The Government alleges that the defendant attempted to kill U.S. Army Officer Two and other members of the U.S. Interview Team.

For purposes of this element, I instruct you that federal officers or employees include members, officers, and employees of the United States armed forces (including the United States Army), as well as special agents and employees of the Federal Bureau of Investigation. I also instruct you that private individuals assisting United States officers and employees in the performance of their official duties are considered federal officers and employees for purposes of this element.

It is for you to determine, however, whether U.S. Army Officer Two or other members of the U.S. Interview Team in fact held any of these titles or positions at the time of the alleged

18

attempted murder, and whether they were engaged in, or were targeted on account of, the performance of their official duties.

The Government need not prove that the defendant knew the identity or affiliation of U.S. Army Officer Two or other members of the U.S. Interview Team, or that the defendant knew that they held the positions or titles in question. The crime of attempted murder of federal officers and employees is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is enough for the Government to prove that U.S. Army Officer Two or other members of the U.S. Interview Team were federal officers or employees at the time of the assault. Whether the defendant knew that U.S. Army Officer Two or other members of the U.S. Interview Team were federal officers or employees at the time is irrelevant to such a determination, and should not be considered by you.

If you find beyond a reasonable doubt that U.S. Army Officer Two or other members of the U.S. Interview Team were federal officers or employees, you must consider: *first*, whether they were engaged in the performance of their official duties, or, *second*, whether the alleged attempted murder occurred on account of the performance of their official duties.

The phrase "engaged in the performance of official duties" means participation in activity within the general scope of what the federal officer or employee victims were employed or

expected to do. Although it is not necessary for the Government to prove that U.S. Army Officer Two or other members of the U.S. Interview Team were explicitly authorized to do what they were doing at the time of the alleged attempted murder, the Government must prove beyond a reasonable doubt that their actions at the time of the alleged attempted murder were closely related to their "official duties." A United States officer or employee is not engaged in "official duties" if he is involved in some personal venture of his own.

The Government need not prove that the defendant knew that U.S. Army Officer Two or other members of the U.S. Interview Team were engaged in the performance of their official duties. It is sufficient if they were in fact engaged in the performance of their official duties.

With respect to the second theory — that U.S. Army Officer Two or other members of the U.S. Interview Team were assaulted "on account of the performance of official duties" — the Government must prove beyond a reasonable doubt that the assault was motivated by the performance of official duties by U.S. Army Officer Two or other members of the U.S. Interview Team, and not that the victims were actually engaged in the performance of such duties, as is required by the first theory.

Please note, however, that it is not necessary for the Government to prove that, at the time of the assault, U.S. Army

Officer Two or other members of the U.S. Interview Team were engaged in the performance of their official duties *and* that the assault occurred on account of their performance of official duties.

Rather, it is sufficient if you find beyond a reasonable doubt that: (1) U.S. Army Officer Two or other members of the U.S. Interview Team who were federal officers or employees were engaged in the performance of official duties at the time of the assault; or (2) that U.S. Army Officer Two or other members of the U.S. Interview Team who were federal officers or employees were assaulted on account of the performance of official duties.

> Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Usama Bin Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y. 2001), at 6173-75; Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Rahman*, S5 93 Cr. 181 (MBM), at 20512, 20518 (S.D.N.Y. 1995), *aff'd* 189 F.2d 88 (2d Cir. 1999), *cert. denied*, 528 U.S. 1094 (2000); Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Posr*, 04 Cr. 1033 (LAK), at 271-79 (S.D.N.Y. 2009), *aff'd* 300 Fed. Appx. 43, Nos. 07-0970-cr (L), 07-0972-cr (Con), 07-2145-cr (Con)., 2008 WL 4876814 (Nov. 12, 2008); Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Chestaro*, 97 Cr. 457 (LAK) (S.D.N.Y. 1997), *aff'd* 197 F.3d 600 (2d Cir. 1999), *cert. denied*, 530 U.S. 1245 (2000); Sand ¶ 41.03, Instr. 41-29 cmt.; *see also United States* v. *Matthews*, 106 F.3d 1092, 1096-97) (2d Cir. 1997) (holding that private citizen assisting federal employee with official duties falls within section 1114's protections); *United States* v. *Murphy*, 35 F.3d 143, 147 (4th Cir. 1994).

