<u>Request No. 26</u>
Count Five: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

<u>Second Element</u>

To satisfy the second element, the Government must prove beyond a reasonable doubt that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Interpreter 1. I have previously instructed you on the meaning of these terms. You should apply those instructions to this element of this count as well.

In addition, to find the defendant guilty of Count 5, you must find beyond a reasonable doubt that the forcible conduct involved actual physical contact with Interpreter 1.

Sand Instr. 14-4.

48

**Request No. 27**
**Count Five: Assault of Officers and**
**Employees of the United States**
**(18 U.S.C. § 111)**

**Third Element**

To satisfy the third element, the Government must prove beyond a reasonable doubt that, at the time of the act or acts charged in the Indictment, Interpreter 1 was engaged in the performance of his official duties, or that he was assaulted on account of the performance of his official duties.  I have previously instructed you on the law concerning whether an individual was engaged in the performance of his official duties, or whether an individual was assaulted on account of the performance of his official duties.  You should apply those instructions to this element of these counts as well.

<u>Request No. 28</u>
Count Five: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

<u>Fourth Element</u>

To satisfy the fourth element, the Government must prove beyond a reasonable doubt that the defendant acted unlawfully, willfully, and knowingly.  I have previously instructed you on the law concerning these terms.  You should apply those instructions to this element of this count as well.

50

<u>Request No. 29</u>
Count Six: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

<u>Statute and Indictment</u>

Count Six of the Indictment charges the defendant with

assaulting an officer or employee of the United States.

Specifically, Count Six charges:

> On or about July 18, 2008, in an offense
> begun and committed outside of the
> jurisdiction of any particular State or
> District of the United States, AAFIA
> SIDDIQUI, the defendant, who was first
> brought to and arrested in the Southern
> District of New York, unlawfully, willfully,
> and knowingly forcibly assaulted, resisted,
> opposed, impeded, intimidated, and interfered
> with, a person designated in Title 18, United
> States Code, Section 1114, while engaged in
> and on account of the performance of official
> duties, where said acts involved physical
> contact with that person and the intent to
> commit another felony, to wit, SIDDIQUI
> physically resisted, opposed, impeded and
> interfered with FBI Special Agent One, as he
> attempted to subdue her, by hitting and
> striking him and stating her intent and
> desire to kill Americans.

As I previously instructed you, Title 18, United

States Code, Section 111(a) provides in pertinent part that:

> Whoever . . . forcibly assaults, resists,
> opposes, impedes, intimidates, or interferes
> with any person designated in section 1114 of
> this title while engaged in or on account of
> the performance of official duties . . .

is guilty of a crime.  The statute also makes it a separate crime

for a defendant to commit those acts I just described "where such

51

acts involve physical contact with the victim of that assault or the intent to commit another felony."

<u>Defense Objection</u>:

Immediately before the "to wit" clause of the Indictment, the defense makes the following comment:

> As to Counts Five, Six and Seven: The "other felony" is not alleged and this language should therefore be deleted from the Indictment and the charge

<u>Request No. 30</u>
Count Six: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

<u>Elements of the Offense</u>

In order to find the defendant guilty of this crime, you must find the following beyond a reasonable doubt:

*First*, that, on or about July 18, 2008, the alleged victim of Count Six – Special Agent One – was a federal officer or employee;

*Second*, that, at the time of the alleged assault, the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Special Agent One, and that the forcible conduct involved actual physical contact with Special Agent One;

*Third*, that, at the time of the alleged assault, Special Agent One was engaged in the performance of his official duties, or that Special Agent One was assaulted on account of his official duties; and

*Fourth*, that the defendant acted unlawfully, willfully, and knowingly.

I previously defined for you the terms for all of these elements. You should apply those instructions to these elements of this count as well.

<u>Request No. 31</u>
Count Seven: Assault of Officers and
Employees of the United States
(18 U.S.C. § 111)

<u>Statute and Indictment</u>

Count Seven of the Indictment charges defendant with

assaulting an officer or employee of the United States.

