

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

Defense to respond by 5:00
P.M. today. No more motions
by either side without
prior approval by the Court.
SO ORDERED:
Date: 1/8/10
Richard M. Berman
Richard M. Berman, U.S.D.J.

RECEIVED
JAN 08 2010
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

January 8, 2010

**By Hand**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

MEMO ENDORSED
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 1/8/10

**Re: United States v. Aafia Siddiqui**
**08 Cr. 826 (RMB)**

Dear Judge Berman:

We understand that the defendant has served a Rule 17(c) subpoena on the MDC seeking "[a]ny and all correspondence from the Assistant United States Attorney to the Bureau of Prisons regarding their request for transcripts of Aafia Siddiqui's phone calls, or their request for any such monitoring." The Government learned of the subpoena, which was the result of an *ex parte* application to the Court, from personnel at the MDC. The Government has offered to produce to the defense all of the subpoenas that were served on the MDC in order to obtain the defendant's recorded phone calls and translations of those calls, and the Bureau of Prisons will produce these records in response to the subpoena as directed by the Court. The Government, however, believes that the production of any communications beyond the subpoenas themselves is not appropriate and therefore respectfully moves to quash/objects to the defendant's request for these materials. We have spoken with legal counsel at the MDC, and it is with their concurrence that the Government makes this application.

The Government submits that it has standing to challenge the defendant's subpoena even though it was served on a third party, *see, e.g., United States* v. *Nachamie*, 91 F. Supp.2d 552, 561 (S.D.N.Y. 2000) (finding that the government lacks standing to quash subpoenas issued to third party witnesses), because of the Government's interest in the requested materials. *Id.* at 558 (a party has standing if the motion to quash is based on "a claim of privilege or a proprietary interest in the subpoenaed material"); *see also United States* v. *Reyes*, 1995 WL 412576, at *2-3 (S.D.N.Y. July 12, 1995) (same). Indeed, certain materials responsive to the defendant's request for communications originating from this Office may well constitute attorney work product. Moreover, courts in this district have held that the Government may properly move to quash Rule 17(c) subpoenas served on the Bureau of Prisons. *See, e.g., United States* v. *Jackson*, No. 02 Cr. 756 (LMM), 2006 WL 1993251, at *1-2 (S.D.N.Y. July 14, 2006); *United States* v. *J.C. Green*, No. 06 Cr. 445 (KMW) (S.D.N.Y. 2007). Finally, regardless of the Government's standing, the Court has a duty to ensure that subpoenas are issued only for proper

purposes and that they are in compliance with Rule 17. *See, e.g., United States* v. *Tucker*, 249 F.R.D. 58, 60 n.3 (S.D.N.Y. 2008); *United States* v. *Weissman*, 2002 WL 1467845, at *1 (S.D.N.Y. Dec. 26, 2002) ("Limiting the Court's discretion over Rule 17(c) pre-trial subpoenas to resolution of motions to quash, however, would be inadequate to assuring that such subpoenas are not abused or used for impermissible discovery. In many instances, the opposing party may lack standing to challenge a subpoena issued to a third party. In that case, the Court's ability to review the validity of Rule 17(c) pre-trial subpoenas will depend solely upon the filing of a motion to quash by a third part who may lack the incentive or knowledge to make such a motion.").

Courts have uniformly held that Rule 17 is not a discovery device to be used in criminal cases as a supplement to Rule 16. *See, e.g., Bowman Dairy Co.* v. *United States*, 341 U.S. 214, 220 (1951); *United States* v. *Fowler*, 932 F.2d 306, 311 (4th Cir. 1991); *United States* v. *Cuthbertson*, 630 F.2d 139, 144, 146 (3d Cir. 1980); *United States* v. *Murray*, 297 F.2d 812, 821 (2d Cir. 1962); *United States* v. *Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States* v. *Gel Spice Co.*, 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985). In order to obtain a pretrial subpoena, a movant "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. Under this test, the documents sought "cannot be *potentially* relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought." *United States* v. *Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965); *see also Cherry*, 876 F. Supp. at 552 (same).

Rule 17(c) is thus different from the civil rules which permit the issuance of subpoenas to seek production of documents or materials which, although themselves not admissible, may lead to admissible evidence. *See Cherry*, 876 F. Supp. at 552; *see also United States* v. *Gross*, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case. This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials.").

Apart from the subpoenas served by the Government requesting production of the defendant's telephone calls – which the defendant may legitimately seek in order to consider whether there is a basis for a suppression motion – the potentially broader materials requested by the defendant's subpoena – specifically, all communications between the Government and the Bureau of Prisons – are neither relevant nor evidentiary. As such, they are not properly requested under Rule 17.[1]

Respectfully submitted,

PREET S. BHARARA
United States Attorney

By: [signature]
Christopher L. LaVigne
David M. Rody
Jenna M. Dabbs
Assistant United States Attorneys
(212) 637-2325/2304/2212

cc: Dawn Cardi, Esq. (by email)
Linda Moreno, Esq. (by email)
Elaine Sharp, Esq. (by email)
Charles D. Swift, Esq. (by email)

---

[1] Moreover, the Government previously indicated to the defendant that it was considering introducing certain of the defendant's recorded calls solely for the purpose of establishing at trial that the defendant is fluent in both English and Urdu. As a result of recent discussions with defense counsel, we now understand that we have an agreement in principle not to offer the recorded telephone calls in the Government's case in chief in exchange for a stipulation that the defendant is fluent in both of these languages, which makes the defendant's request for communications from the Government to the MDC even less relevant.