# EXHIBIT J



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 26, 2009

By Courier

Dawn M. Cardi, Esq.
2 Park Avenue
New York, NY 10016

    Re:    <u>United States v. Aafia Siddiqui</u>, 08 Cr. 826 (RJB)

Dear Ms. Cardi:

        Enclosed please find additional discovery in this matter. This discovery includes: (1) an examination report (1240); (2) additional information the defendant provided to Afghan law enforcement shortly after she was detained (which has been translated in draft form) (1252-53); (3) documents related to the defendant's drivers license application (1258-60); (4) arrest log (1262-66); (5) excerpts from an FBI interview report (1267); and eight additional documents provided by FMC Carswell. Please note that we expect to receive additional documents from FMC Carswell by the end of the week.

        In advance of the competency hearing/trial, the Government encloses reports of interviews of the defendant's son to FBI and Afghan officials. (labeled 1241-51). The defendant's maternal uncle, S.H. Faruqui, has indicated that since being transferred to the defendant's sister, the defendant's son has provided versions of his whereabouts over the last five years that differ from what is contained in the enclosed reports. In advance of the competency hearing/trial in this matter, the Government has also enclosed a statement from the defendant's ex-husband's father (1261).

        In addition, the Government informs you that during the course of representing the defendant's mother in 2003, Elaine Whitfield Sharp, Esq. indicated, in sum and substance, that the defendant's mother suffered from depression, dementia, and possibly bi-polar disorder. Ms Sharp also indicated – through an affidavit from the defendant's sister – that the defendant's mother may have taken medication for these purported ailments.

        Also enclosed are copies of records from the defendant's and her ex-husband's bank accounts in Boston, MA (B1-587). As is apparent from these records, the defendant may have been a patient at Brigham & Women's Hospital in Massachusetts in or about March 2000.

        All of these materials and information are provided in accordance with the terms of the Court's Protective Order signed on March 12, 2009. In addition, the enclosed translations are produced pursuant to the transcript/translation stipulation into which you previously entered. We will continue to provide discovery on a rolling basis. If you wish to inspect or review any of the evidence seized or obtained in this case, please contact either the undersigned and we will try and make arrangements for you to do so.

Dawn Cardi, Esq.
May 26, 2009
Page 2

## Disclosure by the Defendant

       In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

       The Government also requests that the defendant disclose prior statements of witnesses she will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

       We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

       We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

       The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

## Sentencing Reduction for Acceptance of Responsibility

       Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness, see U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, see U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty sufficiently in advance of trial.

Dawn Cardi, Esq.
May 26, 2009
Page 3

Please contact the undersigned at your earliest convenience concerning the possible disposition of this matter or any further discovery to which you believe you are entitled.

Very truly yours,

LEV L. DASSIN
Acting United States Attorney

By: _____

David Raskin
Christopher L. LaVigne
Assistant U.S. Attorneys
(212) 637-2635/2325