USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

AAFIA SIDDIQUI,

                Defendant.
------------------------------------------------------------X

**ORDER**

08 Cr. 826

This matter came before the Court on the Government's motion, with accompanying exhibits including declarations of Government officials (the "Government Submission"). The Government Submission was filed under seal, *ex parte*, and *in camera*, on August 16, 2010.[1]

The Government Submission seeks a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d) of the Federal Rules of Criminal Procedure, permitting it to withhold certain information from the defense in advance of sentencing which is scheduled for September 23, 2010. Following the Court's *ex parte in camera* careful inspection and review of the Government's Submission, and after considering the record in this case, this Court finds as follows:

(i) The Government Submission describes classified information (the "Classified Materials") that require protection against unauthorized disclosure. See 18 U.S.C. App. 3. The Classified Materials are described with particularity in the Government Submission.

(ii) The Government has properly invoked the state secrets privilege regarding the

---

[1] The Government previously made *ex parte, in camera* submissions to the Court relating to this motion on June 29, 2010 and July 19, 2010.

Classified Materials, the disclosure of which reasonably could be expected to cause serious (and/or exceptionally grave) damage to national security. See United States v. Aref, 533 F.3d 72 (2d Cir. 2008).

(iii) The Classified Materials may be disclosed to the defense only if they are at least relevant and helpful to the defense. "Where the government asserts a privilege, a trial court abuses its discretion if it orders disclosure absent a showing of materiality." United States v. Yunis, 867 F.2d 617, 622 (D.C. Cir. 1989) (internal citations and quotations omitted). The Classified Materials are not discoverable under this standard. Among other things, they are not exculpatory or material to the defense and they are, among other things, speculative, unreliable, and cover no new ground. See Sealed *Ex Parte* Transcript of proceedings held on July 13, 2010 at 7.

(iv) Even assuming, arguendo, that the Classified Materials met the test for disclosure set forth in United States v. Roviaro, 353 U.S. 53 (1957) - - which they do not - - the national security interests in protecting the Classified Materials far outweigh any possible relevance they may have. See, e.g., United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) ("Congress intended section 4 to clarify the court's powers under Fed.R.Crim.P. 16(d)(1) to deny or restrict discovery in order to protect national security.").

Accordingly, it is:

ORDERED that the Government's motion for a protective order pursuant to Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure permitting it to withhold discovery of the Classified Materials is hereby granted, and it is further,

ORDERED that the Government Submission is hereby sealed, and shall remain preserved

in the custody of the Court Security Officer Michael P. Macisso, or his successor or designee, in accordance with established court security procedures, until further order of this Court.

The sentencing will proceed as scheduled on September 23, 2010.

Dated: New York, New York
August 17, 2010

_____
**RICHARD M. BERMAN, U.S.D.J.**