USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9·13·10

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 9, 2010

By Hand and Facsimile

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Clerk to Docket
SO ORDERED:
RMB
RICHARD M. BERMAN U.S.D.J.
9/13/10

Re: United States v. Aafia Siddiqui,
    08 Cr. 826 (RMB)

Dear Judge Berman:

The Government respectfully writes in response to the Court's Order, dated September 7, 2010.[1] As the Court's Order notes, the Government took the position in its sentencing submission that Siddiqui faces a maximum sentence of life imprisonment, and a mandatory minimum consecutive sentence of ten years' imprisonment. Further, as articulated in its sentencing submission, it is the Government's position that the Sentencing Guidelines call for a sentence of life imprisonment on Counts One through Three, and Counts Five through Seven, followed consecutively by a mandatory minimum sentence of ten years' imprisonment on Count Four. As discussed in further detail below, although the Court may still sentence the defendant to a term of life imprisonment, it may not apportion the sentence among the seven counts of conviction in this fashion.

---

[1] The Government respectfully requests the Court's permission to submit this response in excess of the page limit set by the Court, given the complexity of the issue raised by the Court's Order.

Honorable Richard M. Berman
September 9, 2010
Page 2 of 5

The defendant was convicted of seven counts. Count One, attempting to kill United States nationals in violation of Title 18, United States Code, Section 2332(b), carries a statutory maximum penalty of 20 years' imprisonment. Count Two, attempting to kill United States officers and employees in violation of Title 18, United States Code, Section 1114, carries a statutory maximum penalty of 20 years' imprisonment. Count Three, armed assault of United States officers and employees in violation of Title 18, United States Code, Section 111(b), carries a statutory maximum penalty of 20 years' imprisonment. Count Four, discharging a firearm during a crime of violence in violation of Title 18, United States Code, Section 924(c), carries a statutory maximum penalty of life imprisonment. And Counts Five through Seven, assaulting United States officers and employees in violation of Title 18, United States Code, Section 111(a), each carries a statutory maximum penalty of eight years' imprisonment.[2]

For Counts One through Three, and Five through Seven, the applicable statutory maximum penalties are explicit in the statutory sections cited above. While the statutory maximum penalty for Count Four (924(c)) is not explicit in that statutory section, the law is clear that the applicable statutory maximum penalty is life imprisonment.[3] Moreover, any sentence

---

[2] The Government notes, with respect to Counts Five through Seven, that in its Pre-Sentence Report, the Probation Department stated that these counts each carry a statutory maximum penalty of 20 years' imprisonment. Pursuant to Title 18, United States Code, Section 111(a), however, each of these counts carries a statutory maximum penalty of eight years. The enhanced statutory maximum penalty of 20 years applies only when Section 111(b) is charged, as it was in Count Three.

[3] *See United States* v. *Farmer*, 583 F.3d 131, 151 (2d Cir. 2009); *United States* v. *Johnson*, 507 F.3d 793, 798 (2d Cir. 2007); *see also Harris* v. *United States*, 536 U.S. 545, 574 (2002) (Thomas, J., dissenting).

Honorable Richard M. Berman
September 9, 2010
Page 3 of 5

imposed on Count Four must run consecutive to any other term of imprisonment imposed on the other counts. Thus, the total maximum sentence allowed on all counts of conviction combined is a sentence of 84 years' imprisonment, to be followed by a consecutive term of life imprisonment.

As discussed in the Government's sentencing submission, at pages 44 through 50, the Guidelines sentence for a violation of Section 924(c) is the minimum term of imprisonment required by statute – in this case, a term of imprisonment of ten years, to run consecutive to any other term of imprisonment imposed on the other counts of conviction. U.S.S.G. § 2K2.4(b).

Although the applicable Guidelines range for Counts One through Three, and Counts Five through Seven, is life imprisonment, the sentencing court is necessarily constrained by the statutory maximum penalties that apply to these counts. As described above, the statutory maximum penalty for Counts One through Three, and Counts Five through Seven, taken together, is a term of 84 years' imprisonment. Section 5G1.2(d) of the Guidelines provides that where the highest statutory maximum penalty of the counts of conviction is less than the total punishment called for by the Guidelines, as it is in this case, then the sentences imposed on each count of conviction should be stacked, or made to run consecutively, to the extent necessary to produce a combined sentence equal to the total punishment. In this case, however, it is not possible to stack the maximum sentences that may legally be imposed for Counts One through Three, and Counts Five through Seven, so that the total punishment called for by the Guidelines – a term of life imprisonment – is achieved.

The Government's sentencing submission incorrectly stated that the Court could impose a sentence of life imprisonment followed by a consecutive term of ten years'

Honorable Richard M. Berman
September 9, 2010
Page 4 of 5

imprisonment. The above discussion makes clear that the sentence in this case cannot be apportioned among the counts of conviction in this manner without running afoul of the applicable statutory maximum sentences. However, to the extent the Court sought to impose a sentence of life imprisonment, consistent with the Guidelines, the Court could impose some term of years on Counts One through Three and Five through Seven, to be followed by a term of life imprisonment on Count Four, the only count of conviction which carries a maximum penalty of life imprisonment. For the reasons stated in its sentencing submission, the Government continues to believe that the defendant's conduct warrants a Guidelines sentence of life. Both the Guidelines and the applicable case law counsel that in cases involving multiple counts of conviction, the sentencing court should impose sentences on those counts of conviction with an eye towards achieving the "total punishment" called for by the Guidelines. *See* U.S.S.G. §§ 5G1.2(c) and (d); *United States* v. *McLeod*, 251 F.3d 78, 83 (2d Cir. 2001). The court can do so in a variety of ways, including by stacking consecutive statutory maximum sentences,[4] and by imposing more significant sentences on certain counts than might be called for by the Guidelines,

---

[4] *See McLeod*, 251 F.3d at 83 ("if the total punishment exceeds the statutory maximums on all counts, the sentences are imposed consecutively to the extent necessary to achieve the prescribed total punishment"); *United States* v. *Rahman*, 189 F.3d 88, 155 (2d Cir. 1999) ("If the total punishment called for by the Guidelines exceeds the statutory maximum for the count carrying the highest maximum, the judge imposes consecutive sentences, but only to the extent necessary to make the combined sentences on all counts equal to the targeted total punishment.").

Honorable Richard M. Berman
September 9, 2010
Page 5 of 5

in order to achieve that "total punishment," particularly where the court is otherwise limited by the statutory maximum penalties that apply to the other counts.[5]

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
     Christopher L. LaVigne
     Jenna M. Dabbs
     David M. Rody
     Assistant United States Attorneys
     (212) 637-2325/2212/2304

cc:    Defense Counsel (by facsimile and email)

---

[5] *See, e.g., United States v. Feola*, 275 F.3d 216, 219-220 (2d Cir. 2001) (permitting relevant conduct for one offense to enhance an aggregate sentence on multiple counts, where the statutory maximum applicable to that offense limited enhanced sentencing on that particular count, so long as the sentence imposed does not exceed the maximum sentence on any given count).