UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/13/14

-------------------------------------------------x

UNITED STATES OF AMERICA,          :

    -against-          :          Protective Order

AAFIA SIDDIQUI,          :          08 Cr. 826 (RMB)

    Defendant.          :

-------------------------------------------------x

WHEREAS, the defendant in this and every other criminal case has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, including the right to file a motion to vacate his or her sentence pursuant to 28 U.S.C. § 2255, and the Court seeks to ensure the fullest enjoyment of such rights;

WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS, the volume of discovery materials that the Government provided to the defendant is large and contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security;

WHEREAS, the defendant was represented both at trial and on appeal by *RMB*

Dawn M. Cardi, Esq.;

WHEREAS, the Court entered a Protective Order on March 12, 2009

regarding the handling of discovery materials by Dawn Cardi, Esq.;

WHEREAS, on or about August 11, 2009, additional trial counsel,

Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq.

("proposed counsel") moved to join Dawn Cardi, Esq. in representing the

defendant;

WHEREAS, the Court entered an additional Protective Order on

August 25, 2009, pursuant to Rule 16(d) of the Federal Rules of Criminal

Procedure, permitting proposed counsel to handle discovery materials in the

same manner as Dawn M. Cardi, Esq.;

WHEREAS, the Court entered a judgment of conviction and sentence

in this case on September 23, 2010, which was subsequently affirmed by the

United States Court of Appeals for the Second Circuit on November 15,

2012 (*See United States v. Siddiqui*, 699 F.3d 690 (2nd Cir. 2012);

WHEREAS, a petition for a writ of certiorari to the United States

Supreme Court was denied on May 13, 2013 (See *Siddiqui v. United States*,

No. 12-9651);

2

*Whereas, the Court understands that CJA counsel, including Dawn Cardi and Chad Edgar, no longer represent defendant in these matters;* **RMB**

WHEREAS, the defendant has retained Tina Foster, Esq. (SDNY Bar # TF5556) as her post-conviction counsel and executed a written release, dated October 18, 2013, authorizing Ms. Foster to obtain copies of all documents in defense counsel's files in relation to this matter;

WHEREAS, Ms. Foster ("post-conviction counsel") must review discovery materials in order to identify potential issues for, *inter alia*, a 28 U.S.C. § 2255 motion, which would have to be filed no later than May 13, 2014;

WHEREAS, post-conviction counsel has requested that Dawn M. Cardi, Esq., Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq. ("trial counsel") provide copies of all *discovery* documents maintained in their files in relation to this matter, including but not limited to materials that are covered by the above-referenced Protective Orders; **RMB**

THEREFORE, upon the application of Elaine Sharp, Esq.;

IT IS HEREBY ORDERED that trial counsel shall be permitted to provide copies of *discovery* materials covered by the above-referenced Protective **RMB** Orders to post-conviction counsel provided, however, that such materials provided to post-conviction counsel shall not be disseminated by post-conviction counsel to any individual or entity, other than: (i) the defendant

3

whom post-conviction counsel represents, subject to BOP regulations; (ii)

members of ~~the~~ *any* defense team for post-conviction counsel (co-counsel,     *RMB*

paralegals, investigators, translators, and secretarial staff); and (iii) any

experts retained to assist in the preparation of any post-conviction motion by

post-conviction counsel. Before receiving the *discovery* materials subject to this     *RMB*

Protective Order, each individual to whom disclosure of the materials is

made pursuant to the above provision shall be provided a copy of this

Protective Order by post-conviction counsel and shall be advised by post-

conviction counsel that he or she must *by their signature* comply with the terms of this     *RMB*

Protective Order;

IT IS FURTHER ORDERED that *discovery* materials received pursuant to this     *RMB*

Protective Order by the defendant, post-conviction counsel, or the

individuals described in the immediately preceding paragraph ("Recipients")

may not be shown to, read to, or summarized for, any person or entity other

than the Recipients – with the sole exception that *any* particular witness or     *RMB*

potential witness may be shown (but not given) particular items of material

pursuant to this Protective Order, if post-conviction counsel determines that

it is necessary to show those particular materials to the particular witness or

potential witness for the sole purpose of preparing any post-conviction

motion;

4

IT IS FURTHER ORDERED that all *discovery* materials subject to this ~~RMB~~

Protective Order are to be provided to *post conviction counsel* ~~the defense~~, and used by ~~the defense~~, ~~RMB~~

*such counsel* solely for the purpose of allowing the defendant to prepare any post-

conviction motion;

IT IS FURTHER ORDERED that none of the *discovery* materials subject to this ~~RMB~~

Protective Order produced by the Government to the defense shall be

disseminated to, shown to, or discussed with, the media;

IT IS FURTHER ORDERED that, subject to any additional protective

orders imposed by the Court, nothing in this Protective Order prohibits the

media from obtaining copies of materials that become public exhibits at a *ny* ~~RMB~~

~~conference, hearing, trial, or other~~ *Court* proceeding, and nothing in this Protective

Order prohibits the parties from discussing same with the media;

IT IS FURTHER ORDERED that nothing in this Protective Order in

any way releases counsel for the Government, post-conviction counsel, or

any of the Recipients, from the obligations of the "Free Press Fair Trial

Directives" of Local Rule 23.1 of the Local Criminal Rules of the Southern

District of New York;

IT IS FURTHER ORDERED that nothing in this Protective Order

shall preclude the Government from seeking a further protective order as to

particular materials (including discovery materials that become public

5

exhibits) pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure

or Section 3 of the Classified Information Procedures Act, Title 18, United

States Code, Appendix III;

IT IS FURTHER ORDERED that nothing in this Protective Order

shall preclude post-conviction counsel from entering into an agreement with

the Government, or seeking an order from this Court, excluding certain

specified materials from the scope of this Protective Order.

Dated: New York, New York
~~January~~___, 2014
**February 18, 2014**

Agreed to:

_____
Tina Foster, Esq.

SO ORDERED:

RMB
_____
HONORABLE RICHARD M. BERMAN
United States District Judge

6