UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                            08-CR-826 (RMB)

AAFIA SIDDIQUI,

        Defendant.

-------------------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the annexed declaration of ROBERT J. BOYLE dated May 8, 2014 and all prior proceedings heretofore had herein the undersigned will move this Court at a date and time to be determined by the Court for an order 1) permitting the defendant to file an unredacted copy of her 28 U.S.C. §2255 motion and memorandum in support under seal and *ex parte,* 2) permitting her to file redacted copies of the §2255 motion and memorandum of law in the public ECF file and 3) permitting defendant to file certain §2255 exhibits, currently under protective order, under seal and 4) granting such other and further relief as this Court

deems just and proper.

Dated: New York, New York　　　　　　Yours, etc
　　　　May 8, 2014

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　ROBERT J. BOYLE
　　　　　　　　　　　　　　　　　　351 Broadway
　　　　　　　　　　　　　　　　　　3rd floor
　　　　　　　　　　　　　　　　　New York, N.Y.  10013
　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　(212) 431-0229
　　　　　　　　　　　　　　　　　　Rjboyle55@gmail.com

TO: United States Attorney
　　　Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                       08-CR-826 (RMB)

AAFIA SIDDIQUI,

        Defendant.

-------------------------------------------------------------------X

ROBERT J. BOYLE, an attorney duly admitted to practice before this Court hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. Along with Tina Foster, Esq. I have been retained by the defendant Aafia Siddiqui to represent her in a motion pursuant to 28 U.S.C. §2255 to vacate her sentence.

2. That motion will be filed no later than May 13, 2014.

3. This declaration is respectfully submitted to request permission to file certain documents under seal and certain other documents filed under seal and, at least initially, *ex parte*.

4. Among the Exhibits that will be filed in support of the 28 U.S.C. §2255 motion are documents turned over by the government in discovery. Those documents are subject to a protective order that was most recently amended on February 13, 2014. Accordingly it is requested that any such exhibits be filed under seal subject to further order of the Court.

5. The discovery documents that will be used as Exhibits consist exclusively of the transcripts of monitored telephone conversations Dr. Siddiqui had while incarcerated pre-trial. All but two consist of conversations with her brother. The two remaining conversations are with the Pakistani consul. It is defendant's intention not to redact references to Dr. Siddiqui's conversations with her brother in the Motion and Memorandum of Law. However, the name of the consul with whom she spoke will be redacted in the Motion and Memorandum of Law subject to further order of the Court.

6. During the course of the instant proceedings, the Court held two conferences, portions of which were *ex parte*. They concerned, *inter alia*, Dr. Siddiqui's dissatisfaction with counsel (T. November 3, 2009, p. 9-70) and her desire to testify (T. January 28, 2010, p. 1578-1604). Both conferences disclosed matters covered by the attorney client privilege.

7. The §2255 motion itself and the memorandum of law in support substantively refer to, and in some instances quote from, those sealed *ex parte* proceedings.

8. It is therefore requested that Dr. Siddiqui be permitted to file an unredacted Motion and Memorandum of Law under seal and *ex parte* and file a copy containing redactions of matters that were conducted under seal and *ex parte* via ECF.

9. Defendant recognizes that to the extent the Motion may raise issues concerning the right to counsel and/or ineffective assistance of counsel, it may be appropriate to disclose those ex parte proceedings, or portions of them, to the government.

10. Defendant respectfully submits, however, that such disclosure should await an application by the government and a further order of the court.

WHEREFORE, it is respectfully requested that this Court issue an order:

    a. Permitting defendant to file exhibits that are subject to the existing protective order under seal;

    b. Permitting defendant to file an unredacted copy of her 28 U.S.C. 2255 motion and memorandum of law under seal and *ex parte*;

    c. Permitting defendant to file on ECF a copy of the 28 U.S.C. §2255 motion and memorandum of law that is redacted only to the extent of removing substantive references to conferences that were previously ordered sealed and conducted *ex parte*;

d. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 8, 2014

_____
ROBERT J. BOYLE