UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

AAFIA SIDDIQUI,

                    Defendant

08-cr-826 (RMB)

**Stipulated [Proposed]** *RMB*
**Protective Order**

WHEREAS, the Defendant in this and every other criminal case has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, including the right to file a motion to vacate his or her sentence pursuant to 28 U.S.C. § 2255, or a Motion for Sentence Reduction (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A), and the Court seeks to ensure the fullest enjoyment of such rights;

WHEREAS, the Government recognizes its obligation to provide such discovery materials *RMB* to the Defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS, the volume of discovery materials that the Government provided to the Defendant is large and contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security;

WHEREAS, the Court entered a Protective Order on March 12, 2009, regarding the handling of discovery materials by Dawn Cardi, Esq.;

WHEREAS, the Defendant was represented both at trial and on appeal by Dawn M. Cardi, Esq.;

1

WHEREAS, on or about August 11, 2009, additional trial counsel, Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq., moved to join Dawn Cardi, Esq. in representing the Defendant;

WHEREAS, the Court entered an additional Protective Order on August 25, 2009, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, permitting proposed counsel to handle discovery materials in the same manner as Dawn M. Cardi, Esq.;

WHEREAS, the Court entered a judgment of conviction and sentence in this case on September 23, 2010, which was subsequently affirmed by the United States Court of Appeals for the Second Circuit on November 15, 2012 (See *United States v. Siddiqui,* 699 F.3d 690 (2nd Cir 2012);

WHEREAS, a petition for a writ of certiorari to the United States Supreme Court was denied on May 13, 2013 (See *Siddiqui v. United States,* No. 12-9651);

WHEREAS, the Court understands that CJA counsel, Dawn M. Cardi, Esq., and Chad Edgar, Esq., no longer represent Defendant in these matters;

WHEREAS, on or about February 12, 2014, the Defendant retained Tina Foster, Esq., as her post-conviction counsel and executed a written release, dated October 18, 2013, authorizing Ms. Foster to obtain copies of all documents in defense counsel's files in relation to this matter;

WHEREAS, Ms. Foster ("2013 post-conviction counsel") needed to review discovery materials in order to identify potential issues for, *inter alia,* a 28 U.S.C. § 2255 motion, which would have to be filed no later than May 13, 2014;

WHEREAS, 2013 post-conviction counsel requested that Dawn M. Cardi, Esq., Charles Swift, Esq., Linda Moreno, Esq., and Elaine Whitfield Sharp, Esq. ("trial counsel") provide copies

2

of all discovery documents maintained in their files in relation to this matter, including but not

limited to materials that are covered by the above-referenced Protective Orders;

WHEREAS, this Court subsequently ordered that Tina Foster, Esq. be permitted access *RMB*

under the Protective Order to the materials held by Trial Counsel;

WHEREAS, Tina Foster, Esq. no longer represents the Defendant but has maintained *RMB*

custody of the materials in the case including materials covered by the Protective Order;

WHEREAS, the Defendant is now represented *pro bono* by Clive A. Stafford Smith, Esq.,

and Hassan E. Ansari, Esq. (together, the "2024 Post-Conviction Counsel");

WHEREAS, 2024 Post-Conviction Counsel have arranged to collect the protected

documents from Tina Foster, Esq. in a secure manner when authorized to by a new protective

order;

WHEREAS, Assistant United States Attorney Getzel Berger, Esq., has been assigned to

work on the case for the Government;

WHEREAS, the Court has directed counsel making this application to include a list of any

and all counsel involved or affected by a Protective Order in this case, along with each counsel's

current, updated contact information, and the requested information is attached herein as Exhibit

A;

WHEREAS, the parties, in the interest of facilitating discovery, request that the Court,

pursuant to its authority under Rule 16(d)(1) of the Federal Rules of Criminal Procedure enter the

stipulated Protective Order included below;

THEREFORE, upon the application of Clive Stafford Smith, Esq., and Hassan E. Ansari,

Esq., consented to by the undersigned Government's counsel, this Court ORDERS that all previous

counsel for the Defendant, including Tina Foster, Esq., shall be permitted to provide copies of

discovery materials covered by the above-referenced Protective Orders to 2024 Post-Conviction

Counter provided, however, that such materials provided to 2024 Post-Conviction Counsel shall

*Shared or*                                                                   *RMB*

not be disseminated by 2024 Post-Conviction Counsel to any individual or entity, other than: (i) the

Defendant whom post-conviction counsel represents, subject to BOP regulations; (ii) members of

any defense team for 2024 Post-Conviction Counsel *(Namely)* (co-counsel, paralegals, investigators,   *RMB*

translators, and secretarial staff); and (iii) any experts retained to assist in the preparation of any

post-conviction motion by 2024 Post-Conviction Counsel.