<u>Defense Objection</u>:

The defense requests that the following language be added after the Government's proposed instruction:

> However, you may not find this element
> satisfied unless you unanimously agree that
> at least one of these theories was proved
> beyond a reasonable doubt.  That is, it would
> not be sufficient if half of you find that
> the proof was sufficient under the first
> theory and half of you find the proof was
> sufficient under the second

<u>Request No. 11</u>
Count Two: Attempted Murder of United States
Officers and Employees
(18 U.S.C. § 1114)

<u>Premeditation</u>

As in the case of Count One, if and only if you have found the defendant guilty of attempting to kill United States officers and employees as charged in Count Two of the Indictment, and have so indicated on the special verdict form, then you must answer the additional question of whether or not the defendant also committed that crime with premeditation.

I have previously defined for you the term "premeditation," and you should apply those instructions to this question as well. As in the case of Count One, there will be a separate space on the verdict form on which to indicate your finding as to whether or not the defendant committed the crime charged in Count Two with premeditation.

> Sand, Instr. 41-7; *See United States* v. *Mulder*, 273 F.3d 91, 117 (2d Cir. 2001) (citing *United States* v. *Brown*, 518 F.2d 821, 828 (7th Cir. 1975) and *United States* v. *Shaw*, 701 F.2d 367, 393 (5th Cir. 1983)); *Shaw*, 701 F.2d at 392-93.

<u>Defense Objection</u>:

The defense made a note at the beginning of Request No. 11, after the heading "Premeditation," stating: "object to this instruction and use of special verdict -- state reason for request"

23

### Statute and Indictment

Count Three of the Indictment charges the defendant

with armed assault of officers and employees of the United

States.  Specifically, Count Three alleges in relevant part:

> On or about July 18, 2008, in an offense
> begun and committed outside of the
> jurisdiction of any particular State or
> District of the United States, AAFIA
> SIDDIQUI, the defendant, who was first
> brought to and arrested in the Southern
> District of New York, unlawfully, willfully,
> and knowingly forcibly assaulted, resisted,
> opposed, impeded, intimidated, and interfered
> with a person designated in Title 18, United
> States Code, Section 1114, while engaged in
> and on account of the performance of official
> duties, and in the commission of said acts,
> used a deadly and dangerous weapon, to wit,
> SIDDIQUI obtained U.S. Army Officer One's M-4
> rifle, attempted to fire and fired it at U.S.
> Army Officer Two and other members of the
> U.S. Interview Team, and repeatedly stated
> her intent and desire to kill Americans.

Title 18, United States Code, Section 111(a) provides in

pertinent part that:

> Whoever . . . forcibly assaults, resists,
> opposes, impedes, intimidates, or
> interferes with any person designated in
> section 1114 of this title while engaged
> in or on account of the performance of
> official duties . . .

is guilty of a crime.  In addition, Title 18, United States Code,

Section 111(b) makes it a crime if "in the commission of any acts

24

described" in the section I just read to you the defendant "uses a deadly or dangerous weapon."

> Sand ¶ 14.01, Instr. 14-1; Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Chestaro*, 97 Cr. 457 (LAK) (S.D.N.Y. 1997), *aff'd* 197 F.3d 600 (2d Cir. 1999), *cert. denied*, 530 U.S. 1245 (2000), and the charge of the Honorable Loretta A. Preska in *United States* v. *Critton*, 01 Cr. 652 (LAP) (S.D.N.Y. 2001).

**Request No. 13**
**Count Three: Armed Assault Upon**
**Federal Officers and Employees:**
**(18 U.S.C. § 111)**

### Elements of the Offense

In order to find the defendant guilty of this crime, the Government must prove beyond a reasonable doubt the following:

*First*, that on or about July 18, 2008, U.S. Army Officer Two or other members of the U.S. Interview Team were federal officers or employees;

*Second*, that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any of these members of the U.S. Interview Team;

*Third*, that any of these members of the U.S. Interview Team were engaged in the performance of official duties, or were targeted on account of their official duties;

*Fourth*, that the defendant acted unlawfully, willfully, and knowingly; and

*Fifth*, that the defendant used a deadly or dangerous weapon to commit such acts.

> Sand ¶ 14.01, Instr. 14-2; Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Chestaro*, 97 Cr. 457 (LAK), *aff'd* 197 F.3d 600 (2d Cir. 1999), *cert. denied*, 530 U.S. 1245 (2000), and the charge of the Honorable Loretta A. Preska in *United States* v. *Critton*, 01 Cr. 652 (LAP) (S.D.N.Y. 2001); Adapted from the charge of

the Honorable Lewis A. Kaplan in *United States* v. *Posr*, 04 Cr. 1033 (LAK), at 271-72 (S.D.N.Y. 2009), *aff'd* 300 Fed. Appx. 43, Nos. 07-0970-cr (L), 07-0972-cr (Con), 07-2145-cr (Con)., 2008 WL 4876814 (Nov. 12, 2008).