Specifically, Count Seven charges:

> On or about July 18, 2008, in an offense
> begun and committed outside of the
> jurisdiction of any particular State or
> District of the United States, AAFIA
> SIDDIQUI, the defendant, who was first
> brought to and arrested in the Southern
> District of New York, unlawfully, willfully,
> and knowingly forcibly assaulted, resisted,
> opposed, impeded, intimidated, and interfered
> with a person designated in Title 18, United
> States Code, Section 1114, while engaged in
> and on account of the performance of official
> duties, where said acts involved physical
> contact with that person and the intent to
> commit another felony, to wit, SIDDIQUI
> physically resisted, opposed, impeded and
> interfered with U.S. Army Officer Two as he
> attempted to subdue her and carry her out of
> the ANP facility, by kicking him, and
> attempting to kick him.

As I previously instructed you, Title 18, United

States Code, Section 111(a) provides in pertinent part that:

> Whoever . . . forcibly assaults, resists,
> opposes, impedes, intimidates, or interferes
> with any person designated in section 1114 of
> this title while engaged in or on account of
> the performance of official duties . . .

is guilty of a crime.  The statute also makes it a separate crime

for a defendant to commit those acts I just described "where such

54

acts involve physical contact with the victim of that assault or the intent to commit another felony."

<u>Defense Objection</u>:

Immediately before the "to wit" clause of the Indictment, the defense makes the following comment:

> As to Counts Five, Six and Seven: The "other felony" is not alleged and this language should therefore be deleted from the Indictment and the charge

55

**Request No. 32**
**Count Seven: Assault of Officers and**
**Employees of the United States**
**(18 U.S.C. § 111)**

**Elements of the Offense**

In order to find the defendant guilty of this crime, you must find the following beyond a reasonable doubt:

*First*, that, on or about July 18, 2008, the alleged victim of Count Seven – U.S. Army Officer Two – was an officer or employee of the United States.

*Second*, that, at the time of the alleged assault, the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with U.S. Army Officer Two, and that the forcible conduct involved actual physical contact with U.S. Army Officer Two;

*Third*, that, at the time of the alleged assault, U.S. Army Officer Two was engaged in the performance, or was assaulted on account, of his official duties; and

*Fourth*, that the defendant acted unlawfully, willfully, and knowingly.

I previously explained for you all of these elements. You should apply those instructions to the elements for this count as well.

56

### Request No. 33

### Venue

Federal law provides certain rules that govern the location where a criminal prosecution may be brought by the United States Government, and these are known as venue rules. As you have heard throughout this trial, the acts alleged to have taken place in the Indictment occurred overseas, in Ghazni, Afghanistan. Nevertheless, American law provides that the defendants charged with committing those acts may be prosecuted here in the Southern District of New York, so long as you the jury find certain facts to be true. In other words, as to the counts of the Indictment I have discussed with you thus far, you the jury must find that venue properly existed in the Southern District of New York. Venue is just a fancy word for the place where somebody may be tried. In this regard, the Government need not prove that the crime was committed in this District or that the defendant herself was present here.

The Government's burden of proof with respect to establishing venue under each count of the Indictment where venue is at issue is by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that something is more likely true than not true. It is determined by considering all the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or

if you cannot say on which side it weighs heavier, you resolve the question of venue against the Government.

Now, as to the counts in the Indictment, venue will be established if you find, by a preponderance of the evidence, that the defendant was first brought to, or arrested in, the Southern District of New York after the alleged commission of the charged counts. In other words, the Government must prove, by a preponderance of the evidence, that after the alleged commission of the offenses on July 18, 2008, the defendant was first brought into the United States, or arrested, within the Southern District of New York. I instruct you that Newburgh, New York, where Stewart Air Force Base is located, is in Orange County, New York, which is within the Southern District of New York. So too is New York County, better known as Manhattan.

If you find that venue has not been proven, then you must find the defendant not guilty as to that count.

> Adapted from the charge of the Honorable
> Leonard B. Sand in *United States* v. *Usama Bin
> Laden, et al.*, S7 98 Cr. 1023 (S.D.N.Y.
> 2001), at 6200-02; *see also United States* v.
> *Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir.
> 1991) (affirming that venue is governed by a
> preponderance standard); *see also* 18 U.S.C.
> § 3238.

## Defense Objection:

"We are aware of Second Circuit law applying the preponderance standard to venue but object and request that the Court instruct that venue must be proved beyond a reasonable doubt."