Before receiving the discovery materials subject to this Protective Order, each individual

to whom disclosure of the materials is made pursuant to the above provision*s* shall be provided a   *RMB*

copy of this Protective Order by 2024 Post-Conviction Counsel and shall be advised by 2024 Post-

Conviction Counsel that such person must by their signature comply with the terms of this

Protective Order;

IT IS FURTHER ORDERED that discovery materials received pursuant to this Protective

Order by the Defendant, 2024 Post-Conviction Counsel, or the individuals described in the

immediately preceding paragraph ("Recipients") may not be shown to, read to, or summarized for,

any person or entity other than the Recipients, with the sole exception that any particular witness

or potential witness may be shown (but not given) ~~particular~~ items of material pursuant to this   *RMB*

Protective Order, if Post-Conviction Counsel determines that it is necessary to show those

particular materials to the particular witness or potential witness for the sole purpose of preparing

any post-conviction motion;

IT IS FURTHER ORDERED that all discovery materials subject to this Protective Order

are to be provided to and used by 2024 Post-Conviction Counsel solely for the purpose of allowing

the Defendant to prepare any post-conviction motion or Motion for Compassionate Release;

Case 1:08-cr-00826-RMB   Document 344   Filed 10/30/24   Page 5 of 9

IT IS FURTHER ORDERED that hard copies of materials subject to this Protective Order *must be kept in a secure and safe space and* may not be taken out of the United States, nor may such materials be printed *or copied* outside the United States; *RMB* *RMB*

IT IS FURTHER ORDERED that none of the materials subject to this Protective Order produced by the Government to the defense shall be disseminated to, shown to, or discussed with, the media;

IT IS FURTHER ORDERED that, subject to any additional Protective Orders *which may be* imposed by *RMB* the Court, nothing in this Protective Order prohibits the media from obtaining copies of materials that become public exhibits at any court proceeding, and nothing in this Protective Order prohibits *RMB* the parties *hereto* from discussing the same with the media;

IT IS FURTHER ORDERED that nothing in this Protective Order in any way releases counsel for the Government or any of the Recipients, from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Southern District of New York;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude the Government from seeking a further Protective Order as to particular materials (including discovery materials that become public exhibits) pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure or Section 3 of the Classified Information Procedures Act, Title 18, United States Code, Appendix III;

IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude 2024 Post-Conviction Counsel from entering into an agreement with the Government, or seeking an order from this Court, excluding certain specified materials from the scope of this Protective Order.

IT IS FURTHER ORDERED that all prior counsel who have previously signed ~~the~~ a) *RMB*

protective order, and who are therefore still bound by it, are advised that they may discuss protected

information with 2024 Post-Conviction Counsel, should they wish, within the constraints of the

Protective Order.

FURTHER, all prior counsel who have previously signed ~~the~~ a protective order, and who are *RMB*

therefore still bound by it, are advised that they may discuss protected information with 2024 Post-

Conviction Counsel, should they wish, within the constraints of the Protective Order.

FURTHER, prior to any discussion that may involve protected information, 2024 Post-

Conviction Counsel, or those in their respective offices (and/or roles) who ~~have complied~~ are required to comply *RMB* with the provisions

above, shall provide to previous counsel a copy of this order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

*au thority and/or*

The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: New York, NY
        October 24, 2024

Agreed to:

For Defendant
*Aafia Siddiqui*

For the United States of America

DAMIAN WILLIAMS
United States Attorney

_____
Clive A. Stafford Smith, Esq.

By:

_____
Hassan E. Ansari, Esq.

_____
Getzel Berger, Esq.
Assistant United States Attorney

SO ORDERED:

_____
HONORABLE RICHARD M. BERMAN
United States District Judge

New York, NY
Dated: October 30, 2024

7

## EXHIBIT A

### LIST OF PREVIOUS DEFENSE COUNSEL WITH UPDATED INFORMATION

1. **Dawn Marcella Cardi, Esq.**
   Cardi & Edgar LLP
   99 Madison Avenue, 8th Fl.
   New York, NY 10016
   Phone: (212)-481-7770
   Fax: (212)-684-3008
   Email: dcardi@cardiedgarlaw.com

2. **Chad Lathrop Edgar, Esq.**
   Cardi & Edgar LLP
   99 Madison Avenue, 8th Fl.
   New York, NY 10016
   Phone: (212)-481-7770
   Fax: (212)-684-3008
   Email: cedgar@cardiedgarlaw.com

3. **Charles Davidson Swift, Esq.**
   Muslim Legal Defense Fund of America
   100 N. Central Expy, Ste. 1010
   Richardson, TX 75080
   Phone: (972) 331-9021
   Email: cswift@clcma.org

4. **Elaine Whitfield Sharp, Esq.**
   Whitfield Sharp & Sharp
   196 Atlantic Avenue
   Marblehead, MA 01945
   Phone: (781)-639-1862
   Email: elainesharp@sharplaw.net

5. **Linda Moreno, Esq.**
   Linda Moreno P.A.
   511 Avenue of the Americas, No. 312
   New York, NY 10011
   Phone: (813) 247-4500
   Email: lindamoreno.esquire@gmail.com

Case 1:08-cr-00826-RMB   Document 344-1   Filed 10/30/24   Page 9 of 9

6. **Tina Foster, Esq.**
   JustCause
   Telesca Center for Justice
   1 West Main St., 5th Fl.
   Rochester, NY 14614
   Phone: (585) 232-3051
   Fax: (585) 232-5103
   Email: tfoster@justcauseny.org

7. **Robert J. Boyle, Esq.**
   299 Broadway, Ste. 806
   New York, NY 10007
   Phone: (212) 431-0229
   Email: rjboyle55@gmail.com