## Count Three: Armed Assault Upon
## Federal Officers and Employees:
### (18 U.S.C. § 111)

### First Element

To establish the first element, the Government must prove beyond a reasonable doubt that U.S. Army Officer Two or other members of the U.S. Interview Team were federal officers or employees on July 18, 2008.  I have previously instructed you on the law concerning whether a victim was a federal officer or employee.  You should apply those instructions to this element of this count as well.

**Count Three: Armed Assault Upon**
**Federal Officers and Employees:**
**(18 U.S.C. § 111)**

### Second Element

To satisfy the second element, the Government must prove beyond a reasonable doubt that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any member of the U.S. Interview Team who was a federal officer or employee.

What do these terms mean? There is nothing difficult about them. They have their common, everyday meaning.

Although the indictment alleges that the defendant "did forcibly assault, resist, oppose, impede, intimidate, and interfere with" U.S. Army Officer Two or other members of the U.S. Interview Team, I instruct you that it is not necessary for the Government to prove that the defendant did all of those things, that is, assaulted, resisted, opposed, and so forth. It is sufficient if the Government proves beyond a reasonable doubt that the defendant did *any one* of these several alternative acts as charged. You must, however, be unanimous in your finding of which of the acts has been proven. I will define for you the acts specified by the statute.

All of the acts — assault, resist, oppose, impede, intimidate, and interfere with — are modified by the word "forcibly." Thus, before you can find the defendant guilty, you

must find, beyond a reasonable doubt, that she acted forcibly. "Forcibly" means the use of force, the threat to use force, or the display of force in a way or with the intent to impede or intimidate or interfere with a federal officer while in the performance of official duties. "Forcibly" does not mean that force must actually have been used. It is sufficient that force was threatened. You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person has acted forcibly.

An "assault" is an attempt — or an offer with force and violence — to do injury to the person of another, with such apparent possibility of carrying out such attempt as to put the person against whom the attempt was made in fear of personal violence.

"Resist" means to withstand by physical power, to strive against, to counteract, to defeat or to frustrate.

"Oppose" means to resist by physical means.

"Impede" is defined as stopping progress, obstructing, or hindering.

"Intimidate" means to make fearful or to inspire or affect with fear, to frighten, to deter or to overawe.

"Interfere" means to come into collision with, to hinder, to interpose, or to intervene.

> Sand ¶ 14.01, Instrs. 14-4 to 14-7; Adapted
> from the charge of the Honorable Lewis A.
> Kaplan in *United States* v. *Chestaro*, 97 Cr.
> 457 (LAK) (S.D.N.Y. 1997), *aff'd* 197 F.3d
> 600 (2d Cir. 1999), *cert. denied*, 530 U.S.
> 1245 (2000), and the charge of the Honorable
> Loretta A. Preska in *United States* v.
> *Critton*, 01 Cr. 652 (LAP) (S.D.N.Y. 2001);
> Adapted from the charge of the Honorable
> Lewis A. Kaplan in *United States* v. *Posr*, 04
> Cr. 1033 (LAK), at 274-77 (S.D.N.Y. 2009),
> *aff'd* 300 Fed. Appx. 43, Nos. 07-0970-cr (L),
> 07-0972-cr (Con), 07-2145-cr (Con), 2008 WL
> 4876814 (Nov. 12, 2008).

Count Three: Armed Assault Upon
Federal Officers and Employees:
(18 U.S.C. § 111)

### Third Element

To satisfy the third element, the Government must prove beyond a reasonable doubt that, at the time of the assault, any of the victims who were federal officers or employees were engaged in, or were targeted on account of, the performance of their official duties.

I have previously instructed you on the law concerning whether officers and employees were engaged in the performance of their official duties, or whether an act or acts occurred on account of the performance of their official duties. You should apply those instructions to this element of this count as well.

> Sand ¶ 14.01, Instr. 14-8; Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Chestaro*, 97 Cr. 457 (LAK) (S.D.N.Y. 1997), *aff'd* 197 F.3d 600 (2d Cir. 1999), *cert. denied*, 530 U.S. 1245 (2000), and the charge of the Honorable Loretta A. Preska in *United States* v. *Critton*, 01 Cr. 652 (LAP) (S.D.N.Y. 2001); Adapted from the charge of the Honorable Lewis A. Kaplan in *United States* v. *Posr*, 04 Cr. 1033 (LAK), at 278-79 (S.D.N.Y. 2009), *aff'd* 300 Fed. Appx. 43, Nos. 07-0970-cr (L), 07-0972-cr (Con), 07-2145-cr (Con), 2008 WL 4876814 (Nov. 12, 2008).