## Request No. 34

## Variance In Dates

The Indictment refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

> Adapted from the charged of Judge Edward
> Weinfeld in *United States* v. *Della Rocca*, 72
> Cr. 217 (S.D.N.Y. 1972), and from the charge
> of Judge Charles Metzner in *United States* v.
> Koss, *aff'd*, 506 F.2d 1103 (2d Cir. 1974).

### Request No. 35

### Particular Investigative Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt for each count.

> Adapted from Sand, Instr. 4-4, and from the charge of the Honorable Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in *United States* v. *Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**Defense Objection:**

The defense requests that the word "however" be removed from the second sentence of the first paragraph above, so that it reads: "There is no legal requirement that the Government prove its case through any particular means." The defense then requests that the remainder of the first paragraph of the Government's request be stricken. The defense further requests that the second paragraph be revised as follows: "What you should be focused on is whether on the evidence or lack of evidence, the guilt of the

60

defendant has been proven beyond a reasonable doubt for each count."

## Request No. 36

### Preparation Of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, you should keep in mind that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without having such a consultation beforehand.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Charge of Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## Request No. 37

## Stipulation Of Facts

### [If Applicable]

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You should regard such agreed facts as true.

Sand, Instr. 5-6.

<u>Request No. 38</u>

<u>Stipulation of Testimony</u>

[If Applicable]

In this case you have heard evidence in the form of various stipulations of testimony.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, Instr. 5-7.

<u>**Request No. 39**</u>

<u>**Judicial Notice**</u>

**[If Applicable]**

I have taken judicial notice of certain facts that I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to, agree that these facts are true.

Adapted from Sand, Instr. 5-5.

65

## Request No. 40

## Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from Sand, Instr. 3-4, and from Judge Henry R. Werker's charge in *United States* v. *Barnes*, 77 Cr. 190 (Nov. 29, 1977), *aff'd,604* F.2d 121 (2d Cir. 1979); *United States* v. *McGrath*, 78 Cr. 315 (Dec. 19, 1978), *aff'd,* 613 F.2d 361 (2d Cir. 1979).

**Defense Objection:**

**The defense objects to the Government's charge "because of no relevance."  The defense also specifically indicated that "wholly" should be deleted from the last sentence of the Government's proposed charge.**

66

### Request No. 41

### Defendant's Right Not to Testify

### [If Requested by Defense]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Instr. 5-21.

**The defense requests that this charge be given.**

67

<u>Request No. 42</u>

<u>Uncalled Witness Equally Available To Both Sides</u>

There are people whose names you heard during the course of the trial but who did not appear here to testify. I instruct you that all parties had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Sand, Instr. 6-7.

<u>Defense Objection</u>:

**The defense requests that the following sentence be added at the end of the Government's proposed charge: "Rather, the Government bears the burden of proving guilt beyond a reasonable doubt."**

### Request No. 43

### Punishment Is Not To Be Considered By The Jury

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not even consider the question of possible punishment in the event you were to find the defendant guilty on one or more counts. Under our system, sentencing or punishment is exclusively the function of the court. It is not your concern and you should not give any consideration to that issue in determining what your verdict will be.

Therefore, I instruct you not to consider punishment or possible punishment at all in your deliberation in this case.

Adapted from Sand, Instr. 9-1.

### Defense Objection:

**The Defense requests that the final sentence in the Government's proposed charge be stricken as "redundant."**

69

<u>Request No. 44</u>

<u>Charts And Summaries</u>

[If Applicable]

Some charts and summaries were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts correctly present the information in the testimony and the documents on which they were based.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

Sand, Instr. 5-13.

## Request No. 45

## Expert Testimony

You have heard testimony from what we call an expert witness. An expert is allowed to express his opinion on matters about which he has specialized knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether to believe a witness' testimony. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Sand, Instr. 7-21.

**Request No. 46**

**Evidence Obtained Pursuant To Search**

You have heard testimony about evidence that was seized in various searches. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N. Leval in *United States* v. *Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**Defense Objection:**

The defense requests that "full consideration along with all the other evidence in the case" be stricken from the final sentence in the Government's proposed charge and replaced with "whatever weight you believe it deserves."