Count Three: Armed Assault Upon
Federal Officers and Employees:
(18 U.S.C. § 111)

### Fourth Element

To satisfy the fourth element, the Government must
prove beyond a reasonable doubt that the defendant acted
unlawfully, willfull, and knowingly.  What do these words mean?

"Unlawfully" simply means contrary to law.  The
defendant need not have known that she was violating any
particular law or rule.  The defendant need only have been aware
of the generally unlawful nature of her acts.

An act is done "knowingly" and "willfully" if it is
done deliberately and purposefully.  That is, the defendant's act
must have been the product of the defendant's conscious objective
rather than the product of a mistake or accident, or mere
negligence, or some other innocent reason.

> Sand ¶ 14.01, Instr. 14-8; Adapted from the
> charge of the Honorable Lewis A. Kaplan in
> *United States* v. *Chestaro*, 97 Cr. 457 (LAK)
> (S.D.N.Y. 1997), *aff'd* 197 F.3d 600 (2d
> Cir. 1999), *cert. denied*, 530 U.S. 1245
> (2000), and the charge of the Honorable
> Loretta A. Preska in *United States* v.
> *Critton*, 01 Cr. 652 (LAP) (S.D.N.Y. 2001);
> Adapted from the charge of the Honorable
> Lewis A. Kaplan in *United States* v. *Posr*, 04
> Cr. 1033 (LAK), at 277-78 (S.D.N.Y. 2009),
> *aff'd* 300 Fed. Appx. 43, Nos. 07-0970-cr (L),
> 07-0972-cr (Con), 07-2145-cr (Con), 2008 WL
> 4876814 (Nov. 12, 2008); *United States* v.
> *Dardi*, 330 F.2d 316 (2d Cir. 1964), *cert.
> denied*, 379 U.S. 845 (1964); *United States* v.

*Townsend*, 987 F.2d 927, 930 (2d Cir. 1993)
(definition of "intentionally").

## Request No. 18
### Count Three: Armed Assault Upon
### Federal Officers and Employees:
### (18 U.S.C. § 111)

### Fifth Element

To satisfy the last element, the Government must prove beyond a reasonable doubt that the defendant used a deadly or dangerous weapon to assault the victim(s).

Whether the object specified in the Indictment is a deadly or dangerous weapon depends on the facts of the particular case. Almost any object can be a deadly or dangerous weapon if, as used or attempted to be used, the object may endanger life or inflict serious bodily harm. A deadly or dangerous weapon includes a weapon intended to cause death or danger but that failed to do so by reason of a defective component. It is for you to decide, on the facts of this case, whether the object specified in the Indictment (U.S. Army Officer One's M-4 rifle) was, in fact, a deadly or dangerous weapon.

Sand ¶ 14.01, Instr. 14-10.

**Defense Objection:**

The defense requests that the following language be added after the Government's proposed instruction:

> However, I wish to make clear that, since no other weapon is alleged in the indictment other than the M-4 rifle, the government, to satisfy this element, must prove that Dr. Siddiqui in fact possessed and fired this rifle.

35

## Count Four:  Using and Carrying a Firearm
### During and In Relation To a Crime of Violence
### (18 U.S.C. § 924(c))

### Statute and Indictment

Count Four of the Indictment charges defendant with using and carrying a firearm during the commission of a crime of violence.  Specifically, Count Four charges:

> On or about July 18, 2008, in an offense begun and committed outside of the jurisdiction of any particular State or District of the United States, AAFIA SIDDIQUI, the defendant, who was first brought to and arrested in the Southern District of New York, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, used, carried, brandished and discharged a firearm, to wit, SIDDIQUI used, carried, brandished and discharged U.S. Army Officer One's M-4 rifle (a machine gun) in connection with the crimes described in Counts One, Two and Three.

The statute that the defendant is charged with violating in Count Four is Title 18, United States Code, Section 924(c).  That statute provides that:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm

is guilty of a crime.

18 U.S.C. § 924(c).

### Count Four:  Using and Carrying a Firearm
### During and In Relation To a Crime of Violence
### (18 U.S.C. § 924(c))

## Elements of the Offense

To satisfy its burden of proof as to Count Four, the Government must prove each of the following elements beyond a reasonable doubt.