72

### Request No. 47

### Sympathy:   Oath As Jurors

Under your oath as jurors you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves as you sift through this evidence is:   Has the Government proven its case beyond a reasonable doubt?   You are to determine this solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from Sand, Instr. 2-12.

### Defense objection:

The defense requests that "or lack of evidence" be added after the clause "on the basis of the evidence" in the last sentence of the Government's proposed charge.

73

## Request No. 48

### Law Enforcement Witnesses

You have heard the testimony of various members of law enforcement, including agents with the Federal Bureau of Investigation. You also have heard from witnesses employed by the Department of Defense. The fact that a witness may be employed by the Government, as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Sand, Instr. 7-16.

74

<u>Request No. 49</u>

<u>Limiting Instruction: Other Act Evidence</u>

[If Applicable]

The Government has offered evidence tending to show
that on a different occasion the defendant engaged in other acts
which you may conclude bear upon your consideration of the acts
that are charged in the Indictment.  Specifically, the Government
has offered evidence tending to show that the defendant possessed
certain materials [include more specific descriptive language as
appropriate] prior to her alleged commission of the acts charged
in the Indictment.

In that connection, let me remind you that the
defendant is not on trial for committing acts not alleged in the
Indictment.  Accordingly, you may not consider this evidence of
other acts as a substitute for proof that the defendant committed
the crimes charged.  Nor may you consider this evidence as proof
that the defendant has a criminal personality or bad character.
The evidence of the other acts was admitted for a much more
limited purpose and you may consider it only for that limited
purpose.

Let me discuss that limited purpose:

If you determine that the defendant committed the acts
charged in the Indictment and the other acts as well, then you
may, but need not, draw an inference that in doing the acts

75

charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons.  You may also, but need not, draw an inference that the defendant had a motive to commit the acts charged in the Indictment.  Thus, you may consider these other acts - namely, the defendant's possession of certain materials - in determining whether the defendant acted with knowledge and intent in this case, and whether the defendant had a motive to commit the acts charged in the Indictment.

Evidence of other acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other acts she must also have committed the acts charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, *Modern Federal Jury Instructions*, Instr. 5-25; *see United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**Defense objection:**

**The Defense requests that "tending to show" be deleted from the second sentence of the Government's proposed charge, and that "allegedly" be inserted before "possessed" in the same sentence.**

76

Request No. 50

Deposition Testimony

[If Applicable]

(To be read before the deposition testimony

of any witness is introduced at trial)

You are about to hear deposition testimony, in the form

of a videotape, of an Afghan witness who provided the testimony

at a hotel in Afghanistan on December 22, 2009, on behalf of the

defendant.

The Afghan witness did not testify before a United

States judge or a jury.  The Afghan witness provided the

testimony to one of the defense lawyers and two of the

prosecutors in this case, in what is known as a deposition, which

is the examination of a witness by the attorneys for the parties

before trial.  Prior to providing testimony, the Afghan witness

was administered an oath by an Afghan Judge, which is neither

enforceable nor recognized in the United States.  An interpreter

was also present for this deposition, whose voice you will hear

on the videotape.

[In the event that the jury is also provided with a

transcript of the deposition: No court reporter was present for

the deposition.  Rather, the defendant videotaped the deposition,

and then provided it at a later date to a court reporter who

transcribed the translations that were made during the

77

deposition.  The defendant also provided the videotape to a court-certified interpreter, who reviewed the videotape for accuracy.  Any corrections by the court-certified interpreter are noted on the transcript.]

The Afghan witness whose testimony you are about to hear did not testify here before you in person.  You therefore are not in as good a position to observe the way the witness testified as if he testified before you in person.  That means that it is less likely that you will be able to evaluate his credibility as well as you can evaluate the credibility of a witness whom you saw testify before you.

I also instruct you that the Afghan witness whose testimony you are about to hear cannot be extradited from Afghanistan to the United States on the ground that he committed perjury during the Deposition.  Accordingly, the Afghan witness whose testimony you are about to hear faces no sanction for perjury in the United States in the event that he made any intentionally false or untrue statements during his Deposition.

You should take these facts into account in evaluating and considering the testimony you are about to hear.