*First*, that the defendant committed a crime of violence for which she may be prosecuted in a court of the United States;

*Second*, that the defendant knowingly used or carried a firearm during and in relation to the commission of that crime of violence.

> Sand, Instr. 35-78; Adapted from the charge of the Honorable Michael B. Mukasey in *United States* v. *Rahman*, 93 Cr. 181 (MBM), at 20519 (S.D.N.Y. 1995), *aff'd*, 189 F.3d 88 (2d Cir. 1999), *cert. denied*, 120 S. Ct. 830 (2000).

**Request No. 21**
**Count Four:  Using and Carrying a Firearm**
**During and In Relation To a Crime of Violence**
**(18 U.S.C. § 924(c))**

**First Element**

To establish the first element, the Government must
prove beyond a reasonable doubt that the defendant committed a
crime of violence for which she might be prosecuted in a court of
the United States.

The defendant is charged with using and carrying a
firearm during the commission of the crimes of: (1) attempted
murder of U.S. nationals, as charged in Count One of the
Indictment; (2) attempted murder of United States officers and
employees, as charged in Count Two; and (3) armed assault of
United States officers and employees, as charged in Count Three.

I instruct you that (1) attempted murder of U.S.
nationals; (2) attempted murder of United States officers and
employees; and (3) armed assault of the United States officers
and employees are all federal crimes of violence.  It is for you
to determine, however, whether the Government has proven beyond a
reasonable doubt that the defendant committed any of those crimes
as charged.

You need not find, however, that the defendant
committed *all three counts*, that is, each of Counts One, Two, and
Three.  Rather, it is sufficient if you find that the defendant
committed *either* Count One, Count Two, Count Three, *or* some

combination of more than one of those Counts.

If upon all of the evidence you find that the Government has proven *none* of Counts One, Two, or Three beyond a reasonable doubt, then you are not to decide Count Four. In other words, Count Four is to be considered only if you first found the defendant guilty of either Count One, Count Two, Count Three, or some combination of more than one of those Counts.

In reaching your verdict on Count Four, you may consider the evidence of Counts One through Three only for the purpose of determining whether the elements of Count Four have been satisfied.

> Adapted from Sand, Instrs. 35-77, 35-79, and the charge of the Honorable Michael B. Mukasey in *United States* v. *Rahman*, 93 Cr. 181 (MBM), at 20519-20 (S.D.N.Y. 1995), *aff'd*, 189 F.3d 88 (2d Cir. 1999), *cert. denied*, 120 S. Ct. 830 (2000).

**Count Four: Using and Carrying a Firearm**
**During and In Relation To a Crime of Violence**
**(18 U.S.C. § 924(c))**

### Second Element

To satisfy the second element, the Government must
prove beyond a reasonable doubt that the defendant knowingly used
or carried a firearm during and in relation to the commission of
the underlying crime of violence. Count Four alleges that the
defendant did "use and carry" a firearm. Where, as here, both
using and carrying are charged, the Government need only prove
one or the other, not both.

A "firearm" is any weapon which will, or is designed
to, or may be readily converted to, expel a projectile by the
action of an explosive.

To prove that the defendant used a firearm, the
Government must prove beyond a reasonable doubt that there was an
active employment of the firearm by the defendant during and in
relation to the commission of the crime of violence. This does
not mean that the defendant must actually fire or attempt to fire
the weapon, although those obviously would constitute use of the
weapon. Brandishing, displaying, or even referring to the weapon
so that others present knew that the defendant had the firearm
available if needed all constitute "use" of the firearm.
However, the mere possession of a firearm at or near the site of
the crime without active employment as I just described it is not

40

sufficient to constitute a use of the firearm.

To prove that the defendant carried a firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within her control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of the crime. The defendant did not necessarily have to hold the firearm physically, that is, have actual possession of it on her person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm in such a way that it furthered the commission of the crime of violence, you may find that the Government has proven that the defendant carried the weapon.

To satisfy this element, you must also find that the defendant acted knowingly, *i.e.*, that she carried the firearm purposely and voluntarily, and not by accident or mistake. It also means that she knew that the weapon was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that she was breaking the law.

> Adapted from Sand, Instr. 35-80, and the charge of the Honorable Michael B. Mukasey in *United States* v. *Rahman*, 93 Cr. 181 (MBM), at 20520 (S.D.N.Y. 1995), <u>aff'd</u>, 189 F.3d 88 (2d Cir. 1999), *cert. denied*, 120 S. Ct. 830 (2000).