> *See United States* v. *Croft*, 124 F.3d 1109,
> 1118 (9th Cir. 1997) (holding that denial of
> defendant's motion for deposition in Germany
> was within district court's discretion and
> noting that "if the deposition had been
> introduced in evidence, the court would have
> instructed the jury that it could consider
> the fact that the deposition testimony was

78

given under an oath that the United States
had no way of enforcing."); *United States* v.
*Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988)
("[f]oreign deposition testimony, because of
the absence of a sanction for perjury, is
suspect."); *United States* v. *Salim*, 664 F.
Supp. 682, 685 (E.D.N.Y. 1987) (Weinstein,
J.), *aff'd* 855 F.2d 944 (2d Cir. 1988);
(permitting court reporter to testify
regarding his transcription of a foreign
deposition and stating "before [the court
reporter's] taking the stand the court
instructed the jury on the letters rogatory
procedure and the circumstances under which
the deposition was taken"); *id.* at 686
(noting that trial court "provided the jury
with an explanatory and cautionary
instruction emphasizing the dangers arising
from the lack of ability of the jury to
evaluate credibility adequately, particularly
because of its inability to observe the
deponent's demeanor; instruction stated "you
are not in a position to observe the way [the
deponent] testified so you cannot observe her
demeanor.  That means that it is less likely
that you will be able to evaluate her
credibility as well as you could evaluate the
credibility of a witness who you saw testify
before you."); *United States* v. *Valencia-
Trujillo*, No. 8:02-Cr-329-T-17-EAJ, 2006 WL
2444067, at * 1 (M.D. Fl. Aug. 22, 2006)
(holding that the Court may provide a
limiting, special instruction at trial before
an overseas videotaped deposition of any
foreign law enforcement witness - taken by
the Government or defense - is played for the
jury).

****

79

(To be read when the jury is charged

at the conclusion of the case)

You also have heard deposition testimony, in the form

of videotape, of [] Afghan witness[es] who provided the testimony

at a hotel in Afghanistan on December 22, 2009, on behalf of the

defendant.

As I previously instructed you, the Afghan witness[es]

did not testify before a United States judge or a jury.  The

Afghan witness[es] provided the testimony to one of the defense

lawyers and two of the prosecutors in this case, in what is known

as a deposition, which simply is the examination of a witness by

the attorneys for the parties before trial.  Prior to providing

testimony, the Afghan witness[es] was administered an oath by an

Afghan Judge, which is neither enforceable nor recognized in the

United States.  An interpreter was also present for this

deposition, whose voice you will hear on the videotape.

[In the event that the jury is also provided with a

transcript of the deposition: No court reporter was present for

the deposition.  Rather, the defendant videotaped the deposition,

and then provided it at a later date to a court reporter who

transcribed the translations that were made during the deposition.

The defendant also provided the videotape to a court-certified

interpreter, who reviewed the videotape for accuracy.  Any

corrections by the court-certified interpreter are noted on the

80

transcript.]

As I previously instructed you, the Afghan witness[es] whose deposition testimony you heard did not testify here before you in person.  You therefore were not in as good a position to observe the way the witness[es] testified as if he had testified before you in person.  That means that it is less likely that you will be able to evaluate his credibility as well as you can evaluate the credibility of a witness whom you saw testify before you.

As I also instructed you, the Afghan witness[es] whose testimony you heard cannot be extradited from Afghanistan to the United States on the ground that he committed perjury during the Deposition.  Accordingly, the Afghan witness[es] whose testimony you heard faces no sanction for perjury in the United States in the event that he made any intentionally false or untrue statements during his Deposition.

You should take these facts into account in evaluating and considering the deposition testimony you heard from the Afghan witness[es].

**Defense objection:**

**The Defense objects to this instruction as "inaccurate and one-sided."  The Defense has advised that they will provide an alternative instruction.**

81

## Request No. 51

## Impeachment by Prior Inconsistent Statement

### [If Applicable]

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believed the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine wether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to

82

believe all or part of the witness's testimony.

Sand, Instr. 7-19.