<u>Defense Objection</u>:

The defense objects to the third, fourth and fifth paragraphs of
the Government's request.  The defense requests that the first
sentence of the third paragraph be modified to read: "To prove
that the defendant used a firearm, as alleged in the Indictment,
the Government must prove beyond a reasonable doubt that Dr.
Siddiqui possessed and fired the M-4 rifle."  The defense then
requests that the remainder of the third paragraph of the
Government's request, as well as the fourth and fifth paragraphs
in their entirety, be stricken from the charge.

Request No. 23
Count Five: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

## Statute and Indictment

Count Five of the Indictment charges defendant with

assaulting an individual assisting an officer and employee of the

United States.   Specifically, Count Five charges:

> On or about July 18, 2008, in an offense
> begun and committed outside of the
> jurisdiction of any particular State or
> District of the United States, AAFIA
> SIDDIQUI, the defendant, who was first
> brought to and arrested in the Southern
> District of New York, unlawfully, willfully,
> and knowingly forcibly assaulted, resisted,
> opposed, impeded, intimidated, and interfered
> with a person designated in Title 18, United
> States Code, Section 1114, while engaged in
> and on account of the performance of official
> duties, where said acts involved physical
> contact with that person and the intent to
> commit another felony, to wit, SIDDIQUI
> physically resisted and struggled with
> Interpreter One as he attempted to obtain
> U.S. Army Officer One's M-4 rifle from her.

Title 18, United States Code, Section 111(a) provides

in pertinent part that:

> Whoever . . . forcibly assaults, resists,
> opposes, impedes, intimidates, or interferes
> with any person designated in section 1114 of
> this title while engaged in or on account of
> the performance of official duties . . .

is guilty of a crime.   The statute also makes it a separate crime

for a defendant to commit those acts I just described "where such

acts involve physical contact with the victim of that assault or the intent to commit another felony."

<u>Defense Objection</u>:

Immediately before the "to wit" clause of the Indictment, the defense makes the following comment:

> As to Counts Five, Six and Seven: The "other felony" is not alleged and this language should therefore be deleted from the Indictment and the charge

**Count Five: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)**

## Elements

In order to find the defendant guilty of this crime, you must find the following beyond a reasonable doubt:

*First*, that, on or about July 18, 2008, the alleged victim of Count 5 – Interpreter 1 – was an individual assisting federal officers or employees in the performance of their official duties;

*Second*, that, at the time of the alleged assault, the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Interpreter 1 and this forcible action involved physical contact with the victim;

*Third*, that, at the time of the alleged assault, Interpreter 1 was engaged in the performance of his official duties, or that the defendant assaulted Interpreter 1 on account of these duties; and

*Fourth*, that the defendant acted unlawfully, willfully, and knowingly.

**Defense Objection:**

**The defense requests that the first element be described as follows: "First, that, on or about July 18, 2008, the alleged victim of Count 5 – Interpreter 1 – was an individual assisting federal officers or employees in the performance of their official duties, specifically, assisting in efforts to obtain the M-4 rifle from Dr. Siddiqui."  The defense also requests similar**

45

modifying language – "specifically, assisting in efforts to
obtain the M-4 rifle from Dr. Siddiqui" – with respect to the
description of the first element for Counts 6 and 7.

## Count Five: Assault of Officers and
## Employees of the United States
## (18 U.S.C. § 111)

### First Element

To satisfy the first element, the Government must prove beyond a reasonable doubt that the victim was a federal officer or employee, or an individual assisting a federal officer or employee in the performance of their official duties.

I have previously instructed you on the law concerning whether a victim was a federal officer or employee, or an individual assisting such an officer or employee in the performance of their official duties. You should apply those instructions to this element of this count as well.

### Defense Objection:

As to this request, as well as the requests relating to the First Element for Counts Six and Seven, the defense proposes that the following language be added to the Government request as drafted, after the two paragraphs above: "In particular, the Indictment charges that [Interpreter 1 (Count 5)/FBI Special Agent One (Count 6)/U.S. Army Officer Two (Count 7)] was assaulted by Dr. Siddiqui as he attempted to take the M-4 rifle from her. Accordingly, to satisfy this element the Government must, at least, prove beyond a reasonable doubt that in fact Dr. Siddiqui was in possession of the M-4 and that [Interpreter 1 (Count 5)/FBI Special Agent One (Count 6)/U.S. Army Officer Two (Count 7)] was in fact attempting to take the rifle from her when he allegedly was assaulted."