<u>Defense Objection</u>:

The defense objects to the entirety of this charge, and propose the following charge instead:

Now some words about the credibility of witnesses. You, the jury, are the sole judge of the credibility or believability of the witnesses and the weight their testimony deserves.  You should carefully scrutinize all of the testimony, given the circumstances under which each witness testified and their manner in testifying in order to assess whether the witnesses are worthy of your belief.

Your decision in this respect may depend on how that witness impressed you. In assessing the witnesses, you should ask yourselves the following questions: Did the witness seem candid and forthright or did the witness seem to be hiding something, being evasive or suspect in some way? How did the witness' testimony in direct examination compare with the witness' testimony on cross examination? Was the witness consistent in the testimony given or were there contradictions? Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report that knowledge accurately? To what extent is the witness' testimony consistent with either direct or circumstantial evidence that you find to be credible? The fact that a witness may previously have been convicted of a crime may also be considered by you in evaluating the witness' credibility.

How much you choose to believe any witness may be influenced by any bias that you may perceive the witness to have.  Along this line, you may ask whether the witness has a

83

relationship with the government or defendant
that may have affected the testimony given?
Does the witness have some incentive, loyalty
or motive that caused the witness to shade the
truth, or does the witness have some bias,
prejudice or hostility that may have caused
the witness, consciously or not, to give
something other than a completely accurate
account of the facts.

Even if you think a particular witness
was impartial, you should consider whether the
witness had an opportunity to observe the
facts about which he or she testified.

You may also consider the witness'
ability to express himself or herself. You
should ask yourselves whether a witness'
recollection of the facts stands up, in light
of all the other evidence before you.
Inconsistencies or discrepancies in the
testimony of a witness or between the
testimony of different witnesses may or may
not cause you to discredit such testimony.  In
weighing the effects of an inconsistency or
discrepancy, you should consider whether it
pertains to a matter of importance or an
unimportant detail and whether the
inconsistency or discrepancy results from
innocent error or intentional falsehood.

If you find that any statement made by a
witness on the stand is intentionally false in
whole or part, you may disregard the
particular part you find to be intentionally
false, or you may disregard the witness'
entire testimony as not worthy of belief.

If you find that a witness' testimony is
contradicted by what that witness has said or
done at another time or by the testimony of
other witnesses, you may disbelieve all or any
part of the witness' testimony.  But in
deciding whether or not to believe the
witness, keep this in mind: People sometimes

forget things. Contradiction may be an innocent lapse of memory or may be an intentional falsehood.  Consider, therefore, whether it has to do with an important fact or only a small detail.

Also, different people observing the same event may remember it differently, and therefore testify about it differently. In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given and all the other evidence in the case. Always remember that you should use your common sense, your good judgment and your life experience.

*United States* v. *Abu Bakr Raheem*, 04 Cr. 706 (E.D.N.Y. Trager) (transcript July 1, 2008)

### Request No. 52

### Right To Hear Testimony;
### Communications With The Court; Note-Taking

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room.  If you want any of the testimony read or given to you in hard copy that can be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony which you may want.

Your requests for exhibits or testimony – in fact, any communications with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any communication, please do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Some of you have taken notes during parts of the trial.  Please recall my earlier instruction regarding note-taking.  Notes can be useful to focus a note-taker's attention, and may aid the recollection of the note-taker.  Note-taking may, however, distract a note-taker from hearing or seeing other important evidence.  Notes should be used solely to refresh the note-taker's

86

recollection of the testimony, and are not a substitute for the transcript of the testimony, which has been taken down *verbatim* by the court reporter.  Just because one juror has taken notes does not mean the notes are any more accurate than any other jurors' recollection.  And please remember that if notes were taken during the lawyers' arguments, the lawyers' arguments are not evidence.

### Request No. 53

### Verdict Must Be Unanimous

Your function now is to weigh the evidence in this case and to determine whether the Government has proven its case with respect to each count beyond a reasonable doubt.

You must base your verdict solely on evidence and these instructions as to the law, and you are obliged by your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. To return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and to change an opinion if you become convinced that it is mistaken. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Remember at all times, you are not partisans. You are

judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Remember that your verdict must be rendered without fear or favor, and without prejudice or sympathy.

You are free to select any foreperson you like.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.  That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.  During your deliberations, please communicate with the court only in writing and only through your foreperson.